UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 31  P 4: 11

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-10003-NMG |
| -v.- ) | |
| ) | |
| ARTHUR GIANELLI, ) | |
| DENNIS ALBERTELLI, ) | |
| FRANK IACABONI, and ) | |
| DEEB HOMSI ) | |
| ) | |
| Defendants. ) | |

U.S. DISTRICT COURT
DISTRICT OF MASS.

### GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Rule 116.6(B) of the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules"), the United States of America hereby makes this motion for this Court to enter a protective order with regard to all electronic surveillance and search warrant materials that the defendants, defense counsel, or anyone under the control of any defendant or defense attorney (collectively "the defense") receives from the government with regard to the above-captioned indictment and any superseders of that indictment that may be filed in the future ("this case").

In support of this motion, the government states:

1. The government is prepared to make extensive materials available to the defense in this case pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and Local Rules 116.1(C) and 116.2.

2. These materials include, *inter alia*, tape recordings and preliminary transcripts from court-authorized and consensual electronic surveillance, and authorizing orders, supporting affidavits, and related documentation ("electronic surveillance materials"); and materials seized pursuant to search warrants, and the search warrants, supporting affidavits, and related documentation ("search warrant materials").

3. The court-authorized electronic surveillance and search warrant materials were ordered sealed by the issuing judges and remain under seal. Moreover, the court-authorized

2

electronic surveillance also remains under a protective order in state court, where the electronic surveillance was authorized.

4. The electronic surveillance and search warrant materials that the government is prepared to produce to the defense in this case contain non-public information that is pertinent to ongoing investigations of serious crimes by other targets.

5. Premature public disclosure of those materials and information could severely jeopardize the ongoing investigations, alert targets that they are under investigation, induce targets to flee, and create serious risks to the safety of any cooperating witnesses, confidential informants, and law enforcement personnel who are or may be involved with the ongoing criminal investigations of other targets.

6. Accordingly, the government requests that this Court enter a protective order (a) directing that all electronic surveillance and search warrant materials that the defense receives from the government with regard to this case shall be used solely for good faith preparation for trial and defense of this case and shall not be used by the defense for any other purpose; (b) requiring the defense to hold securely all of the electronic surveillance and search warrant materials and copies, in locations not accessible to unauthorized third parties; (c) requiring the defense not to permit any third party to take, copy, or record in any way any of the electronic surveillance and search warrant materials, copies, or contents thereof; and (d) requiring that upon the conclusion of the participation in this case by any member or members of the defense, all the electronic surveillance and search warrant materials received from the government in this case, and all copies thereof, that are in the possession or under the control of that member or those members of the defense shall promptly be returned to the government.

3

A proposed order is attached to this motion.

                                                  Respectfully submitted,

                                                  MICHAEL J. SULLIVAN
                                                  United States Attorney

                                    By:  _____
                                        FRED M. WYSHAK, JR.
                                        MICHAEL L. TABAK
                                        Assistant U.S. Attorneys
                                        Telephone: (617) 748-3201; (617) 748-3203

                                        Date: January 31, 2005

## DECLARATION PURSUANT TO 28 U.S.C. §1746

I, Michael L. Tabak, Assistant United States Attorney, hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

                                        _____
                                        MICHAEL L. TABAK
                                        Assistant U.S. Attorney
                                        Telephone: (617) 748-3203

                                        Date: January 31, 2005