

U.S. Department of Justice

**Michael J. Sullivan**
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*
July 8, 2005

Hon. Nathaniel M. Gorton
United States District Judge
John Joseph Moakley United States Courthouse
Boston, Massachusetts 02210

### Re: United States v. Arthur Gianelli, Crim. No. 05-10003-NMG

Dear Judge Gorton:

Toward the end of yesterday's hearing, the Court invited the Government to submit proposed additional conditions that would apply during the period in which defendant Arthur Gianelli is temporarily released from custody for Achilles tendon surgery and recovery.

In addition to the conditions set forth in Chief Magistrate Judge Swartwood's July 6, 2005 order, the Government believes that the following conditions should be imposed:

1. Except for defendant Arthur Gianelli, his wife Mary Ann Gianelli, their son Michael Gianelli, and their daughter Marianne Gianelli, no person shall enter Gianelli's house except by prior approval of Pretrial Services, with sufficient prior notice to the government to give the government an opportunity to object.

2. The term "house arrest" in this matter shall be defined to restrict defendant Arthur Gianelli to the inside of his house.

3. Defendant Arthur Gianelli shall be directed by the Court to authorize all doctors and other personnel and facilities involved with his medical care to disclose to the government any information the government may seek about Gianelli's medical condition and treatment.

4. Defendant Arthur Gianelli's house shall be subject to search by the government (including by Massachusetts State Police working with the government on this case), at any time of day or night, to determine whether any condition of release has been violated.

The fact that the government recommends that the above additional conditions be imposed should not be interpreted by the Court or the defendant that the government believes that the defendant will abide by the conditions of release. In fact, the defendant has amply demonstrated that he will not abide by the conditions of his release, and the government submits that defendant's release on conditions contravenes the requirements of 18 USC §3148(b) which requires that "there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, **and that the person will abide by such conditions.**"

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:     *Michael R Tabak*

MICHAEL L. TABAK
FRED M. WYSHAK, JR.
Assistant U.S. Attorneys

cc:     Richard M. Egbert, Esq. (Fax: 617-737-8223; Confirm: 617-737-8222)
        99 Summer Street, Suite 1800
        Boston, MA 02110

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Richard M. Egbert, Esquire
99 Summer Street, Suite 1800
Boston, MA 02110

This 8 day of July, 2005,

JANICE E. BRACCINI