```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | NO. 05-10003-NMG |
| ARTHUR GIANELLI, ) | |
| ) | |
| Defendant, ) | |

ORDER
July 20 2005

**SWARTWOOD, C.M.J.**

On July 6, 2005, I issued an order granting Mr. Gianelli's motion for temporary release from pretrial detention while he undergoes surgery on his Achilles tendon which he injured while playing basketball at Wyatt Detention Center in Central Falls, Rhode Island ("Wyatt"), and during the period following the surgery until he is placed in a weight bearing cast or otherwise given medical clearance to walk while placing weight on that leg. I imposed certain conditions to apply during Mr. Gianelli's temporary release from pretrial detention. These new conditions were to be in addition to the release conditions that I had originally imposed on Mr. Gianelli on January 11, 2005.

On July 8, 2005, Judge Gorton issued an order that modified my July 6, 2005 order by imposing somewhat different conditions of release to supplement the release conditions that I had originally imposed on Mr. Gianelli on January 11, 2005.

Among the new conditions are:

"5) Gianelli and his wife, Mary Ann Gianelli, shall consent to an Order permitting the government to intercept and monitor all incoming and outgoing telephone calls.

"6) Gianelli shall consent to an Order authorizing all doctors and other personnel and facilities involved with his medical care to disclose to the government any information the government may seek about his medical condition and treatment.

"7) Gianelli and his wife shall consent to permitting the government (including Massachusetts State Police working with the government) to search the house at any time or day or night to determine whether any condition of release has been violated."

Based upon (a) the July 8, 2005 order by Judge Gorton, (b) a hearing held earlier today regarding implementation of that order, (c) the consent of defendant Arthur Gianelli and his wife Mary Ann Gianelli, and (d) Title 18, United States Code, Section 2511(2)(c), IT IS ORDERED THAT:

1.  The government (including Massachusetts State Police working with the government) is hereby authorized to intercept and monitor all incoming and outgoing telephone calls occurring over any and all telephones and/or telephone lines utilized at the

2

property at 420 Main Street, Lynnfield, Massachusetts, during the period of defendant Arthur Gianelli's temporary release from pretrial detention.

2. During the period of defendant Arthur Gianelli's temporary release from pretrial detention, within 24 hours of Mr. Gianelli's first consulting, seeing, or using a doctor or facility involved with his medical care, Mr. Gianelli or his counsel shall notify the government in writing of the name and contact information of every such doctor and facility involved with Mr. Gianelli's medical care.

3. All doctors and other personnel and facilities involved with defendant Arthur Gianelli's medical care during the period of Mr. Gianelli's temporary release from pretrial detention shall promptly disclose to the government any information the government may seek about Mr. Gianelli's medical condition and treatment.

4. The government (including Massachusetts State Police working with the government) is hereby authorized to search the house at 420 Main Street, Lynnfield, Massachusetts, at any time of day or night, during the period of defendant Arthur Gianelli's temporary release from pretrial detention, to determine whether any condition of release has been violated.

5. Before 12 noon on July 12, 2005, defendant Arthur Gianelli or his counsel shall provide to the government the dates of birth of Tim Petty, Joe Keene, Christina Stone, Brittany Lonero, and Christine DeLuca.

6. Defendant Arthur Gianelli shall abide by all other conditions of release (a) that I imposed on January 11, 2005 (including but not limited to the conditions that he not violate any federal, state, or local law, and that he have no direct or indirect contact with defendant Joseph Yerardi, Jr.) and (b) that Judge Gorton imposed in his July 8, 2005 order.

_____
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE