UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                      ) | Criminal No. 05-10003-NMG |
| ) | |
| ARTHUR GIANELLI           ) | |

**GOVERNMENT'S MOTION TO CONTINUE RESPONSE DATE TO
DEFENDANT ARTHUR GIANELLI'S MOTION TO DISMISS FOR 45 DAYS**

Defendant Arthur Gianelli has moved to dismiss the indictment against him.  His sole ground for doing so is that certain grand jury testimony he gave in 1993 under an immunity order precluded the government from indicting him here *nearly 12 years later*.  See Kastigar v. United States, 406 U.S. 441 (1972).

Because of the possibility that these allegations could ultimately require testimony from the prosecutors already handling this case, the undersigned has been assigned to respond to the Motion to Dismiss.  To do so, it will be necessary to become familiar with the details of two lengthy and complex investigations: (i) the investigation that began in or about 1991 and in which the defendant testified two years later (and in which substantial evidence of Gianelli's illegal activities was generated before he ever testified);[1] and (ii) the investigation

---

[1] See United States v. Catalano,  491 F.2d 268, 272 (2nd Cir. 1974) (affirming denial of Kastigar motion where prosecutor established that he had prior knowledge of substantially all the information covered in immunized testimony); United States v.

1

underlying the current case which produced indictments against Mr. Gianelli at least twelve years later (and which the government will demonstrate was based on sources independent of Mr. Gianelli). E.g., United States v. Overmyer, 899 F.2d 457, 462 (6th Cir. 1990)("In order to meet the burden of proof under Kastigar, the government must establish by a preponderance of the evidence that the evidence used against the defendant was obtained from a legitimate, independent source."); United States v. Smith, 580 F.Supp 1418, 1433 (D.N.J. 1984)("The requirements of Kastigar are not intended to be an insurmountable obstacle for federal prosecutors. A defendant may be prosecuted and convicted for illegal conduct, even if that conduct has been the subject of prior immunized testimony, so long as federal authorities do not use the immunized testimony in any way and the defendant is left in substantially the same position as if he had remained silent in the absence of a state grant of immunity").[2]

---

Provenzano, 620 F.2d 985 (3rd Cir.1980) ("[i]f the Government's documents conclusively demonstrate prior knowledge, we know of no reason why a [Kastigar] hearing must be held").

[2] This burden is unaffected by the fact that AUSA Wyshak was involved in both the 1991 and 2005 investigations. See United States v. Serrano, 870 F.2d 1, 17 (1st Cir. 1989) ("As do most courts, we do not think [that the Fifth Amendment's] purpose is automatically frustrated by the government's mere exposure to immunized testimony"); United States v. Caporale, 806 F.2d 1487, 1518 (11th Cir.1986) ("The focus of the inquiry under Kastigar ... is not whether the prosecutor was aware of the contents of the immunized testimony, but whether he used the testimony in any way to build a case against the defendant").

The government is requesting a 45 day continuance to respond to the Motion to Dismiss. The government believes that this period will be sufficient for it to consider how the motion should be addressed, see United States v. Dynalectric Co., 859 F.2d 1559, 1580 (11th Cir. 1988) ("an evidentiary hearing is not mandated for all Kastigar motions and that whether a hearing is necessary to properly resolve a Kastigar claim depends on the particular facts of the case) and when. See United States v. Helmsley, 941 F.2d 71, 80 (2d Cir.1991)(determination of defendant's pre-trial motion for a Kastigar hearing postponed until after the trial "at which time [Judge Walker] could determine with the benefit of trial evidence whether there was a sufficient nexus between the immunized testimony and the federal prosecution to warrant a hearing"); United States v. Fernandez, 2000 WL 1409738, *3 (S.D.N.Y. Sept.22, 2000)("It is the general practice in this Circuit to defer a [Kastigar] hearing until after trial. After the trial a court can better evaluate the Government's evidence and avoid disclosure of the Government's proof before trial."). Compare United States v. McDaniel, 482 F.2d 305 (8th Cir. 1973) (pretrial hearing ordinarily appropriate) and U.S. v. De Diego, 511 F.2d 818, 823 (D.C.Cir 1975) (court faced with Kastigar motion can hold hearings before, during, or after trial).

In further support of this motion, the undersigned states

that, in the last week he has been asked to assume responsibility for the trial of <u>United States v. Combs</u>, Criminal No. 05-10237-MLW which is presently scheduled to begin on March 27, 2006. The undersigned has also conferred with counsel for Defendant Gianelli who does not oppose the requested continuance.

Based on the foregoing, the government requests that the time within which it may respond to Defendant Gianelli's Motion to Dismiss be extended for 45 days.

>
> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:   /S/ John A. Wortmann, Jr.
>       JOHN A. WORTMANN, JR.
>       Assistant U.S. Attorney
>       One Courthouse Way
>       Boston, MA 02210
>       (617)748-3207