UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Crim. No. 05-10003-NMG |
| v. | ) |
| | ) Violations: |
| ARTHUR GIANELLI, | ) 18 USC 1962(c); 1962(d); 1963; |
| JOSEPH YERARDI, JR., | ) 371; 844(h)(1); 844(i); 892(a); |
| DENNIS ALBERTELLI A/K/A "FISH," | ) 894(a)(1); 981; 982; 1084; |
| PHILIP PUOPOLO, | ) 1512(b)(1); 1951; 1952(a)(3); 1955; |
| SALVATORE RAMASCI A/K/A "LEFTY," | ) 1956(a)(1)(A)(i); 1956(a)(1)(B)(i); |
| FRANK IACABONI, | ) 1956(h); and 2; |
| RANDY ALBERTELLI, | ) 26 USC 7206(1); and |
| STEPHEN RUSSO A/K/A "MOON," | ) 31 USC 5324(a) |
| MICHAEL PINIALIS A/K/A "MAX," | ) |
| ENEYDA GONZALEZ RODRIGUEZ, | ) |
| MARY ANN GIANELLI, | ) |
| GISELE ALBERTELLI, and | ) |
| RAFIA FEGHI A/K/A RAFIA YERARDI, | ) |
| | ) |
| Defendants. | ) |

## SECOND SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY in and for the District of Massachusetts charges

that:

### COUNT ONE
(Racketeering Conspiracy)

#### THE ENTERPRISE

1.    From in or before 1999 and continuing through the date of this indictment, within the

District of Massachusetts and elsewhere, the defendants, **ARTHUR GIANELLI, JOSEPH**

**YERARDI, JR., DENNIS ALBERTELLI A/K/A "FISH," PHILIP PUOPOLO, SALVATORE**

**RAMASCI A/K/A "LEFTY," FRANK IACABONI, RANDY ALBERTELLI, STEPHEN**

**RUSSO A/K/A "MOON," MICHAEL PINIALIS A/K/A "MAX," ENEYDA GONZALEZ**

**RODRIGUEZ, MARY ANN GIANELLI, GISELE ALBERTELLI, and RAFIA FEGHI A/K/A**

**RAFIA YERARDI,** and others known and unknown to the grand jury, including, among others, co-racketeers Tony Daniels, Deeb Homsi, Todd Westerman, and Weshtod Consultants a/k/a Weshtod Consultores S.A., were members and associates of a criminal organization (hereinafter the "Gianelli Group") whose members and associates associated together and with others for the purpose of, among other things, earning money through illegal gambling activities, loansharking, extortion, money laundering, and committing crimes of violence including arson.

2.    The Gianelli Group, including its leadership, membership, and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce. The Gianelli Group affected interstate and foreign commerce by, among other things, the use of an offshore internet gambling site and a toll-free "800" number located in San Jose, Costa Rica, the extortion of individuals and entities whose activities affected interstate commerce, the control and operation of businesses affecting interstate commerce, the use of financial institutions affecting interstate commerce, and travel in interstate commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.    At times material to the allegations contained in this indictment:

a.    The defendant **ARTHUR GIANELLI** was the leader of the Gianelli Group. In that capacity, **ARTHUR GIANELLI** was responsible for the overall management of the group's criminal activities including the operation of several illegal gambling businesses and the laundering of the proceeds of those illegal gambling businesses by investing the proceeds in otherwise

legitimate businesses and by engaging in loansharking. One of the illegal gambling businesses operated by the Gianelli Group was a sports betting business. A second gambling business operated by the Gianelli Group involved the illegal use of electronic gaming machines. A third illegal gambling business operated by members and associates of the enterprise involved the sale, distribution, and use of "football cards." **ARTHUR GIANELLI** and other members of the Gianelli Group attempted to gain control of certain business through extortion.

b.      The defendant **JOSEPH YERARDI, JR.** was convicted in 1995 of racketeering and related offenses including the operation of an illegal gambling business. As a result, **YERARDI** was incarcerated from approximately January 1995 through February 2005 except for a short period of time between approximately September 8, 2004 and approximately November 9, 2004. Despite his incarceration, **YERARDI** played a significant role in the management of the Gianelli Group's affairs by maintaining frequent contacts with members and associates of the enterprise. While **YERARDI** was incarcerated, the defendant **GIANELLI** operated **YERARDI's** gambling business and forwarded some of the proceeds of that illegal activity to **YERARDI** and **YERARDI's** wife, the defendant **RAFIA FEGHI A/K/A RAFIA YERARDI**.

c.      The defendant **DENNIS ALBERTELLI A/K/A "FISH"** managed the sports betting business for **GIANELLI**. **ALBERTELLI** also acted as an agent for the sports betting business, *i.e.*, **ALBERTELLI** had his own customers and collected a commission from the business if his customers lost money. **ALBERTELLI** also assisted **GIANELLI** in the operation of an illegal electronic gaming machine business. **ALBERTELLI** also operated an illegal gambling business involving the use and distribution of football cards. **ALBERTELLI's** son, the defendant **RANDY**

**ALBERTELLI,** and **ALBERTELLI'**s wife, the defendant **GISELE ALBERTELLI,** also participated in the operation of this illegal football card business.

d.      The defendant **PHILIP PUOPOLO** engaged in illegal bookmaking and loansharking with other members of the Gianelli Group. **PUOPOLO** operated a sports betting office and acted as an agent for the defendant **ARTHUR GIANELLI** utilizing the offshore internet gambling site and the toll-free "800" number located in San Jose, Costa Rica. **PUOPOLO** also illegally operated electronic gaming machines at the Revere Businessmen's Association ("RBA"). He also attempted to persuade certain witnesses to provide false testimony.

e.      The defendant **SALVATORE RAMASCI A/K/A "LEFTY"** acted as a bookkeeper for the Gianelli Group's illegal sports betting business. **RAMASCI** coordinated the collection of money due to the gambling business and the payout of money owed by the gambling business. **RAMASCI** also participated in the distribution of proceeds of this illegal gambling business to other members of the conspiracy including the defendants **JOSEPH YERARDI, JR.** and **RAFIA FEGHI.**

f.      The defendant **FRANK IACABONI** was a close associate of the defendant **DENNIS ALBERTELLI. IACABONI** was a longtime bookmaker who participated in the Gianelli Group's sports betting business and the illegal football card business managed by **ALBERTELLI**. **IACABONI** also conspired with members of the Gianelli Group to damage a building by a fire or explosion when the owner of one of the businesses located in the building became involved in a dispute with members of the Gianelli Group.

g.      The defendant **RANDY ALBERTELLI** participated in the Gianelli Group's illegal sports betting business. **RANDY ALBERTELLI** acted as an agent for the sports betting

business, *i.e.*, he had customers who placed bets with the business and he collected a commission on those bets. In that capacity, **RANDY ALBERTELLI** collected money owed by bettors to the Gianelli Group and paid money owed to bettors. **RANDY ALBERTELLI** also participated in an illegal football card business managed by his father, the defendant **DENNIS ALBERTELLI.**

h.    The defendant **STEPHEN RUSSO A/K/A "MOON"** managed the sports betting office operated by the defendant **PHILIP PUOPOLO** and participated in illegal bookmaking with other members of the Gianelli Group.

i.    The defendant **MICHAEL PINIALIS A/K/A "MAX,"** in conjunction with co-racketeer Todd Westerman and the defendant **ENEYDA GONZALEZ RODRIGUEZ,** operated co-racketeer Weshtod Consultants a/k/a Weshtod Consultores S.A., which ran an offshore gambling office in San Jose, Costa Rica. That office provided a toll-free "800" number for the Gianelli Group so that bettors inside the District of Massachusetts could place their bets over the telephone with the offshore office. The defendants **PINIALIS** and **GONZALEZ RODRIGUEZ**, and co-racketeers Westerman and Weshtod also provided an internet site for the Gianelli Group's sports betting business so that bettors could place their bets over the internet. This internet site was accessed by bettors in the District of Massachusetts and elsewhere through the web address DukeSportsweb.com.

j.    The defendant **ENEYDA GONZALEZ RODRIGUEZ** is the wife of the defendant **MICHAEL PINIALIS A/K/A "MAX"** and was the secretary of co-racketeer Weshtod Consultants a/k/a Weshtod Consultores S.A. She assisted the defendant **PINIALIS** and co-racketeer Westerman in the operation of co-racketeer Weshtod and its offshore gambling office in San Jose, Costa Rica.

k.    The defendant **MARY ANN GIANELLI** is the wife of the defendant **ARTHUR GIANELLI**. She engaged in laundering proceeds of the Gianelli Group's illegal businesses, and knowingly filed materially false federal income tax returns that were intended to disguise the true nature of the reported income and create the incorrect impression that she had a lawful source of income during the tax years in question. She also engaged in illegally structured cash transactions in an attempt to avoid having reports of her cash transactions filed with the government.

l.    The defendant **GISELE ALBERTELLI** is the wife of the defendant **DENNIS ALBERTELLI** and the mother of the defendant **RANDY ALBERTELLI. GISELE ALBERTELLI** participated in laundering proceeds of the Gianelli Group's sports betting business. **GISELE ALBERTELLI** also participated in the illegal football card business managed by the defendant **DENNIS ALBERTELLI**.

m.    The defendant **RAFIA FEGHI A/K/A RAFIA YERARDI** is the wife of the defendant **JOSEPH YERARDI, JR. FEGHI** was involved as a witness in litigation in federal court in matters surrounding the criminal activities of the defendant **JOSEPH YERARDI, JR.** including matters related to bail and forfeiture. **FEGHI** knowingly received proceeds generated from the criminal activities of the Gianelli Group which acted as a caretaker for the defendant **JOSEPH YERARDI, JR.**'s criminal affairs. **FEGHI** engaged in assorted schemes to conceal the true source of these proceeds including laundering some proceeds through the bank account of her first husband, Yousef Bina.

n.    Co-racketeer Tony Daniels a/k/a "Sonny" participated in the operation of the Gianelli Group's sports betting business. Daniels acted as the liaison between the Gianelli Group

and the operators of an offshore gambling office in San Jose, Costa Rica utilized by the Gianelli Group. Daniels laundered proceeds of the Gianelli Group's sports betting business through several bank accounts including a bank account in the British West Indies in order to pay the operators of the offshore gambling office for services they provided to the Gianelli Group.

o.    Co-racketeer Todd Westerman, president of co-racketeer Weshtod Consultants a/k/a Weshtod Consultores S.A., operated an offshore gambling office in San Jose, Costa Rica.

p.    Co-racketeer Weshtod Consultants a/k/a Weshtod Consultores S.A., operated an offshore gambling office in San Jose, Costa Rica.

q.    Co-racketeer Deeb Homsi was a close associate of the defendant **DENNIS ALBERTELLI. ALBERTELLI** used Homsi to provide "muscle" to assist **ALBERTELLI** in the collection of unlawful debts. Homsi also conspired with members of the Gianelli Group to damage a building by a fire or explosion when the owner of one of the businesses located in the building became involved in a dispute with members of the Gianelli Group.

## GOALS AND PURPOSES OF THE ENTERPRISE

4.    The primary goals and purposes of the Gianelli Group included the following:

a.    Generating money for members and associates of the enterprise through illegal gambling activities, loansharking, the collection of unlawful debts, and extortion.

b.    Laundering the proceeds of the aforementioned criminal activity for distribution to members and associates of the enterprise.

c.    Engaging in the use of threats of violence and other methods of intimidation including arson to achieve the goals of the enterprise.

### MEANS AND METHODS OF THE ENTERPRISE

5.    To further their goal of generating money for the enterprise, members and associates of the Gianelli Group operated several illegal gambling businesses, loaned money at usurious rates, and invested the proceeds of their illegal activities in otherwise legitimate businesses.

6.    The Gianelli Group associated itself with certain members of organized crime including members of the New England Family of La Cosa Nostra. This relationship enhanced the Gianelli Group's ability to operate the Group's criminal businesses. This relationship also protected the members and associates of the Gianelli Group from encroachment by other criminal competitors. The leaders of the Gianelli Group made payments to certain members of the New England Family of La Cosa Nostra for the "right" to operate their criminal businesses. These payments are colloquially known as "tribute" or "rent."

7.    Members and associates of the Gianelli Group engaged in financial transactions with the proceeds of the Gianelli Group's criminal activities, many of which were designed, in whole or in part, to disguise the nature and sources of those proceeds and the relationships of members and associates of the Gianelli Group to those assets, and to shield those proceeds from seizure and forfeiture by law enforcement authorities. For example, members and associates of the Gianelli Group purchased postal money orders that were used in part to transfer proceeds of the Gianelli Group's illegal gambling activities to the defendant **JOSEPH YERARDI, JR.** and **YERARDI's** wife, the defendant **RAFIA FEGHI A/K/A RAFIA YERARDI** and to pay personal expenses of the defendants **ARTHUR GIANELLI** and **MARY ANN GIANELLI.**

8.    Members and associates of the Gianelli Group infiltrated otherwise legitimate businesses and attempted to gain control of those businesses. They also used these businesses as

vehicles to engage in money laundering schemes. Further, members and associates of the Gianelli Group used threats of force and intimidation including arson to attempt to gain ownership and control of the aforementioned businesses. The businesses thus affected included the following:

       a.      Ben-Cor LLC d/b/a McCarthy's Bar and Grille, located at 903 Boylston Street in Boston, Massachusetts.

       b.      21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon, located at 21 Merchants Row in Boston, Massachusetts.

       c.      The Canine Entertainment Corp. d/b/a The Big Dog Sports Grille, located at 325 Broadway in Lynnfield, Massachusetts.

       9.      Similarly, members and associates of the Gianelli Group operated businesses engaged in legitimate business activities that were used to launder some of the proceeds of the Gianelli Group's illegal activities.

       10.      A part of the proceeds of the enterprise's illegal sports betting business was laundered to make it appear as though defendant **MARY ANN GIANELLI**, wife of the defendant **ARTHUR GIANELLI**, had a legitimate source of income. The defendants **ARTHUR GIANELLI, MARY ANN GIANELLI, DENNIS ALBERTELLI,** and **GISELE ALBERTELLI** engaged in an elaborate scheme to cause Dennele Transportation and Forge Village Transportation, two trucking companies with which the defendants **DENNIS ALBERTELLI** and **GISELE ALBERTELLI** were associated, to issue checks for services performed by **MARY ANN GIANELLI** when no such services were, in truth and fact, provided. The principals of Dennele Transportation and Forge Village Transportation were reimbursed with cash payments from the proceeds of the Gianelli Group's illegal sports betting business.

## THE RACKETEERING CONSPIRACY

11.     From in or before 1999 and continuing through the date of this indictment, both dates

being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,
JOSEPH YERARDI, JR.,
DENNIS ALBERTELLI A/K/A "FISH,"
PHILIP PUOPOLO,
SALVATORE RAMASCI A/K/A "LEFTY,"
FRANK IACABONI,
RANDY ALBERTELLI,
STEPHEN RUSSO A/K/A "MOON,"
MICHAEL PINIALIS A/K/A "MAX,"
ENEYDA GONZALEZ RODRIGUEZ,
MARY ANN GIANELLI,
GISELE ALBERTELLI, and
RAFIA FEGHI A/K/A RAFIA YERARDI,**

and others known and unknown to the grand jury, including, among others, co-racketeers Tony

Daniels, Deeb Homsi, Todd Westerman, and Weshtod Consultants a/k/a Weshtod Consultores S.A.,

being persons employed by and associated with the Gianelli Group, which enterprise engaged in, and

whose activities affected, interstate and foreign commerce, did knowingly and intentionally conspire,

confederate and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct

and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern

of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and

1961(5) as described in paragraphs 13 through 44 and through the collection of unlawful debt as set

forth in paragraph 45.

12.     It was part of the conspiracy that each defendant agreed that a conspirator would

commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

## RACKETEERING ACT NUMBER ONE
### (Illegal Gambling Business - Sports Betting)

13.     From in or before 1999 and continuing at least until in or about April 2005, in the

District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, JOSEPH**

**YERARDI, JR., DENNIS ALBERTELLI A/K/A "FISH," PHILIP PUOPOLO, SALVATORE**

**RAMASCI A/K/A "LEFTY," FRANK IACABONI, RANDY ALBERTELLI, STEPHEN**

**RUSSO A/K/A "MOON," MICHAEL PINIALIS A/K/A "MAX," ENEYDA GONZALEZ**

**RODRIGUEZ,** aided and abetted by others known and unknown to the grand jury, including

co-racketeers Tony Daniels, Todd Westerman, and Weshtod Consultants, conducted, financed,

managed, supervised, directed, and owned all or part of an illegal gambling business to wit: a sports

betting business which constituted a violation of the laws of the Commonwealth of Massachusetts

(Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the Commonwealth of

Massachusetts) which involved five or more persons who conducted all or part of such business and

which had been in substantially continuous operation for a period in excess of thirty days and had

a gross revenue of $2,000 in any single day in violation of Title 18, United States Code, Sections

1955 and 2.

## RACKETEERING ACT NUMBER TWO
### (Illegal Gambling Business - Electronic Gaming Machines)

14.     From in or before 1999 and continuing at least until in or about June 2006, in the

District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, MARY ANN**

**GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A**

**"LEFTY,"** and **PHILIP PUOPOLO**, aided and abetted by others known and unknown to the grand

jury, conducted, financed, managed, supervised, directed, and owned all or part of an illegal

gambling business to wit: the illegal operation of electronic gaming machines which constituted a violation of the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts) which involved five or more persons who conducted all or part of such business and which had been in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day in violation of Title 18, United States Code, Sections 1955 and 2.

### RACKETEERING ACT NUMBER THREE
(Illegal Gambling Business - Football Cards)

15.    From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants **DENNIS ALBERTELLI A/K/A "FISH," RANDY ALBERTELLI, GISELE ALBERTELLI, ARTHUR GIANELLI,** and **FRANK IACABONI,** aided and abetted by others known and unknown to the grand jury, conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business to wit: a football card business which constituted a violation of the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts) which involved five or more persons who conducted all or part of such business and which had been in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day in violation of Title 18, United States Code, Sections 1955 and 2.

## RACKETEERING ACT NUMBER FOUR
(Use of Wire Communication Facility - Telephone)

16.     In or about and between July 2003 and April 2005, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI A/K/A "FISH," PHILIP PUOPOLO, SALVATORE RAMASCI A/K/A "LEFTY," RANDY ALBERTELLI, STEPHEN RUSSO A/K/A "MOON," MICHAEL PINIALIS A/K/A "MAX,"** and **ENEYDA GONZALEZ RODRIGUEZ,** aided and abetted by others known and unknown to the Grand Jury, including co-racketeers Tony Daniels, Todd Westerman, and Weshtod Consultants, being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, namely, the defendants provided the use of a toll-free telephone line to an offshore gaming office located in San Jose, Costa Rica for the purpose of placing wagers on sporting events in violation of Title 18, United States Code, Sections 1084 and 2.

## RACKETEERING ACT NUMBER FIVE
(Use of Wire Communication Facility - Internet)

17.     In or about and between July 2003 and April 2005, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI A/K/A "FISH," PHILIP PUOPOLO, SALVATORE RAMASCI A/K/A "LEFTY," RANDY ALBERTELLI, STEPHEN RUSSO A/K/A "MOON," MICHAEL PINIALIS A/K/A "MAX,"** and **ENEYDA GONZALEZ RODRIGUEZ,** aided and abetted by

others known and unknown to the Grand Jury, including co-racketeers Tony Daniels, Todd Westerman, and Weshtod Consultants, being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, namely, the defendants provided an internet site located in San Jose, Costa Rica for the purpose of placing wagers on sporting events in violation of Title 18, United States Code, Sections 1084 and 2.

## RACKETEERING ACT NUMBER SIX
(Money Laundering Conspiracy)

18.     From in or before 1999 and continuing at least until in or about June 2006, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity in violation of Section 1956(h) of Title 18 of the United States Code.

a.      It was a part of the conspiracy that the defendants **ARTHUR GIANELLI,** **DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **RAFIA FEGHI** **A/K/A RAFIA YERARDI** in the form of cash and postal money orders. These postal money orders aggregated approximately $114,600.

b.      It was a part of the conspiracy that the defendants **ARTHUR GIANELLI,** **DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **JOSEPH** **YERARDI, JR.** in the form of postal money orders deposited into **YERARDI's** prison "canteen" account. Other postal money orders which represented proceeds of the illegal gambling business were sent to prison canteen accounts of other inmates designated by **YERARDI.** Further, postal money orders which represented proceeds of the illegal gambling business were forwarded at **YERARDI's** direction to other members of **YERARDI's** family. These postal money orders aggregated approximately $74,300.

c.      It was a part of the conspiracy that the defendants **ARTHUR GIANELLI,** **DENNIS ALBERTELLI, GISELE ALBERTELLI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **ARTHUR GIANELLI** by exchanging cash for checks payable to **ARTHUR GIANELLI's** wife, the defendant **MARY** **ANN GIANELLI**. The checks were drawn on the business accounts of two businesses with which the defendants **DENNIS ALBERTELLI** and **GISELE ALBERTELLI** were associated. The checks were drawn to make it appear as though **MARY ANN GIANELLI** had a legitimate source

of income and that the payments to **MARY ANN GIANELLI** were legitimate business expenses. These checks aggregated approximately $238,335.

      d.      It was a part of the conspiracy that, at the direction of the defendant **ARTHUR GIANELLI,** co-racketeer Dennis Jenks a/k/a "Butch" distributed cash proceeds from the illegally operated electronic gaming machine business to the defendant **MARY ANN GIANELLI**, who converted such proceeds into postal money orders and Western Union money orders that were used for various purposes.

      e.      It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** co-racketeer Tony Daniels, and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendants **MICHAEL PINIALIS** and **ENEYDA GONZALEZ RODRIGUEZ,** and to co-racketeers Todd Westerman and Weshtod Consultants. Co-racketeer Tony Daniels converted cash proceeds of the illegal gambling business to bank checks which he forwarded to Cypress Escrow located in Nevis, West Indies to pay the defendants **MICHAEL PINIALIS** and **ENEYDA GONZALEZ RODRIGUEZ,** and co-racketeers Todd Westerman and Weshtod Consultants for services provided to the Gianelli Group. These checks aggregated approximately $37,419.

      f.      It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, invested proceeds of the illegal gambling business in The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille and The Big Dog Realty Trust. This investment was made through payments in cash and checks used for multiple purposes related to the business of The Big Dog Sports Grille. The cash and checks aggregated approximately $705,700.

g.    It was a part of the conspiracy that the defendant **ARTHUR GIANELLI,** and others known and unknown to the grand jury, invested proceeds of the illegal gambling business in Sports Zone, Inc. This investment was made through payments in cash and checks used for multiple purposes related to the business of Sports Zone, Inc. The cash and checks aggregated approximately $200,000.

h.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to **ARTHUR GIANELLI**'s paramour Daniele Mazzei in the form of cash and postal money orders. The postal money orders aggregated approximately $25,600.

i.    It was a part of the conspiracy that the defendant **ARTHUR GIANELLI,** and others known and unknown to the grand jury, deposited proceeds of the illegal gambling business into Sovereign Bank account number 41004947572 held in the name of Christine A. Leone d/b/a C&L Management. **GIANELLI** used this account to pay his personal expenses among other things. Cash deposited into this account aggregated approximately $106,890.

### RACKETEERING ACT NUMBER SEVEN
(Money Laundering - Rafia Feghi)

19.    The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act Number Seven.

a.    From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

**JOSEPH YERARDI, JR.,** and **RAFIA FEGHI A/K/A RAFIA YERARDI** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

                    b.        From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and **RAFIA FEGHI A/K/A RAFIA YERARDI**, aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the purchase and negotiation of postal money orders in the approximate aggregate amount of $77,000 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | Date       | Amount     | Serial Number | Payee                |
|------|------------|------------|---------------|----------------------|
| (1)  | 8/31/2002  | $1,000.00  | 4906103477    | Belmont Hill School  |
| (2)  | 9/8/2002   | $1,000.00  | 5993558616    | American Express     |
| (3)  | 9/11/2002  | $1,000.00  | 5993562317    | American Express     |
| (4)  | 9/18/2002  | $1,000.00  | 4906105852    | FCNB                 |
| (5)  | 9/27/2002  | $1,000.00  | 5017442365    | Archstone Bearhill   |
| (6)  | 9/28/2002  | $1,000.00  | 4906109520    | Belmont Hill School  |
| (7)  | 9/28/2002  | $1,000.00  | 4906109542    | Belmont Hill School  |
| (8)  | 10/10/2002 | $1,000.00  | 5017270713    | MBNA America         |
| (9)  | 10/25/2002 | $1,000.00  | 4906106662    | American Express     |
| (10) | 10/31/2002 | $1,000.00  | 4906119341    | American Express     |
| (11) | 11/8/2002  | $1,000.00  | 5019283203    | Belmont Hill School  |
| (12) | 11/8/2002  | $1,000.00  | 5019283192    | Belmont Hill School  |
| (13) | 11/16/2002 | $1,000.00  | 5017194900    | FCNB                 |
| (14) | 11/19/2002 | $1,000.00  | 4627804230    | American Express     |
| (15) | 11/25/2002 | $1,000.00  | 5019319618    | American Express     |
| (16) | 12/5/2002  | $1,000.00  | 5246731271    | American Express     |
| (17) | 12/10/2002 | $1,000.00  | 5246731495    | American Express     |
| (18) | 12/10/2002 | $1,000.00  | 5019295105    | Belmont Hill School  |
| (19) | 12/10/2002 | $1,000.00  | 5019295116    | Belmont Hill School  |
| (20) | 12/21/2002 | $1,000.00  | 4906124302    | Rafia Feghi          |
| (21) | 12/24/2002 | $1,000.00  | 5254609151    | American Express     |
| (22) | 12/30/2002 | $1,000.00  | 5254608745    | American Express     |
| (23) | 1/9/2003   | $1,000.00  | 5017066762    | American Express     |
| (24) | 1/16/2003  | $1,000.00  | 5254709692    | Belmont Hill School  |
| (25) | 1/16/2003  | $1,000.00  | 5254709681    | Belmont Hill School  |
| (26) | 1/27/2003  | $1,000.00  | 5013507003    | American Express     |
| (27) | 2/6/2003   | $1,000.00  | 5013505473    | American Express     |
| (28) | 2/11/2003  | $1,000.00  | 5254623246    | Yossef Bina          |
| (29) | 2/19/2003  | $1,000.00  | 5254614551    | Yossef Bina          |
| (30) | 2/25/2003  | $1,000.00  | 5246747482    | American Express     |
| (31) | 2/25/2003  | $1,000.00  | 5013513540    | Belmont Hill School  |
| (32) | 2/25/2003  | $1,000.00  | 5013513551    | Belmont Hill School  |
| (33) | 3/12/2003  | $1,000.00  | 5013516205    | American Express     |
| (34) | 3/18/2003  | $1,000.00  | 5255791481    | Yossef Bina          |
| (35) | 3/27/2003  | $1,000.00  | 5254646411    | Rafia Feghi          |
| (36) | 4/2/2003   | $1,000.00  | 5254626194    | Belmont Hill School  |
| (37) | 4/2/2003   | $1,000.00  | 5254626205    | Belmont Hill School  |
| (38) | 4/8/2003   | $1,000.00  | 5256529097    | Rafia Feghi          |
| (39) | 4/14/2003  | $1,000.00  | 5013520233    | Belmont Hill School  |
| (40) | 4/14/2003  | $1,000.00  | 5013520244    | Green Point Mortgage |
| (41) | 4/16/2003  | $1,000.00  | 5666179353    | Belmont Hill School  |

| | | | | |
|---|---|---|---|---|
| (42) | 4/22/2003 | $1,000.00 | 5666183638 | Green Point Mortgage |
| (43) | 4/30/2003 | $1,000.00 | 5666187150 | Rafia Feghi |
| (44) | 5/6/2003 | $1,000.00 | 5559229484 | American Express |
| (45) | 5/23/2003 | $1,000.00 | 5666940551 | Green Point Mortgage |
| (46) | 5/27/2003 | $1,000.00 | 5666515773 | Rafia Feghi |
| (47) | 6/7/2003 | $1,000.00 | 5667307110 | American Express |
| (48) | 6/12/2003 | $1,000.00 | 5666179948 | American Express |
| (49) | 6/20/2003 | $1,000.00 | 5666523884 | Fidelity |
| (50) | 6/26/2003 | $1,000.00 | 5666185563 | Fidelity |
| (51) | 7/3/2003 | $1,000.00 | 5666957414 | American Express |
| (52) | 7/12/2003 | $1,000.00 | 5246754952 | American Express |
| (53) | 7/21/2003 | $1,000.00 | 5559245853 | Belmont Hill School |
| (54) | 7/21/2003 | $1,000.00 | 5559245864 | Belmont Hill School |
| (55) | 7/26/2003 | $1,000.00 | 5992269197 | American Express |
| (56) | 8/8/2003 | $1,000.00 | 5993553780 | American Express |
| (57) | 8/14/2003 | $1,000.00 | 5667314073 | Washington Mutual |
| (58) | 8/22/2003 | $1,000.00 | 5994372262 | Belmont Hill School |
| (59) | 8/22/2003 | $1,000.00 | 5994372251 | Belmont Hill School |
| (60) | 8/22/2003 | $1,000.00 | 5666198883 | Rafia Feghi |
| (61) | 8/29/2003 | $1,000.00 | 5993558256 | Rafia Feghi |
| (62) | 9/15/2003 | $1,000.00 | 5993563498 | Rafia Feghi |
| (63) | 9/25/2003 | $1,000.00 | 5881185303 | Belmont Hill School |
| (64) | 9/25/2003 | $1,000.00 | 5881185314 | Belmont Hill School |
| (65) | 9/25/2003 | $1,000.00 | 5993561788 | Washington Mutual |
| (66) | 10/1/2003 | $1,000.00 | 5992622436 | Rafia Feghi |
| (67) | 10/11/2003 | $1,000.00 | 5881189601 | American Express |
| (68) | 10/16/2003 | $1,000.00 | 5992626183 | Washington Mutual |
| (69) | 10/22/2003 | $1,000.00 | 6244176846 | Belmont Hill School |
| (70) | 10/22/2003 | $1,000.00 | 6244176857 | Belmont Hill School |
| (71) | 10/22/2003 | $1,000.00 | 6245769363 | Belmont Hill School |
| (72) | 10/22/2003 | $1,000.00 | 6245769374 | Washington Mutual |
| (73) | 11/3/2003 | $1,000.00 | 6245773762 | American Express |
| (74) | 11/5/2003 | $1,000.00 | 6245854020 | American Express |
| (75) | 11/12/2003 | $1,000.00 | 5881194235 | Rafia Feghi |
| (76) | 11/21/2003 | $1,000.00 | 6245748393 | Belmont Hill School |
| (77) | 11/21/2003 | $1,000.00 | 6244191516 | Belmont Hill School |

## RACKETEERING ACT NUMBER EIGHT
(Money Laundering - Joseph Yerardi, Jr.)

20.     The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act Number Eight.

a.     From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **JOSEPH YERARDI, JR.** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

b.     From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI A/K/A "FISH,"** and **SALVATORE RAMASCI A/K/A "LEFTY,"** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of

illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the

purchase and negotiation of postal money orders in the approximate aggregate amount of $52,050

as specifically set forth in the subpredicate racketeering acts below with intent to promote the

carrying on of said unlawful activity and knowing that the transactions were designed in whole or

in part to conceal and disguise the nature, the location, the source, the ownership, and the control of

the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections

1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|  | **Date** | **Amount** | **Serial Number** | **Payee** |
|---|---|---|---|---|
| (1) | 8/31/2002 | $500.00 | 4412546853 | Elizabeth Yerardi |
| (2) | 8/31/2002 | $300.00 | 4906103455 | FCI Raybrook |
| (3) | 8/31/2002 | $500.00 | 4412546864 | FCI Raybrook |
| (4) | 9/8/2002 | $300.00 | 5993558638 | FCI McKean |
| (5) | 9/8/2002 | $500.00 | 5993558627 | Linda Yerardi |
| (6) | 9/11/2002 | $500.00 | 5993562328 | Linda Yerardi |
| (7) | 9/18/2002 | $600.00 | 5017441476 | Elizabeth Yerardi |
| (8) | 9/27/2002 | $600.00 | 5017442376 | Elizabeth Yerardi |
| (9) | 10/22/2002 | $300.00 | 5017453367 | FCI McKean |
| (10) | 11/5/2002 | $300.00 | 4630588470 | Linda Yerardi |
| (11) | 11/5/2002 | $700.00 | 4630588468 | Linda Yerardi |
| (12) | 11/16/2002 | $1,000.00 | 5017194911 | Linda Yerardi |
| (13) | 11/19/2002 | $500.00 | 4627804241 | FCI Raybrook |
| (14) | 11/19/2002 | $1,000.00 | 4627804228 | Linda Yerardi |
| (15) | 11/21/2002 | $300.00 | 5019285328 | FCI Raybrook |
| (16) | 11/23/2002 | $300.00 | 4630587772 | FCI Raybrook |
| (17) | 11/25/2002 | $300.00 | 5019319631 | FCI Raybrook |
| (18) | 11/25/2002 | $1,000.00 | 5019319620 | Linda Yerardi |
| (19) | 11/26/2002 | $400.00 | 4630579582 | Alissa Yerardi |
| (20) | 12/4/2002 | $1,000.00 | 5017459511 | Linda Yerardi |
| (21) | 12/10/2002 | $1,000.00 | 5017459803 | Joseph & Elizabeth Yerardi |
| (22) | 12/10/2002 | $500.00 | 5019295138 | Joseph Yerardi Sr |
| (23) | 12/10/2002 | $1,000.00 | 5246731506 | Linda Yerardi |
| (24) | 12/21/2002 | $300.00 | 4906124335 | FCI Raybrook |
| (25) | 12/21/2002 | $1,000.00 | 4906124313 | Linda Yerardi |
| (26) | 12/24/2002 | $300.00 | 5254609116 | FCI Raybrook |
| (27) | 12/30/2002 | $1,000.00 | 5254608734 | Linda Yerardi |

| (28) | 1/9/2003 | $500.00 | 5017066773 | Alissa Yerardi |
| (29) | 1/9/2003 | $1,000.00 | 5017066751 | Linda Yerardi |
| (30) | 1/21/2003 | $300.00 | 4630594961 | Linda Yerardi |
| (31) | 1/21/2003 | $700.00 | 4630594950 | Linda Yerardi |
| (32) | 1/27/2003 | $300.00 | 4630596963 | FCI Raybrook |
| (33) | 1/29/2003 | $300.00 | 5254616417 | FCI Raybrook |
| (34) | 1/29/2003 | $1,000.00 | 5254616406 | Linda Yerardi |
| (35) | 1/30/2003 | $300.00 | 5246743307 | FCI Raybrook |
| (36) | 2/6/2003 | $200.00 | 5246742690 | Alissa Yerardi |
| (37) | 2/6/2003 | $400.00 | 5246742677 | Alissa Yerardi |
| (38) | 2/6/2003 | $500.00 | 5013505506 | Alissa Yerardi |
| (39) | 2/6/2003 | $1,000.00 | 5013505484 | Linda Yerardi |
| (40) | 2/11/2003 | $1,000.00 | 5254623257 | Linda Yerardi |
| (41) | 2/19/2003 | $1,000.00 | 5254614540 | Linda Yerardi |
| (42) | 2/25/2003 | $1,000.00 | 5246747493 | Linda Yerardi |
| (43) | 3/4/2003 | $300.00 | 5246750564 | FCI Raybrook |
| (44) | 3/5/2003 | $1,000.00 | 5246747820 | Joseph Yerardi |
| (45) | 3/12/2003 | $500.00 | 5013516216 | Alissa Yerardi |
| (46) | 3/12/2003 | $300.00 | 5256522000 | FCI Raybrook |
| (47) | 3/12/2003 | $1,000.00 | 5254726994 | Linda Yerardi |
| (48) | 3/13/2003 | $300.00 | 5254628128 | FCI Raybrook |
| (49) | 3/18/2003 | $1,000.00 | 5255791492 | Linda Yerardi |
| (50) | 3/27/2003 | $1,000.00 | 5254646400 | Linda Yerardi |
| (51) | 3/31/2003 | $300.00 | 4630932022 | Linda Yerardi |
| (52) | 3/31/2003 | $700.00 | 4630932011 | Linda Yerardi |
| (53) | 4/8/2003 | $1,000.00 | 5256529108 | Linda Yerardi |
| (54) | 4/14/2003 | $200.00 | 5013520277 | Alissa Yerardi |
| (55) | 4/14/2003 | $200.00 | 5013520255 | Elizabeth Yerardi |
| (56) | 4/16/2003 | $500.00 | 5666179342 | Alissa Yerardi |
| (57) | 5/6/2003 | $200.00 | 5559229528 | Elizabeth Yerardi |
| (58) | 5/6/2003 | $200.00 | 5559229517 | Elizabeth Yerardi |
| (59) | 5/8/2003 | $500.00 | 5666515312 | Alissa Yerardi |
| (60) | 5/23/2003 | $500.00 | 5666940562 | Linda Yerardi |
| (61) | 5/27/2003 | $500.00 | 5666515784 | Linda Yerardi |
| (62) | 6/2/2003 | $500.00 | 5559236853 | Alissa Yerardi |
| (63) | 6/7/2003 | $500.00 | 5667307132 | Linda Yerardi |
| (64) | 6/12/2003 | $500.00 | 5666179961 | Linda Yerardi |
| (65) | 6/20/2003 | $500.00 | 5666523906 | Linda Yerardi |
| (66) | 6/26/2003 | $500.00 | 5666185585 | Linda Yerardi |
| (67) | 7/3/2003 | $500.00 | 5666957436 | Linda Yerardi |
| (68) | 7/12/2003 | $500.00 | 5246754974 | Linda Yerardi |
| (69) | 7/16/2003 | $500.00 | 5559245583 | Linda Yerardi |
| (70) | 7/26/2003 | $500.00 | 5992269210 | Linda Yerardi |

| (71) | 8/2/2003 | $500.00 | 4630940335 | Alissa Yerardi |
|------|----------|---------|------------|----------------|
| (72) | 8/2/2003 | $500.00 | 4630940324 | Linda Yerardi |
| (73) | 8/8/2003 | $500.00 | 5993553936 | Linda Yerardi |
| (74) | 8/14/2003 | $500.00 | 5559248992 | FCI McKean |
| (75) | 8/14/2003 | $500.00 | 5667314084 | Linda Yerardi |
| (76) | 8/22/2003 | $500.00 | 5666198905 | Linda Yerardi |
| (77) | 8/29/2003 | $500.00 | 5993558280 | Alissa Yerardi |
| (78) | 8/29/2003 | $300.00 | 5992617262 | FCI McKean |
| (79) | 8/29/2003 | $500.00 | 5993558278 | Linda Yerardi |
| (80) | 8/30/2003 | $300.00 | 5881179374 | FCI McKean |
| (81) | 9/15/2003 | $500.00 | 5993563500 | Linda Yerardi |
| (82) | 9/25/2003 | $500.00 | 5993561801 | Linda Yerardi |
| (83) | 10/1/2003 | $500.00 | 5992622458 | Alissa Yerardi |
| (84) | 10/1/2003 | $300.00 | 5992622460 | FCI McKean |
| (85) | 10/9/2003 | $300.00 | 5993560528 | FCI McKean |
| (86) | 10/11/2003 | $300.00 | 5881189612 | FCI McKean |
| (87) | 10/22/2003 | $300.00 | 6245769385 | FCI McKean |
| (88) | 11/5/2003 | $500.00 | 6245854031 | Alissa Yerardi |
| (89) | 11/5/2003 | $300.00 | 6245854042 | FCI McKean |
| (90) | 11/6/2003 | $300.00 | 6244177320 | FCI McKean |
| (91) | 11/12/2003 | $300.00 | 5881194246 | FCI McKean |
| (92) | 12/3/2003 | $700.00 | 6245780332 | Alissa Yerardi |
| (93) | 12/3/2003 | $300.00 | 6245780343 | FCI McKean |
| (94) | 12/10/2003 | $500.00 | 6245783032 | Alissa Yerardi |
| (95) | 12/10/2003 | $550.00 | 6245783043 | Alissa Yerardi |
| (96) | 12/10/2003 | $300.00 | 6245783021 | FCI McKean |
| (97) | 12/17/2003 | $300.00 | 6245863694 | FCI McKean |
| (98) | 7/3/2003 | $500.00 | 5666957425 | Alissa Yerardi |

## RACKETEERING ACT NUMBER NINE
(Money Laundering - Forge Village Transportation)

21.      The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act Number Nine.

a.      From in or about July 1999 and continuing until in or about April 2000, both dates being approximate and inclusive, within the District of Massachusetts, the defendant **MARY ANN GIANELLI**, and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

b.      From in or about July 1999 and continuing until in or about April 2000, in the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH,"** and **MARY ANN GIANELLI** , aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code,

Section 1955, to wit, the exchange of cash for checks drawn on the account of Forge Village Transportation and made payable to the defendant **MARY ANN GIANELLI** in the approximate aggregate amount of $19,895 as specifically set forth in the subpredicate racketeering acts below, the commission of any one of which constitutes the commission of Racketeering Act Number Nine, with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | **Date**   | **Check No.** | **Amount** |
|------|-----------|---------------|------------|
| (1)  | 7/15/1999  | 7526          | $758.03    |
| (2)  | 7/22/1999  | 7530          | $628.15    |
| (3)  | 7/29/1999  | 7534          | $809.57    |
| (4)  | 8/5/1999   | 7358          | $660.51    |
| (5)  | 8/19/1999  | 7548          | $639.81    |
| (6)  | 9/2/1999   | 7556          | $517.51    |
| (7)  | 9/9/1999   | 7560          | $712.14    |
| (8)  | 10/7/1999  | 7577          | $578.85    |
| (9)  | 10/14/1999 | 7581          | $539.18    |
| (10) | 10/21/1999 | 7585          | $679.94    |
| (11) | 10/28/1999 | 7589          | $514.43    |
| (12) | 11/10/1999 | 7598          | $540.60    |
| (13) | 11/18/1999 | 7603          | $554.56    |
| (14) | 11/24/1999 | 7611          | $496.03    |
| (15) | 12/8/1999  | 7617          | $490.18    |
| (16) | 12/9/1999  | 7622          | $533.04    |
| (17) | 12/16/1999 | 7627          | $504.79    |
| (18) | 12/23/1999 | 7632          | $544.50    |
| (19) | 12/30/1999 | 7636          | $541.18    |
| (20) | 1/6/2000   | 7641          | $424.56    |
| (21) | 1/13/2000  | 7645          | $573.53    |
| (22) | 1/20/2000  | 7649          | $550.54    |
| (23) | 1/27/2000  | 7653          | $545.67    |
| (24) | 2/3/2000   | 7658          | $541.93    |
| (25) | 2/10/2000  | 7664          | $495.23    |

| (26) | 2/17/2000 | 7670 | $578.88 |
| (27) | 2/24/2000 | 7675 | $497.20 |
| (28) | 3/2/2000 | 7680 | $504.11 |
| (29) | 3/9/2000 | 7686 | $489.46 |
| (30) | 3/16/2000 | 7691 | $474.22 |
| (31) | 3/23/2000 | 7696 | $517.78 |
| (32) | 3/30/2000 | 7701 | $563.74 |
| (33) | 4/6/2000 | 7707 | $420.89 |
| (34) | 4/13/2000 | 7713 | $511.33 |
| (35) | 4/20/2000 | 7720 | $441.75 |
| (36) | 4/27/2000 | 7727 | $522.04 |

## RACKETEERING ACT NUMBER TEN
### (Money Laundering - Dennele Transportation)

22.     The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act Number Ten.

a.     From in or about May 2000 and continuing until in or about February 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants **GISELE ALBERTELLI** and **MARY ANN GIANELLI**, and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

b.      From in or about May 2000 and continuing until in or about March 2004, in the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," GISELE ALBERTELLI**, and **MARY ANN GIANELLI**, aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the exchange of cash for checks drawn on the account of Dennele Transportation and made payable to the defendant **MARY ANN GIANELLI** in the approximate aggregate amount of $129,000 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | Date      | Check No. | Amount   |
|------|-----------|-----------|----------|
| (1)  | 5/18/2000 | 1366      | $630.00  |
| (2)  | 6/1/2000  | 1380      | $650.00  |
| (3)  | 7/6/2000  | 1424      | $630.00  |
| (4)  | 8/3/2000  | 1464      | $630.00  |
| (5)  | 9/7/2000  | 1503      | $630.00  |
| (6)  | 10/5/2000 | 1551      | $630.00  |
| (7)  | 11/2/2000 | 1558      | $630.00  |
| (8)  | 12/7/2000 | 1640      | $630.00  |
| (9)  | 1/4/2001  | 1678      | $630.00  |
| (10) | 2/1/2001  | 1709      | $630.00  |
| (11) | 3/1/2001  | 1754      | $630.00  |
| (12) | 4/5/2001  | 1811      | $630.00  |
| (13) | 5/3/2001  | 1858      | $630.00  |

| | | | |
|---|---|---|---|
| (14) | 6/7/2001 | 1902 | $630.00 |
| (15) | 7/5/2001 | 1939 | $630.00 |
| (16) | 8/2/2001 | 1976 | $630.00 |
| (17) | 8/20/2001 | 2010 | $50,000.00 |
| (18) | 9/6/2001 | 2027 | $630.00 |
| (19) | 10/4/2001 | 2067 | $630.00 |
| (20) | 11/1/2001 | 2104 | $630.00 |
| (21) | 12/6/2001 | 2151 | $630.00 |
| (22) | 1/3/2002 | 2186 | $630.00 |
| (23) | 2/7/2002 | 2236 | $630.00 |
| (24) | 3/7/2002 | 2284 | $630.00 |
| (25) | 4/4/2002 | 2314 | $630.00 |
| (26) | 5/13/2002 | 2368 | $630.00 |
| (27) | 6/6/2002 | 2401 | $630.00 |
| (28) | 7/5/2002 | 2446 | $630.00 |
| (29) | 8/1/2002 | 2479 | $630.00 |
| (30) | 9/5/2002 | 2522 | $630.00 |
| (31) | 10/3/2002 | 2566 | $630.00 |
| (32) | 11/7/2002 | 2620 | $630.00 |
| (33) | 12/5/2002 | 2651 | $630.00 |
| (34) | 1/2/2003 | 2695 | $630.00 |
| (35) | 2/20/2003 | 2779 | $630.00 |
| (36) | 3/6/2003 | 2781 | $630.00 |
| (37) | 4/3/2003 | 2840 | $630.00 |
| (38) | 5/1/2003 | 2883 | $630.00 |
| (39) | 5/13/2003 | 2908 | $50,000.00 |
| (40) | 6/19/2003 | 2958 | $630.00 |
| (41) | 7/3/2003 | 2977 | $630.00 |
| (42) | 8/7/2003 | 3025 | $630.00 |
| (43) | 9/4/2003 | 3062 | $630.00 |
| (44) | 10/2/2003 | 3108 | $630.00 |
| (45) | 11/6/2003 | 3153 | $630.00 |
| (46) | 12/4/2003 | 3181 | $630.00 |
| (47) | 1/1/2004 | 3216 | $630.00 |
| (48) | 2/5/2004 | 3245 | $630.00 |

## RACKETEERING ACT NUMBER ELEVEN
(Money Laundering - Dennis Jenks a/k/a "Butch")

23.    The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act Number Eleven.

a.    From in or about September 2005 and continuing at least until in or about June 2006, both dates being approximate and inclusive, within the District of Massachusetts, the defendant **MARY ANN GIANELLI**, and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

b.    From in or about September 2005 and continuing at least until in or about June 2006, in the District of Massachusetts, the defendant **MARY ANN GIANELLI**, aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the exchange of cash for

postal money orders and Western Union money orders in the approximate aggregate amount of

$84,343.00 as specifically set forth in the subpredicate racketeering acts below, the commission of

any one of which constitutes the commission of Racketeering Act Number Eleven, with intent to

promote the carrying on of said unlawful activity and knowing that the transactions were designed

in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and

the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code,

Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | Date       | Payee             | Amount     | Serial Number |
|------|------------|-------------------|------------|---------------|
| (1)  | 9/17/2005  | Country Wide      | $1,000.00  | 8825665871    |
| (2)  | 9/17/2005  | Country Wide      | $1,000.00  | 8825665882    |
| (3)  | 9/19/2005  | Country Wide      | $1,000.00  | 8400432510    |
| (4)  | 9/19/2005  | Country Wide      | $1,000.00  | 8400432508    |
| (5)  | 9/19/2005  | Country Wide      | $1,000.00  | 8825669021    |
| (6)  | 9/19/2005  | Country Wide      | $1,000.00  | 8825046704    |
| (7)  | 9/19/2005  | Country Wide      | $1,000.00  | 8825669032    |
| (8)  | 10/31/2005 | Country Wide      | $1,000.00  | 8400440340    |
| (9)  | 10/31/2005 | Country Wide      | $1,000.00  | 6250596917    |
| (10) | 11/15/2005 | Country Wide      | $953.88    | 8826874986    |
| (11) | 11/26/2005 | Country Wide      | $1,000.00  | 7729984912    |
| (12) | 11/26/2005 | Country Wide      | $1,000.00  | 7729984901    |
| (13) | 11/26/2005 | Country Wide      | $1,000.00  | 8825695042    |
| (14) | 11/28/2005 | Country Wide      | $1,000.00  | 9002521350    |
| (15) | 12/6/2005  | Boston University | $1,000.00  | 8824276304    |
| (16) | 12/6/2005  | Boston University | $1,000.00  | 8824276315    |
| (17) | 12/6/2005  | Boston University | $1,000.00  | 8824276326    |
| (18) | 12/6/2005  | Boston University | $1,000.00  | 8400488848    |
| (19) | 12/6/2005  | Boston University | $1,000.00  | 8400488850    |
| (20) | 12/6/2005  | Boston University | $1,000.00  | 7729985592    |
| (21) | 12/6/2005  | Boston University | $1,000.00  | 7729985603    |
| (22) | 12/6/2005  | Boston University | $500.00    | 7729985614    |
| (23) | 12/6/2005  | Boston University | $1,000.00  | 8825697843    |
| (24) | 12/6/2005  | Boston University | $1,000.00  | 8825697854    |
| (25) | 12/6/2005  | Boston University | $1,000.00  | 7729985597    |
| (26) | 12/6/2005  | Boston University | $1,000.00  | 8825847608    |
| (27) | 12/6/2005  | Boston University | $500.00    | 8825847610    |

| (28) | 12/6/2005  | Boston University  | $1,000.00 | 9178522345   |
| (29) | 12/6/2005  | Boston University  | $1,000.00 | 9178522356   |
| (30) | 12/6/2005  | Boston University  | $500.00   | 9178522367   |
| (31) | 12/7/2005  | Bentley College    | $1,000.00 | 8826018614   |
| (32) | 12/7/2005  | Bentley College    | $1,000.00 | 8826018625   |
| (33) | 12/7/2005  | Bentley College    | $500.00   | 8826018636   |
| (34) | 12/8/2005  | Bentley College    | $500.00   | 9002524961   |
| (35) | 12/8/2005  | Bentley College    | $1,000.00 | 9002524948   |
| (36) | 12/8/2005  | Bentley College    | $1,000.00 | 9002524950   |
| (37) | 12/12/2005 | Bentley College    | $1,000.00 | 8824278238   |
| (38) | 12/12/2005 | Bentley College    | $1,000.00 | 8824278240   |
| (39) | 12/12/2005 | Bentley College    | $1,000.00 | 8400494823   |
| (40) | 12/12/2005 | Bentley College    | $1,000.00 | 8400494834   |
| (41) | 12/14/2005 | Bentley College    | $1,000.00 | 8826018816   |
| (42) | 12/14/2005 | Bentley College    | $1,000.00 | 8826018827   |
| (43) | 12/14/2005 | Bentley College    | $1,000.00 | 8825847827   |
| (44) | 12/14/2005 | Bentley College    | $1,000.00 | 8825847838   |
| (45) | 12/14/2005 | Bentley College    | $500.00   | 8825847840   |
| (46) | 12/17/2005 | Country Wide       | $923.11   | 08-169704876 |
| (47) | 12/19/2005 | Bentley College    | $1,000.00 | 7729467546   |
| (48) | 12/19/2005 | Mercedes Benz      | $500.00   | 7729467557   |
| (49) | 12/19/2005 | Bentley College    | $1,000.00 | 7729467568   |
| (50) | 12/19/2005 | Bentley College    | $1,000.00 | 9002525433   |
| (51) | 12/19/2005 | Bentley College    | $1,000.00 | 9002525444   |
| (52) | 12/27/2005 | Country Wide       | $500.00   | 08-376795968 |
| (53) | 12/27/2005 | Country Wide       | $500.00   | 7729988668   |
| (54) | 12/28/2005 | Country Wide       | $1,000.00 | 8400495532   |
| (55) | 12/28/2005 | Country Wide       | $1,000.00 | 7728981366   |
| (56) | 12/28/2005 | Country Wide       | $1,000.00 | 8400495543   |
| (57) | 1/5/2006   | Mercedes Benz      | $1,000.00 | 8825844431   |
| (58) | 1/10/2006  | Country Wide       | $1,000.00 | 8824277474   |
| (59) | 1/10/2006  | Country Wide       | $1,000.00 | 8824277463   |
| (60) | 1/11/2006  | Country Wide       | $500.00   | 08-376796156 |
| (61) | 1/13/2006  | Safety Insurance Co. | $1,000.00 | 9002528640 |
| (62) | 1/13/2006  | Safety Insurance Co. | $600.00  | 9002528651 |
| (63) | 1/17/2006  | Country Wide       | $1,000.00 | 8818592231   |
| (64) | 1/17/2006  | Country Wide       | $1,000.00 | 8818592220   |
| (65) | 1/22/2006  | Country Wide       | $500.00   | 08-423961356 |
| (66) | 1/28/2006  | Mercedes Benz      | $1,000.00 | 90002527020  |
| (67) | 2/10/2006  | Country Wide       | $500.00   | 08-459563605 |
| (68) | 2/16/2006  | Country Wide       | $1,000.00 | 8825864602   |
| (69) | 2/16/2006  | Country Wide       | $1,000.00 | 8826030415   |
| (70) | 2/16/2006  | Country Wide       | $1,000.00 | 7729996645   |

| (71) | 2/16/2006 | Country Wide | $1,000.00 | 8400498041 |
|------|-----------|--------------|-----------|------------|
| (72) | 2/16/2006 | Michael Marino | $500.00 | 840049805 |
| (73) | 3/2/2006 | Mercedes Benz | $1,000.00 | 9237843002 |
| (74) | 3/20/2006 | Country Wide | $1,000.00 | 9514882978 |
| (75) | 3/24/2006 | Country Wide | $1,000.00 | 8826035016 |
| (76) | 3/24/2006 | Country Wide | $1,000.00 | 7728990423 |
| (77) | 3/25/2006 | Country Wide | $1,000.00 | 8825850360 |
| (78) | 4/20/2006 | Safety Insurance Co. | $866.00 | 9463968224 |
| (79) | 4/22/2006 | Country Wide | $1,000.00 | 8400436740 |
| (80) | 4/22/2006 | Country Wide | $1,000.00 | 7728989411 |
| (81) | 4/22/2006 | Country Wide | $1,000.00 | 9180886083 |
| (82) | 4/24/2006 | Country Wide | $1,000.00 | 9514888020 |
| (83) | 4/24/2006 | Town of Lynnfield | $1,000.00 | 951616789 |
| (84) | 4/24/2006 | Town of Lynnfield | $1,000.00 | 882603650 |
| (85) | 5/23/2006 | Country Wide | $500.00 | 08-474886215 |
| (86) | 5/23/2006 | Country Wide | $1,000.00 | 9179646827 |
| (87) | 5/23/2006 | Country Wide | $1,000.00 | 9514854630 |
| (88) | 5/23/2006 | Country Wide | $1,000.00 | 8825867144 |
| (89) | 5/23/2006 | Country Wide | $1,000.00 | 8400441982 |
| (90) | 6/21/2006 | Country Wide | $1,000.00 | 9823612825 |
| (91) | 6/21/2006 | Country Wide | $1,000.00 | 9463972915 |
| (92) | 6/23/2006 | Country Wide | $1,000.00 | 9514858386 |
| (93) | 6/24/2006 | Country Wide | $500.00 | 08-471108203 |

## RACKETEERING ACT NUMBER TWELVE
### (Money Laundering - Tony Daniels)

24.    The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act Number Twelve.

a.    From in or about October 2003 and continuing until in or about February 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants **MICHAEL PINIALIS A/K/A "MAX," ENEYDA GONZALEZ RODRIGUEZ,** and others known and unknown to the grand jury, including co-racketeers Tony Daniels, Todd Westerman, and Weshtod Consultants, knowing that the property involved in financial

transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

           b.     From in or about October 2003 and continuing until in or about February 2004, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," MICHAEL PINIALIS A/K/A "MAX," and ENEYDA GONZALEZ RODRIGUEZ,** aided and abetted by others known and unknown to the Grand Jury, including co-racketeers Tony Daniels, Todd Westerman, and Weshtod Consultants, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the conversion of cash to bank checks made payable to Cypress Escrow and subsequent negotiation of said checks intended to pay for services provided to the Gianelli Group by the defendants **MICHAEL PINIALIS A/K/A "MAX," ENEYDA GONZALEZ RODRIGUEZ,** and co-racketeers Todd Westerman and Weshtod Consultants, in the approximate aggregate amount of $37,419 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole

or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|     | Date       | Check No. | Amount      |
|-----|------------|-----------|-------------|
| (1) | 10/14/2003 | 637628    | $6,200.00   |
| (2) | 10/15/2003 | 3859      | $12,400.00  |
| (3) | 2/19/2004  | 672480    | $18,819.00  |

RACKETEERING ACT NUMBER THIRTEEN
(Money Laundering - The Big Dog)

25. From in or about June 1999 and continuing until in or about August 2003, in the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH,"** and **SALVATORE RAMASCI A/K/A "LEFTY,"** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the investment of said proceeds in The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille and The Big Dog Realty Trust in the approximate aggregate amount of $618,332 as specifically set forth in the subpredicate racketeering acts below, the commission of any one of which constitutes the commission of Racketeering Act Number Thirteen, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

Page 36

| | **Date** | **Transaction** | **Amount** |
|---|---|---|---|
| (1) | 6/24/1999 | Cash Deposit | $25,000.00 |
| (2) | 8/7/2000 | Cash Deposit | $27,000.00 |
| (3) | 9/21/2000 | Cash Deposit | $30,000.00 |
| (4) | 11/5/2000 | Cash Deposit | $25,000.00 |
| (5) | 12/4/2000 | Cash Deposit | $25,000.00 |
| (6) | 12/18/2000 | Cash Deposit | $20,000.00 |
| (7) | 7/11/2001 | Coach Lane Realty Trust | $5,204.00 |
| (8) | 7/16/2001 | Coach Lane Realty Trust | $75,000.00 |
| (9) | 8/9/2001 | Coach Lane Realty Trust | $5,250.00 |
| (10) | 10/13/2001 | Coach Lane Realty Trust | $7,956.00 |
| (11) | 11/14/2001 | Coach Lane Realty Trust | $5,250.00 |
| (12) | 12/28/2001 | Coach Lane Realty Trust | $5,250.00 |
| (13) | 2/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| (14) | 4/18/2002 | Coach Lane Realty Trust | $5,250.00 |
| (15) | 4/24/2002 | Regnante Sterio & Osborne | $2,925.00 |
| (16) | 5/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| (17) | 5/27/2002 | Regnante Sterio & Osborne | $2,500.00 |
| (18) | 6/6/2002 | Coach Lane Realty Trust | $5,250.00 |
| (19) | 6/13/2002 | Hayes Engineering | $3,000.00 |
| (20) | 7/10/2002 | Regnante Sterio & Osborne | $6,500.00 |
| (21) | 7/11/2002 | Coach Lane Realty Trust | $5,250.00 |
| (22) | 8/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| (23) | 9/13/2002 | Coach Lane Realty Trust | $5,250.00 |
| (24) | 10/17/2002 | Coach Lane Realty Trust | $5,250.00 |
| (25) | 4/18/2003 | N.E Coin Op | $100,000.00 |
| (26) | 5/2003 | Cash Deposit | $50,000.00 |
| (27) | 5/7/2003 | Roger Williams Mint | $3,600.00 |
| (28) | 5/16/2003 | Regnante Sterio & Osborne | $10,000.00 |
| (29) | 5/16/2003 | N.E Coin Op | $50,000.00 |
| (30) | 6/6/2003 | Roger Williams Mint | $3,625.00 |
| (31) | 6/24/2003 | Hayes Engineering | $5,000.00 |
| (32) | 6/30/2003 | N.E Coin Op | $25,000.00 |
| (33) | 7/3/2003 | Cash Deposit | $20,000.00 |
| (34) | 7/7/2003 | Acme Sign Corp | $8,272.00 |
| (35) | 8/2003 | Cash Deposit | $30,000.00 |

## RACKETEERING ACT NUMBER FOURTEEN
(Conspiracy And Attempt To Commit Extortion - The Big Dog)

26.    The defendants named below committed the following acts involving extortion, the commission of any one of which constitutes the commission of Racketeering Act Number Fourteen.

a.    From in or about and between November 1, 2003 and November 30, 2003, both dates being approximate and inclusive, within the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH,"** and **FRANK IACABONI,** and others known and unknown to the grand jury, including co-racketeer Deeb Homsi, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the majority shareholder interest in The Canine Entertainment Corporation with its shareholders' consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Sections 1951 and 2.

b.    From in or about and between November 1, 2003 and November 30, 2003, both dates being approximate and inclusive, within the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH,"** and **FRANK IACABONI,** and others known and unknown to the grand jury, including co-racketeer Deeb Homsi, each aiding and abetting the other, did attempt to affect commerce by extortion, that is, to obtain property, to wit, the majority shareholder interest in The Canine Entertainment Corporation with its shareholders' consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in that the defendants and their co-conspirators did attempt to damage and destroy a building located at 178 Main Street in North Reading, Massachusetts which housed a business establishment owned and operated by To The Dogs Restaurant Management, Corp. in violation of Title 18, United States Code, Sections 1951 and 2.

## RACKETEERING ACT NUMBER FIFTEEN
(Arson - The Big Dog)

27.     On or about November 13, 2003, in the District of Massachusetts, the defendants

**ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH,"** and **FRANK IACABONI,** and

others known and unknown to the grand jury, including co-racketeer Deeb Homsi, each aiding and

abetting the other, did engage in acts and threats involving arson, which are chargeable under State

law and punishable by imprisonment for more than one year, in that they did conspire and attempt

to set fire to a shop and a building, to wit, the building located at 178 Main Street in North Reading,

Massachusetts which housed two business establishments, by igniting a container of gasoline with

a rag affixed, in violation of Massachusetts General Laws, Chapter 266, Sections 2 and 5A, and

Chapter 274, Section 7.

## RACKETEERING ACT NUMBER SIXTEEN
(Interstate Travel In Aid Of Racketeering Enterprises - The Big Dog)

28.     On or about and before November 13, 2003, in the District of Massachusetts and

elsewhere, the defendants, **ARTHUR GIANELLI** and **DENNIS ALBERTELLI A/K/A "FISH,"**

co-racketeer Deeb Homsi, and others known and unknown to the grand jury, each aiding and abetting

the other, did unlawfully and knowingly cause Sean Slater to travel in interstate commerce from New

York to Massachusetts, with intent to promote, manage, establish, carry on, and facilitate the

promotion, management, establishment, and carrying on of unlawful activity, namely, arson in

violation of Title 18, United States Code, Sections 844(i) and 844(h)(1), and did thereafter perform

and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion,

management, establishment and carrying on of said unlawful activity in that Sean Slater traveled

from New York to Massachusetts to maliciously damage and destroy and attempt to damage and

destroy, by means of fire and an explosive, a building used in interstate commerce and engaged in an activity affecting interstate commerce located at 178 Main Street in North Reading, Massachusetts which housed two business establishments, and to use fire and an explosive to commit a felony which may be prosecuted in a court of the United States, namely, to commit the felony of conspiracy to affect, and the felony of attempt to affect, commerce by extortion, that is, to obtain property, to wit, the majority shareholder interest in The Canine Entertainment Corporation with its shareholders' consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Sections 1951 and 2, all in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## RACKETEERING ACT NUMBER SEVENTEEN
### (Money Laundering - Slater Bail)

29.     On or about November 22, 2003, in the District of Massachusetts, the defendant **DENNIS ALBERTELLI A/K/A "FISH,"** aided and abetted by others known and unknown to the Grand Jury, including co-racketeer Deeb Homsi, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the posting of $5,000 cash bail at the detention facility at Cambridge District Court for Sean Slater knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

### RACKETEERING ACT NUMBER EIGHTEEN
(Conspiracy And Attempt To Commit Extortion - McCarthy's)

30.    The defendant named below committed the following acts involving extortion, the commission of any one of which constitutes the commission of Racketeering Act Number Eighteen.

a.    From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in Ben-Cor Corporation d/b/a McCarthy's Bar and Grille held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Section 1951.

b.    From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did attempt to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in Ben-Cor Corporation d/b/a McCarthy's Bar and Grille held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Section 1951.

### RACKETEERING ACT NUMBER NINETEEN
(Conspiracy And Attempt To Commit Extortion - Clarke's)

31.    The defendant named below committed the following acts involving extortion, the commission of any one of which constitutes the commission of Racketeering Act Number Nineteen.

a.    From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in 21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Section 1951.

b.    From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did attempt to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in 21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Section 1951.

## RACKETEERING ACT NUMBER TWENTY
(Money Laundering - Mazzei)

32.    From in or before 1999 and continuing at least until in or about November 2003, in the District of Massachusetts, the defendants **ARTHUR GIANELLI** and **DENNIS ALBERTELLI** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of

Page 42

illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the

purchase and negotiation of postal money orders payable to Daniele Mazzei in the approximate

aggregate amount of $19,000 as specifically set forth in the subpredicate racketeering acts below,

the commission of any one of which constitutes the commission of Racketeering Act Number

Twenty, with intent to promote the carrying on of said unlawful activity and knowing that the

transactions were designed in whole or in part to conceal and disguise the nature, the location, the

source, the ownership, and the control of the proceeds of the said unlawful activity in violation of

Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | **Date**   | **Amount** | **Serial Number** |
| ---- | ---------- | ---------- | ----------------- |
| (1)  | 9/30/2002  | $600.00    | 4412670197        |
| (2)  | 9/30/2002  | $700.00    | 4412670175        |
| (3)  | 9/30/2002  | $700.00    | 4412670186        |
| (4)  | 11/1/2002  | $600.00    | 4412674686        |
| (5)  | 11/1/2002  | $700.00    | 4412674664        |
| (6)  | 11/1/2002  | $700.00    | 4412674675        |
| (7)  | 1/29/2003  | $700.00    | 4415762968        |
| (8)  | 1/29/2003  | $700.00    | 4415762946        |
| (9)  | 1/29/2003  | $1,000.00  | 5034010454        |
| (10) | 1/29/2003  | $1,000.00  | 5034010443        |
| (11) | 4/28/2003  | $1,000.00  | 5558954591        |
| (12) | 4/28/2003  | $1,000.00  | 5558954580        |
| (13) | 6/25/2003  | $1,000.00  | 5558965751        |
| (14) | 6/25/2003  | $1,000.00  | 5558965740        |
| (15) | 8/26/2003  | $800.00    | 5456564762        |
| (16) | 8/26/2003  | $800.00    | 5356564751        |
| (17) | 8/26/2003  | $800.00    | 5356564740        |
| (18) | 9/30/2003  | $600.00    | 5778038711        |
| (19) | 9/30/2003  | $1,000.00  | 5778038698        |
| (20) | 9/30/2003  | $1,000.00  | 5778038700        |
| (21) | 11/28/2003 | $600.00    | 6246618614        |
| (22) | 11/28/2003 | $1,000.00  | 6246618603        |
| (23) | 11/28/2003 | $1,000.00  | 6246618592        |

## RACKETEERING ACT NUMBER TWENTY-ONE
(Money Laundering - Sports Zone, Inc.)

33.     From in or about and between July and August 2002, in the District of Massachusetts,

the defendant **ARTHUR GIANELLI,** aided and abetted by others known and unknown to the Grand

Jury, knowing that the property involved in financial transactions represented the proceeds of some

form of unlawful activity, conducted and attempted to conduct financial transactions which in fact

involved the proceeds of illegal gambling activity in violation of Title 18, United States Code,

Section 1955, to wit, the investment of said proceeds in Sports Zone, Inc. in the approximate

aggregate amount of $200,000 as specifically set forth in the subpredicate racketeering acts below,

the commission of any one of which constitutes the commission of Racketeering Act Number

Twenty-One, with intent to promote the carrying on of said unlawful activity and knowing that the

transactions were designed in whole or in part to conceal and disguise the nature, the location, the

source, the ownership, and the control of the proceeds of the said unlawful activity in violation of

Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|     | **Date** | **Transaction** | **Amount** |
| --- | --- | --- | --- |
| (1) | 7/7/2002 | Cash | $25,000.00 |
| (2) | 8/8/2002 | Check | $100,000.00 |
| (3) | 8/26/2002 | Cash | $75,000.00 |

## RACKETEERING ACT NUMBER TWENTY-TWO
(Money Laundering - C&L Management)

34.     From in or before 1999 and continuing until in or about April 2005, in the District

of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI,** aided and abetted by others

known and unknown to the Grand Jury, knowing that the property involved in financial transactions

represented the proceeds of some form of unlawful activity, conducted and attempted to conduct

financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the deposit of said proceeds in Sovereign Bank account number 41004947572 held in the name of Christine A. Leone d/b/a C&L Management in the approximate aggregate amount of $106,890 as specifically set forth in the subpredicate racketeering acts below, the commission of any one of which constitutes the commission of Racketeering Act Number Twenty-Two, with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | **Date**   | **Transaction** | **Amount**  |
|------|------------|-----------------|-------------|
| (1)  | 6/23/2004  | Cash            | $5,000.00   |
| (2)  | 6/25/2004  | Cash            | $5,000.00   |
| (3)  | 6/29/2004  | Cash            | $5,000.00   |
| (4)  | 7/14/2004  | Cash            | $1,000.00   |
| (5)  | 7/20/2004  | Cash            | $6,500.00   |
| (6)  | 8/4/2004   | Cash            | $5,000.00   |
| (7)  | 8/9/2004   | Cash            | $9,000.00   |
| (8)  | 8/11/2004  | Cash            | $8,950.00   |
| (9)  | 8/12/2004  | Cash            | $6,200.00   |
| (10  | 9/2/2004   | Cash            | $9,000.00   |
| (11) | 9/14/2004  | Cash            | $5,500.00   |
| (12) | 9/22/2004  | Cash            | $5,400.00   |
| (13) | 9/29/2004  | Cash            | $5,700.00   |
| (14) | 10/15/2004 | Cash            | $5,000.00   |
| (15) | 10/25/2004 | Cash            | $150.00     |
| (16) | 11/16/2004 | Cash            | $2,940.00   |
| (17) | 11/18/2004 | Cash            | $7,400.00   |
| (18) | 12/15/2004 | Cash            | $7,500.00   |
| (19) | 12/17/2004 | Cash            | $2,150.00   |
| (20) | 12/23/2004 | Cash            | $4,500.00   |

## RACKETEERING ACT NUMBER TWENTY-THREE
(Money Laundering - O'Connor)

35.     From in or about August 2001 and continuing until in or about September 2003, in the District of Massachusetts and elsewhere, the defendant **DENNIS ALBERTELLI A/K/A "FISH,"** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the exchange of cash for checks made payable to Dennele Transportation in the approximate aggregate amount of $97,049 as specifically set forth in the subpredicate racketeering acts below, the commission of any one of which constitutes the commission of Racketeering Act Number Twenty-Three, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

|     | **Date**  | **Check No.** | **Amount**  |
|-----|-----------|---------------|-------------|
| (1) | 8/22/2001 | 762           | $50,000.00  |
| (2) | 5/5/2003  | 1013          | $17,385.00  |
| (3) | 5/5/2003  | 1014          | $21,280.00  |
| (4) | 5/6/2003  | 1015          | $8,384.00   |

## RACKETEERING ACT NUMBER TWENTY-FOUR
(Money Laundering - American Home Builders)

36.     The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act Number Twenty-Four.

a.     From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants **JOSEPH YERARDI, JR., RAFIA FEGHI A/K/A RAFIA YERARDI,** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of loansharking activity in violation of Title 18, United States Code, Section 891, *et seq.*, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal loansharking activity, in violation of Section 1956(h) of Title 18 of the United States Code.

b.     From in or before 1999 and continuing until in or about March 2004, in the District of Massachusetts and elsewhere, the defendants **JOSEPH YERARDI, JR.,** and **RAFIA FEGHI A/K/A RAFIA YERARDI**, aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of loansharking activity in violation of Title 18, United States Code, Section 891, *et seq.*, to wit, the negotiation of checks drawn on the account of American Home Builders in the approximate aggregate amount of $23,200 as specifically set forth in the subpredicate racketeering acts below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

| | Date | Check No. | Amount |
|---|---|---|---|
| (1) | 3/16/1998 | 10510 | $200.00 |
| (2) | 4/2/1998 | 10556 | $300.00 |
| (3) | 4/10/1998 | 10584 | $200.00 |
| (4) | 4/16/1998 | 10615 | $300.00 |
| (5) | 5/28/1998 | 10772 | $300.00 |
| (6) | 6/1998 | 10792 | $200.00 |
| (7) | 6/18/1998 | 10836 | $200.00 |
| (8) | 6/26/1998 | 10876 | $200.00 |
| (9) | 7/20/1998 | 10972 | $200.00 |
| (10) | 8/20/1998 | 11083 | $200.00 |
| (11) | 9/2/1998 | 11147 | $300.00 |
| (12) | 9/16/1998 | 11187 | $200.00 |
| (13) | 9/23/1998 | 11217 | $200.00 |
| (14) | 10/22/1998 | 11293 | $200.00 |
| (15) | 11/19/1998 | 11386 | $100.00 |
| (16) | 11/24/1998 | 11407 | $200.00 |
| (17) | 12/17/1998 | 11484 | $200.00 |
| (18) | 1/21/1999 | 11569 | $200.00 |
| (19) | 2/4/1999 | 11615 | $200.00 |
| (20) | 3/2/1999 | 11688 | $200.00 |
| (21) | 4/7/1999 | 11792 | $200.00 |
| (22) | 4/21/1999 | 11863 | $300.00 |
| (23) | 5/5/1999 | 11935 | $200.00 |
| (24) | 5/20/1999 | 11994 | $200.00 |
| (25) | 6/3/1999 | 12061 | $200.00 |
| (26) | 6/15/1999 | 12120 | $200.00 |
| (27) | 6/25/1999 | 12171 | $200.00 |
| (28) | 7/14/1999 | 12265 | $200.00 |
| (29) | 7/27/1999 | 12358 | $200.00 |
| (30) | 8/4/1999 | 12336 | $200.00 |
| (31) | 8/6/1999 | 12422 | $200.00 |
| (32) | 9/9/1999 | 12557 | $200.00 |
| (33) | 9/16/1999 | 12586 | $200.00 |
| (34) | 9/29/1999 | 12635 | $200.00 |
| (35) | 10/13/1999 | 12685 | $200.00 |
| (36) | 10/27/1999 | 12741 | $200.00 |
| (37) | 11/10/1999 | 12783 | $200.00 |
| (38) | 11/23/1999 | 12847 | $200.00 |
| (39) | 12/1/1999 | 12871 | $200.00 |
| (40) | 12/8/1999 | 12899 | $200.00 |
| (41) | 1/19/2000 | 13059 | $200.00 |

| | | | |
|---|---|---|---|
| (42) | 2/2000 | 13090 | $200.00 |
| (43) | 3/3/2000 | 13251 | $200.00 |
| (44) | 3/15/2000 | 13317 | $300.00 |
| (45) | 3/22/2000 | 13361 | $200.00 |
| (46) | 4/5/2000 | 13427 | $200.00 |
| (47) | 4/19/2000 | 13492 | $200.00 |
| (48) | 5/10/2000 | 13688 | $200.00 |
| (49) | 5/17/2000 | 13725 | $200.00 |
| (50) | 6/7/2000 | 13795 | $200.00 |
| (51) | 6/14/2000 | 13822 | $200.00 |
| (52) | 6/21/2000 | 13839 | $200.00 |
| (53) | 7/12/2000 | 13943 | $200.00 |
| (54) | 8/2/2000 | 14005 | $200.00 |
| (55) | 8/16/2000 | 14080 | $200.00 |
| (56) | 8/22/2000 | 14233 | $400.00 |
| (57) | 9/27/2000 | 14244 | $200.00 |
| (58) | 10/4/2000 | 14270 | $200.00 |
| (59) | 11/30/2000 | 14445 | $200.00 |
| (60) | 1/10/2001 | 14573 | $200.00 |
| (61) | 1/25/2001 | 14609 | $200.00 |
| (62) | 1/31/2001 | 14636 | $200.00 |
| (63) | 2/11/2001 | 14674 | $200.00 |
| (64) | 4/4/2001 | 14816 | $200.00 |
| (65) | 4/12/2001 | 14853 | $200.00 |
| (66) | 5/2/2001 | 14932 | $200.00 |
| (67) | 6/14/2001 | 15064 | $200.00 |
| (68) | 6/20/2001 | 15084 | $200.00 |
| (69) | 6/23/2001 | 15005 | $200.00 |
| (70) | 7/3/2001 | 15117 | $200.00 |
| (71) | 7/25/2001 | 15186 | $200.00 |
| (72) | 8/29/2001 | 15291 | $200.00 |
| (73) | 9/6/2001 | 15319 | $200.00 |
| (74) | 10/24/2001 | 15478 | $200.00 |
| (75) | 1/23/2002 | 16345 | $200.00 |
| (76) | 2/20/2002 | 16438 | $200.00 |
| (77) | 2/27/2002 | 16455 | $200.00 |
| (78) | 4/2002 | 16653 | $200.00 |
| (79) | 4/17/2002 | 16614 | $200.00 |
| (80) | 5/8/2002 | 16663 | $200.00 |
| (81) | 5/15/2002 | 16692 | $200.00 |
| (82) | 5/23/2002 | 16726 | $200.00 |
| (83) | 5/29/2002 | 16742 | $200.00 |
| (84) | 6/19/2002 | 16796 | $200.00 |

| (85)  | 7/3/2002   | 16850 | $200.00 |
| (86)  | 7/31/2002  | 16916 | $200.00 |
| (87)  | 9/6/2002   | 17016 | $200.00 |
| (88)  | 9/21/2002  | 17081 | $200.00 |
| (89)  | 10/11/2002 | 17135 | $200.00 |
| (90)  | 10/18/2002 | 17150 | $200.00 |
| (91)  | 10/28/2002 | 17170 | $200.00 |
| (92)  | 11/8/2002  | 17243 | $200.00 |
| (93)  | 3/21/2003  | 17581 | $200.00 |
| (94)  | 3/28/2003  | 17602 | $200.00 |
| (95)  | 4/18/2003  | 17662 | $200.00 |
| (96)  | 4/25/2003  | 17684 | $200.00 |
| (97)  | 5/23/2003  | 17792 | $300.00 |
| (98)  | 6/6/2003   | 17848 | $200.00 |
| (99)  | 6/13/2003  | 17868 | $200.00 |
| (100) | 6/28/2003  | 17915 | $200.00 |
| (101) | 8/8/2003   | 18072 | $200.00 |
| (102) | 8/14/2003  | 18099 | $200.00 |
| (103) | 9/19/2003  | 18205 | $200.00 |
| (104) | 10/10/2003 | 18287 | $400.00 |
| (105) | 10/24/2003 | 18333 | $200.00 |
| (106) | 11/7/2003  | 18380 | $200.00 |
| (107) | 12/19/2003 | 18491 | $200.00 |
| (108) | 1/9/2004   | 18565 | $200.00 |
| (109) | 1/23/2004  | 18604 | $200.00 |
| (110) | 3/5/2004   | 18740 | $200.00 |
| (111) | 3/12/2004  | 18788 | $200.00 |

## RACKETEERING ACT NUMBER TWENTY-FIVE
### (Making Extortionate Extension Of Credit - Meehan)

37.     In or before 2004 and continuing until in or about 2005, both dates being approximate

and inclusive, within the District of Massachusetts, the defendant **PHILIP PUOPOLO** made

extortionate extensions of credit to William Meehan in violation of Title 18, United States Code,

Sections 892(a) and 2.

## RACKETEERING ACT NUMBER TWENTY-SIX
### (Extortionate Collection Of Credit - Meehan)

38.    In or about 2005, that date being approximate and inclusive, within the District of Massachusetts, the defendant **PHILIP PUOPOLO**, and others known and unknown to the grand jury, including co-racketeer Joseph Mercurio, knowingly conspired to and did participate in the use of extortionate means to collect and attempt to collect an extension of credit from William Meehan, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

## RACKETEERING ACT NUMBER TWENTY-SEVEN
### (Witness Tampering - Meehan)

39.    In or about 2005, that date being approximate and inclusive, within the District of Massachusetts, the defendant **PHILIP PUOPOLO** knowingly attempted to corruptly persuade another person, to wit, William Meehan, and engaged in misleading conduct toward another person, to wit, William Meehan, with intent to influence the testimony of William Meehan in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(1).

## RACKETEERING ACT NUMBER TWENTY-EIGHT
### (Extortionate Collection Of Credit - Barnes)

40.    From in or before 2001 and continuing until in or about 2005, both dates being approximate and inclusive, within the District of Massachusetts, the defendants **ARTHUR GIANELLI** and **PHILIP PUOPOLO** and others known and unknown to the grand jury, knowingly conspired to and did participate in the use of extortionate means to collect and attempt to collect an extension of credit from Charles Christopher Barnes, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

### RACKETEERING ACT NUMBER TWENTY-NINE
(Extortionate Collection Of Credit - Bakanosky)

41.    From in or before 2003 and continuing until in or about 2004, both dates being approximate and inclusive, within the District of Massachusetts, the defendant **PHILIP PUOPOLO** and others known and unknown to the grand jury, knowingly conspired to and did participate in the use of extortionate means to collect and attempt to collect an extension of credit from Mike Bakanosky, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

### RACKETEERING ACT NUMBER THIRTY
(Extortionate Collection Of Credit - Mousis)

42.    From in or before August 2004 and continuing at least until in or about December 2005, both dates being approximate and inclusive, within the District of Massachusetts, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR.**, and **PHILIP PUOPOLO**, and others known and unknown to the grand jury, including co-racketeer Joseph Mercurio, knowingly conspired to and did participate in the use of extortionate means to collect and attempt to collect an extension of credit from John Mousis, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

### RACKETEERING ACT NUMBER THIRTY-ONE
(Extortionate Collection Of Credit - Castinetti)

43.    From in or before 2000 and continuing until in or about 2004, both dates being approximate and inclusive, within the District of Massachusetts, the defendants **ARTHUR GIANELLI, SALVATORE RAMASCI A/K/A "LEFTY,"** and **PHILIP PUOPOLO**, and others known and unknown to the grand jury, knowingly conspired to and did participate in the use of

extortionate means to collect and attempt to collect an extension of credit from Philip Castinetti, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

### RACKETEERING ACT NUMBER THIRTY-TWO
(Witness Tampering - James Puopolo)

44.    In or about 2006, that date being approximate and inclusive, within the District of Massachusetts, the defendant **PHILIP PUOPOLO** knowingly attempted to corruptly persuade another person, to wit, James Puopolo, and engaged in misleading conduct toward another person, to wit, James Puopolo, with intent to influence the testimony of James Puopolo in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(1).

### COLLECTION OF UNLAWFUL DEBT

45.    The collection of unlawful debt as defined by Title 18, United States Code, Section 1961(6), that is, a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States or the law of the Commonwealth of Massachusetts, or which was unenforceable in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States or the law of the Commonwealth of Massachusetts, or the business of lending money or a thing of value at a rate usurious under state or federal law, where the usurious rate was at least twice the enforceable rate, through which the defendants agreed to conduct and participate in the affairs of the enterprise, which was engaged in and the activities of which affect interstate commerce, consisted of multiple acts of collecting and attempting to collect and aiding and abetting in the collection and attempted collection of usurious loans and gambling debts as follows:

a.       From in or before 1999 and continuing until in or about June 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Thomas Baker.

b.       From in or before 1999 and continuing until in or about January 2005, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and **PHILIP PUOPOLO**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Paul Magliozzi.

c.       From in or before 1999 and continuing until in or about June 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Michael Goudie.

d.       From in or before 1999 and continuing until in or about September 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Dennis Willcox.

e.       From in or before September 2000 and continuing until in or about January 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from John Mousis.

      f.     From in or before 1999 and continuing until in or about February 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from John Pappas.

      g.     From in or before 1999 and continuing until in or about June 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Ronald Ohanian.

      h.     From in or before 1999 and continuing until in or about April 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Francis Murray.

      i.     From in or before 1999 and continuing until in or about November 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Leonard Teperow.

      j.     From in or before 1999 and continuing until in or about April 2005, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY," PHILIP PUOPOLO**, and **STEPHEN RUSSO A/K/A "MOON,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from John Croshaw.

k.      From in or before 2001 and continuing until in or about 2005, the defendants **ARTHUR GIANELLI** and **PHILIP PUOPOLO** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Charles Christopher Barnes.

l.      From in or before 2003 and continuing until in or about 2004, the defendant **PHILIP PUOPOLO** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Scott Martinelli.

m.      From in or before 2005 and continuing until in or about 2006, the defendants **PHILIP PUOPOLO** and **STEPHEN RUSSO A/K/A "MOON,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from James Puopolo.

n.      From in or before 2003 and continuing until in or about 2005, the defendants **PHILIP PUOPOLO** and **STEPHEN RUSSO A/K/A "MOON"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Luigi Mirisola.

o.      From in or before 2003 and continuing until in or about 2005, the defendants **PHILIP PUOPOLO** and **STEPHEN RUSSO A/K/A "MOON"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Robert Liberman.

p.      From in or before 2003 and continuing until in or about 2004, the defendant **PHILIP PUOPOLO** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Mike Bakanosky.

q.      From in or before 2004 and continuing until in or about 2005, the defendant **PHILIP PUOPOLO** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from George Paone.

r.      From in or before 1999 and continuing until in or about August 2004, the defendants **JOSEPH YERARDI, JR., RAFIA FEGHI A/K/A RAFIA YERARDI,** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful usurious debt from Frank Murphy.

s.      From in or before late 2003 and continuing until in or about early 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH,"** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful usurious debts from Thomas Baker.

t.      From in or before August 2002 and continuing at least until in or about December 2005, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI A/K/A "FISH," SALVATORE RAMASCI A/K/A "LEFTY," JOSEPH YERARDI, JR.,** and **PHILIP PUOPOLO**, and others known and unknown to the grand jury, including co-racketeer Joseph Mercurio, participated in the collection and attempted collection of unlawful usurious debts from John Mousis.

u.      From in or before 2000 and continuing until in or about 2004, the defendants **ARTHUR GIANELLI, SALVATORE RAMASCI A/K/A "LEFTY,"** and **PHILIP PUOPOLO**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful usurious debts from Philip Castinetti.

v.       In or before 2004 and continuing until in or about 2005, the defendant **PHILIP PUOPOLO**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful usurious debts from David Trabucco.

w.      From in or before 2004 and continuing until in or about 2005, the defendant **PHILIP PUOPOLO**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful usurious debts from Robert Liberman.

x.       In or about 2005, the defendant **PHILIP PUOPOLO**, and others known and unknown to the grand jury, including co-racketeer Joseph Mercurio, participated in the collection and attempted collection of unlawful usurious debts from William Meehan.

All in violation of Title 18, United States Code, Section 1962(d).

Page 58

## COUNT TWO
### (Racketeering)

1.      Paragraphs One through Ten of Count One of this Indictment are realleged and

incorporated by reference as though fully set forth herein.

2.      From in or before 1999 and continuing through the date of this indictment, in the

District of Massachusetts and elsewhere, the defendants herein,

**ARTHUR GIANELLI,
JOSEPH YERARDI, JR.,
DENNIS ALBERTELLI A/K/A "FISH,"
PHILIP PUOPOLO,
SALVATORE RAMASCI A/K/A "LEFTY,"
FRANK IACABONI,
RANDY ALBERTELLI,
STEPHEN RUSSO A/K/A "MOON,"
MICHAEL PINIALIS A/K/A "MAX,"
ENEYDA GONZALEZ RODRIGUEZ,
MARY ANN GIANELLI,
GISELE ALBERTELLI, and
RAFIA FEGHI A/K/A RAFIA YERARDI,**

and others, known and unknown to the Grand Jury, including co-racketeers Tony Daniels, Deeb

Homsi, Todd Westerman, and Weshtod Consultants a/k/a Weshtod Consultores S.A., being persons

employed by and associated with the unlawful enterprise, did unlawfully and knowingly conduct and

participate, directly and indirectly, in the conduct of the affairs of the enterprise, which was engaged

in and the activities of which affected interstate and foreign commerce, through the pattern of

racketeering activity particularly described in paragraphs 13 through 44 of Count One and collection

of unlawful debt set forth in paragraph 45 of Count One, the contents of which are incorporated by

reference as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1962(c) and Section 2.

## COUNT THREE
(Illegal Gambling Business - Sports Betting)

From in or before 1999 and continuing until in or about April 2005, in the District of

Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,**
**JOSEPH YERARDI, JR.,**
**DENNIS ALBERTELLI A/K/A "FISH,"**
**PHILIP PUOPOLO,**
**SALVATORE RAMASCI, A/K/A "LEFTY,"**
**FRANK IACABONI,**
**RANDY ALBERTELLI,**
**STEPHEN RUSSO A/K/A "MOON,"**
**MICHAEL PINIALIS A/K/A "MAX,"**
**ENEYDA GONZALEZ RODRIGUEZ,**

aided and abetted by others known and unknown to the grand jury, including co-conspirators Tony

Daniels, Todd Westerman, and Weshtod Consultants a/k/a Weshtod Consultores S.A., conducted,

financed, managed, supervised, directed, and owned all or part of an illegal gambling business to wit:

a sports betting business which constituted a violation of the laws of the Commonwealth of

Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the

Commonwealth of Massachusetts) which involved five or more persons who conducted all or part

of such business and which had been in substantially continuous operation for a period in excess of

thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT FOUR
(Illegal Gambling Business - Electronic Gaming Machines)

From in or before 1999 and continuing at least until in or about June 2006, in the District of

Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,
DENNIS ALBERTELLI A/K/A "FISH,"
SALVATORE RAMASCI A/K/A "LEFTY,"
MARY ANN GIANELLI,** and
**PHILIP PUOPOLO,**

aided and abetted by others known and unknown to the grand jury, conducted, financed, managed,

supervised, directed, and owned all or part of an illegal gambling business to wit: the illegal

operation of electronic gaming machines which constituted a violation of the laws of the

Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General

Laws of the Commonwealth of Massachusetts) which involved five or more persons who conducted

all or part of such business and which had been in substantially continuous operation for a period in

excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT FIVE
(Illegal Gambling Business - Football Cards)

From in or before 1999 and continuing until in or about April 2005, in the District of

Massachusetts and elsewhere, the defendants

**DENNIS ALBERTELLI A/K/A "FISH,"
RANDY ALBERTELLI,
GISELE ALBERTELLI,
ARTHUR GIANELLI, and
FRANK IACABONI,**

aided and abetted by others known and unknown to the grand jury, conducted, financed, managed,

supervised, directed, and owned all or part of an illegal gambling business to wit: a football card

business which constituted a violation of the laws of the Commonwealth of Massachusetts (Chapter

271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts)

which involved five or more persons who conducted all or part of such business and which had been

in substantially continuous operation for a period in excess of thirty days and had a gross revenue

of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

Page 62

## COUNT SIX
(Use Of Wire Communication Facility - Telephone)

In or about and between July 2003 and April 2005, in the District of Massachusetts and

elsewhere, the defendants

**ARTHUR GIANELLI,**
**JOSEPH YERARDI, JR.,**
**DENNIS ALBERTELLI A/K/A "FISH,"**
**PHILIP PUOPOLO,**
**SALVATORE RAMASCI A/K/A "LEFTY,"**
**RANDY ALBERTELLI,**
**STEPHEN RUSSO A/K/A "MOON,"**
**MICHAEL PINIALIS A/K/A "MAX,"**
**ENEYDA GONZALEZ RODRIGUEZ,**

aided and abetted by others known and unknown to the Grand Jury, including co-conspirators Tony

Daniels, Todd Westerman, and Weshtod Consultants a/k/a Weshtod Consultores S.A., being engaged

in the business of betting and wagering, knowingly used a wire communication facility for the

transmission in interstate and foreign commerce of bets and wagers and information assisting in the

placing of bets and wagers on any sporting event and contest, and for the transmission of a wire

communication which entitled the recipient to receive money and credit as a result of bets and

wagers, namely, the defendants provided the use of a toll-free telephone line to an offshore gaming

office located in San Jose, Costa Rica for the purpose of placing wagers on sporting events.

In violation of Title 18, United States Code, Sections 1084 and 2.

Page 63

## COUNT SEVEN
(Use Of Wire Communication Facility - Internet)

In or about and between July 2003 and April 2005, in the District of Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,**
**JOSEPH YERARDI, JR.,**
**DENNIS ALBERTELLI A/K/A "FISH,"**
**PHILIP PUOPOLO,**
**SALVATORE RAMASCI A/K/A "LEFTY,"**
**RANDY ALBERTELLI,**
**STEPHEN RUSSO A/K/A "MOON,"**
**MICHAEL PINIALIS A/K/A "MAX,"**
**ENEYDA GONZALEZ RODRIGUEZ,**

aided and abetted by others known and unknown to the Grand Jury, including co-conspirators Tony Daniels, Todd Westerman, and Weshtod Consultants a/k/a Weshtod Consultores S.A., being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, namely, the defendants provided an internet site located in San Jose, Costa Rica for the purpose of placing wagers on sporting events.

In violation of Title 18, United States Code, Sections 1084 and 2.

Page 64

### COUNT EIGHT
(Money Laundering Conspiracy)

From in or before 1999 and continuing through the date of this indictment, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI A/K/A "FISH," and**
**SALVATORE RAMASCI A/K/A "LEFTY,"**

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

a.      It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **RAFIA FEGHI A/K/A RAFIA YERARDI** in the form of cash and postal money orders. The postal money orders aggregated approximately $114,600.

b.      It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **JOSEPH**

**YERARDI, JR.** in the form of postal money orders deposited into **YERARDI's** prison "canteen" account. Other postal money orders which represented the proceeds of the illegal gambling business were sent to prison canteen accounts of other inmates designated by **YERARDI.** Further, postal money orders which represented the proceeds of the illegal gambling business were forwarded at **YERARDI's** direction to other members of **YERARDI's** family. These postal money orders aggregated approximately $74,300.

        c.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI, GISELE ALBERTELLI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **ARTHUR GIANELLI** by exchanging cash for checks payable to **ARTHUR GIANELLI's** wife, the defendant **MARY ANN GIANELLI.** The checks were drawn on the business accounts of two businesses with which the defendants **DENNIS ALBERTELLI** and **GISELE ALBERTELLI** were associated. The checks were drawn to make it appear as though **MARY ANN GIANELLI** had a legitimate source of income and that the payments to **MARY ANN GIANELLI** were legitimate business expenses. These checks aggregated approximately $238,335.

        d.    It was a part of the conspiracy that, at the direction of the defendant **ARTHUR GIANELLI,** co-racketeer Dennis Jenks a/k/a "Butch" distributed cash proceeds from the illegally operated electronic gaming machine business to the defendant **MARY ANN GIANELLI,** who converted such proceeds into postal money orders and Western Union money orders that were used for various purposes.

        e.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** co-conspirator Tony Daniels, and others

known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendants **MICHAEL PINIALIS A/K/A "MAX"** and **ENEYDA GONZALEZ RODRIGUEZ,** and co-conspirators Todd Westerman and Weshtod Consultants a/k/a Weshtod Consultores S.A. Co-conspirator Tony Daniels converted cash proceeds of the illegal gambling business to checks which he forwarded to Cypress Escrow located in Nevis, West Indies to pay the defendant **ENEYDA GONZALEZ RODRIGUEZ,** and co-conspirators Todd Westerman and Weshtod Consultants a/k/a Weshtod Consultores S.A. for services provided to the Gianelli Group. These checks aggregated approximately $37,419.

f.     It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, invested proceeds of the illegal gambling business in The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille. This investment was made through payments in cash and checks used for multiple purposes related to the business of The Big Dog Sports Grille. The cash and checks aggregated approximately $705,700.

g.     It was a part of the conspiracy that the defendant **ARTHUR GIANELLI,** and others known and unknown to the grand jury, invested proceeds of the illegal gambling business in Sports Zone, Inc. This investment was made through payments in cash and checks used for multiple purposes related to the business of Sports Zone, Inc. The cash and checks aggregated approximately $200,000.

h.     It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to **ARTHUR GIANELLI's**

paramour Daniele Mazzei in the form of cash and postal money orders. The postal money orders aggregated approximately $25,600.

    i.  It was a part of the conspiracy that the defendant **ARTHUR GIANELLI,** and others known and unknown to the grand jury, deposited proceeds of the illegal gambling business into Sovereign Bank account number 41004947572 held in the name of Christine A. Leone d/b/a C&L Management. **GIANELLI** used this account to pay his personal expenses among other things. Cash deposits made to this account aggregated approximately $106,890.

  All in violation of Section 1956(h) of Title 18 of the United States Code.

## COUNT NINE
(Money Laundering Conspiracy - Rafia Feghi)

From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

**JOSEPH YERARDI, JR.** and
**RAFIA FEGHI A/K/A RAFIA YERARDI,**

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts Ten through Eighty-Six which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

## COUNTS TEN THROUGH EIGHTY-SIX
(Money Laundering - Rafia Feghi)

From in or about August 2002 and continuing until in or about November 2003, in the

District of Massachusetts and elsewhere, the defendants

### ARTHUR GIANELLI,
### JOSEPH YERARDI, JR.,
### DENNIS ALBERTELLI A/K/A "FISH,"
### SALVATORE RAMASCI A/K/A "LEFTY," and
### RAFIA FEGHI A/K/A RAFIA YERARDI,

aided and abetted by others known and unknown to the Grand Jury, knowing that the property

involved in financial transactions represented the proceeds of some form of unlawful activity,

conducted and attempted to conduct financial transactions which in fact involved the proceeds of

illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the

purchase and negotiation of postal money orders in the approximate aggregate amount of $77,000

as specifically set forth below with intent to promote the carrying on of said unlawful activity and

knowing that the transactions were designed in whole or in part to conceal and disguise the nature,

the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count No. | Date | Amount | Serial No. | Payee |
|-----------|------|--------|-----------|-------|
| Count 10 | 8/31/2002 | $1,000.00 | 4906103477 | Belmont Hill School |
| Count 11 | 9/8/2002 | $1,000.00 | 5993558616 | American Express |
| Count 12 | 9/11/2002 | $1,000.00 | 5993562317 | American Express |
| Count 13 | 9/18/2002 | $1,000.00 | 4906105852 | FCNB |
| Count 14 | 9/27/2002 | $1,000.00 | 5017442365 | Archstone Bearhill |
| Count 15 | 9/28/2002 | $1,000.00 | 4906109520 | Belmont Hill School |

| Count 16 | 9/28/2002 | $1,000.00 | 4906109542 | Belmont Hill School |
| Count 17 | 10/10/2002 | $1,000.00 | 5017270713 | MBNA America |
| Count 18 | 10/25/2002 | $1,000.00 | 4906106662 | American Express |
| Count 19 | 10/31/2002 | $1,000.00 | 4906119341 | American Express |
| Count 20 | 11/8/2002 | $1,000.00 | 5019283203 | Belmont Hill School |
| Count 21 | 11/8/2002 | $1,000.00 | 5019283192 | Belmont Hill School |
| Count 22 | 11/16/2002 | $1,000.00 | 5017194900 | FCNB |
| Count 23 | 11/19/2002 | $1,000.00 | 4627804230 | American Express |
| Count 24 | 11/25/2002 | $1,000.00 | 5019319618 | American Express |
| Count 25 | 12/5/2002 | $1,000.00 | 5246731271 | American Express |
| Count 26 | 12/10/2002 | $1,000.00 | 5246731495 | American Express |
| Count 27 | 12/10/2002 | $1,000.00 | 5019295105 | Belmont Hill School |
| Count 28 | 12/10/2002 | $1,000.00 | 5019295116 | Belmont Hill School |
| Count 29 | 12/21/2002 | $1,000.00 | 4906124302 | Rafia Feghi |
| Count 30 | 12/24/2002 | $1,000.00 | 5254609151 | American Express |
| Count 31 | 12/30/2002 | $1,000.00 | 5254608745 | American Express |
| Count 32 | 1/9/2003 | $1,000.00 | 5017066762 | American Express |
| Count 33 | 1/16/2003 | $1,000.00 | 5254709692 | Belmont Hill School |
| Count 34 | 1/16/2003 | $1,000.00 | 5254709681 | Belmont Hill School |
| Count 35 | 1/27/2003 | $1,000.00 | 5013507003 | American Express |
| Count 36 | 2/6/2003 | $1,000.00 | 5013505473 | American Express |
| Count 37 | 2/11/2003 | $1,000.00 | 5254623246 | Yossef Bina |

| Count 38 | 2/19/2003 | $1,000.00 | 5254614551 | Yossef Bina |
| Count 39 | 2/25/2003 | $1,000.00 | 5246747482 | American Express |
| Count 40 | 2/25/2003 | $1,000.00 | 5013513540 | Belmont Hill School |
| Count 41 | 2/25/2003 | $1,000.00 | 5013513551 | Belmont Hill School |
| Count 42 | 3/12/2003 | $1,000.00 | 5013516205 | American Express |
| Count 43 | 3/18/2003 | $1,000.00 | 5255791481 | Yossef Bina |
| Count 44 | 3/27/2003 | $1,000.00 | 5254646411 | Rafia Feghi |
| Count 45 | 4/2/2003 | $1,000.00 | 5254626194 | Belmont Hill School |
| Count 46 | 4/2/2003 | $1,000.00 | 5254626205 | Belmont Hill School |
| Count 47 | 4/8/2003 | $1,000.00 | 5256529097 | Rafia Feghi |
| Count 48 | 4/14/2003 | $1,000.00 | 5013520233 | Belmont Hill School |
| Count 49 | 4/14/2003 | $1,000.00 | 5013520244 | Green Point Mortgage |
| Count 50 | 4/16/2003 | $1,000.00 | 5666179353 | Belmont Hill School |
| Count 51 | 4/22/2003 | $1,000.00 | 5666183638 | Green Point Mortgage |
| Count 52 | 4/30/2003 | $1,000.00 | 5666187150 | Rafia Feghi |
| Count 53 | 5/6/2003 | $1,000.00 | 5559229484 | American Express |
| Count 54 | 5/23/2003 | $1,000.00 | 5666940551 | Green Point Mortgage |
| Count 55 | 5/27/2003 | $1,000.00 | 5666515773 | Rafia Feghi |
| Count 56 | 6/7/2003 | $1,000.00 | 5667307110 | American Express |
| Count 57 | 6/12/2003 | $1,000.00 | 5666179948 | American Express |
| Count 58 | 6/20/2003 | $1,000.00 | 5666523884 | Fidelity |
| Count 59 | 6/26/2003 | $1,000.00 | 5666185563 | Fidelity |

| | | | | |
|---|---|---|---|---|
| Count 60 | 7/3/2003 | $1,000.00 | 5666957414 | American Express |
| Count 61 | 7/12/2003 | $1,000.00 | 5246754952 | American Express |
| Count 62 | 7/21/2003 | $1,000.00 | 5559245853 | Belmont Hill School |
| Count 63 | 7/21/2003 | $1,000.00 | 5559245864 | Belmont Hill School |
| Count 64 | 7/26/2003 | $1,000.00 | 5992269197 | American Express |
| Count 65 | 8/8/2003 | $1,000.00 | 5993553780 | American Express |
| Count 66 | 8/14/2003 | $1,000.00 | 5667314073 | Washington Mutual |
| Count 67 | 8/22/2003 | $1,000.00 | 5994372262 | Belmont Hill School |
| Count 68 | 8/22/2003 | $1,000.00 | 5994372251 | Belmont Hill School |
| Count 69 | 8/22/2003 | $1,000.00 | 5666198883 | Rafia Feghi |
| Count 70 | 8/29/2003 | $1,000.00 | 5993558256 | Rafia Feghi |
| Count 71 | 9/15/2003 | $1,000.00 | 5993563498 | Rafia Feghi |
| Count 72 | 9/25/2003 | $1,000.00 | 5881185303 | Belmont Hill School |
| Count 73 | 9/25/2003 | $1,000.00 | 5881185314 | Belmont Hill School |
| Count 74 | 9/25/2003 | $1,000.00 | 5993561788 | Washington Mutual |
| Count 75 | 10/1/2003 | $1,000.00 | 5992622436 | Rafia Feghi |
| Count 76 | 10/11/2003 | $1,000.00 | 5881189601 | American Express |
| Count 77 | 10/16/2003 | $1,000.00 | 5992626183 | Washington Mutual |
| Count 78 | 10/22/2003 | $1,000.00 | 6244176846 | Belmont Hill School |
| Count 79 | 10/22/2003 | $1,000.00 | 6244176857 | Belmont Hill School |
| Count 80 | 10/22/2003 | $1,000.00 | 6245769363 | Belmont Hill School |
| Count 81 | 10/22/2003 | $1,000.00 | 6245769374 | Washington Mutual |

Page 73

| Count 82 | 11/3/2003 | $1,000.00 | 6245773762 | American Express |
| Count 83 | 11/5/2003 | $1,000.00 | 6245854020 | American Express |
| Count 84 | 11/12/2003 | $1,000.00 | 5881194235 | Rafia Feghi |
| Count 85 | 11/21/2003 | $1,000.00 | 6245748393 | Belmont Hill School |
| Count 86 | 11/21/2003 | $1,000.00 | 6244191516 | Belmont Hill School |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

## COUNT EIGHTY-SEVEN
(Money Laundering Conspiracy - Joseph Yerardi, Jr.)

From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant

### JOSEPH YERARDI, JR.

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts Eighty-Eight through One Hundred Eighty-Five which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

Page 75

## COUNTS EIGHTY-EIGHT THROUGH ONE HUNDRED EIGHTY-FIVE
(Money Laundering - Joseph Yerardi, Jr.)

From in or about August 2002 and continuing until in or about July 2003, in the District of

Massachusetts and elsewhere, the defendants

### ARTHUR GIANELLI,
### JOSEPH YERARDI, JR.,
### DENNIS ALBERTELLI A/K/A "FISH," and
### SALVATORE RAMASCI A/K/A "LEFTY,"

aided and abetted by others known and unknown to the Grand Jury, knowing that the property

involved in financial transactions represented the proceeds of some form of unlawful activity,

conducted and attempted to conduct financial transactions which in fact involved the proceeds of

illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the

purchase and negotiation of postal money orders in the approximate aggregate amount of $52,050

as specifically set forth below with intent to promote the carrying on of said unlawful activity and

knowing that the transactions were designed in whole or in part to conceal and disguise the nature,

the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count No. | Date | Amount | Serial No. | Payee |
|-----------|------|--------|------------|-------|
| Count 88 | 8/31/2002 | $500.00 | 4412546853 | Elizabeth Yerardi |
| Count 89 | 8/31/2002 | $300.00 | 4906103455 | FCI Raybrook |
| Count 90 | 8/31/2002 | $500.00 | 4412546864 | FCI Raybrook |
| Count 91 | 9/8/2002 | $300.00 | 5993558638 | FCI McKean |
| Count 92 | 9/8/2002 | $500.00 | 5993558627 | Linda Yerardi |
| Count 93 | 9/11/2002 | $500.00 | 5993562328 | Linda Yerardi |
| Count 94 | 9/18/2002 | $600.00 | 5017441476 | Elizabeth Yerardi |

| Count 95 | 9/27/2002 | $600.00 | 5017442376 | Elizabeth Yerardi |
| Count 96 | 10/22/2002 | $300.00 | 5017453367 | FCI McKean |
| Count 97 | 11/5/2002 | $300.00 | 4630588470 | Linda Yerardi |
| Count 98 | 11/5/2002 | $700.00 | 4630588468 | Linda Yerardi |
| Count 99 | 11/16/2002 | $1,000.00 | 5017194911 | Linda Yerardi |
| Count 100 | 11/19/2002 | $500.00 | 4627804241 | FCI Raybrook |
| Count 101 | 11/19/2002 | $1,000.00 | 4627804228 | Linda Yerardi |
| Count 102 | 11/21/2002 | $300.00 | 5019285328 | FCI Raybrook |
| Count 103 | 11/23/2002 | $300.00 | 4630587772 | FCI Raybrook |
| Count 104 | 11/25/2002 | $300.00 | 5019319631 | FCI Raybrook |
| Count 105 | 11/25/2002 | $1,000.00 | 5019319620 | Linda Yerardi |
| Count 106 | 11/26/2002 | $400.00 | 4630579582 | Alissa Yerardi |
| Count 107 | 12/4/2002 | $1,000.00 | 5017459511 | Linda Yerardi |
| Count 108 | 12/10/2002 | $1,000.00 | 5017459803 | Jos. & Eliz. Yerardi |
| Count 109 | 12/10/2002 | $500.00 | 5019295138 | Joseph Yerardi Sr. |
| Count 110 | 12/10/2002 | $1,000.00 | 5246731506 | Linda Yerardi |
| Count 111 | 12/21/2002 | $300.00 | 4906124335 | FCI Raybrook |
| Count 112 | 12/21/2002 | $1,000.00 | 4906124313 | Linda Yerardi |
| Count 113 | 12/24/2002 | $300.00 | 5254609116 | FCI Raybrook |
| Count 114 | 12/30/2002 | $1,000.00 | 5254608734 | Linda Yerardi |
| Count 115 | 1/9/2003 | $500.00 | 5017066773 | Alissa Yerardi |
| Count 116 | 1/9/2003 | $1,000.00 | 5017066751 | Linda Yerardi |

| | | | | |
|---|---|---|---|---|
| Count 117 | 1/21/2003 | $300.00 | 4630594961 | Linda Yerardi |
| Count 118 | 1/21/2003 | $700.00 | 4630594950 | Linda Yerardi |
| Count 119 | 1/27/2003 | $300.00 | 4630596963 | FCI Raybrook |
| Count 120 | 1/29/2003 | $300.00 | 5254616417 | FCI Raybrook |
| Count 121 | 1/29/2003 | $1,000.00 | 5254616406 | Linda Yerardi |
| Count 122 | 1/30/2003 | $300.00 | 5246743307 | FCI Raybrook |
| Count 123 | 2/6/2003 | $200.00 | 5246742690 | Alissa Yerardi |
| Count 124 | 2/6/2003 | $400.00 | 5246742677 | Alissa Yerardi |
| Count 125 | 2/6/2003 | $500.00 | 5013505506 | Alissa Yerardi |
| Count 126 | 2/6/2003 | $1,000.00 | 5013505484 | Linda Yerardi |
| Count 127 | 2/11/2003 | $1,000.00 | 5254623257 | Linda Yerardi |
| Count 128 | 2/19/2003 | $1,000.00 | 5254614540 | Linda Yerardi |
| Count 129 | 2/25/2003 | $1,000.00 | 5246747493 | Linda Yerardi |
| Count 130 | 3/4/2003 | $300.00 | 5246750564 | FCI Raybrook |
| Count 131 | 3/5/2003 | $1,000.00 | 5246747820 | Joseph Yerardi |
| Count 132 | 3/12/2003 | $500.00 | 5013516216 | Alissa Yerardi |
| Count 133 | 3/12/2003 | $300.00 | 5256522000 | FCI Raybrook |
| Count 134 | 3/12/2003 | $1,000.00 | 5254726994 | Linda Yerardi |
| Count 135 | 3/13/2003 | $300.00 | 5254628128 | FCI Raybrook |
| Count 136 | 3/18/2003 | $1,000.00 | 5255791492 | Linda Yerardi |
| Count 137 | 3/27/2003 | $1,000.00 | 5254646400 | Linda Yerardi |
| Count 138 | 3/31/2003 | $300.00 | 4630932022 | Linda Yerardi |

| Count 139 | 3/31/2003 | $700.00 | 4630932011 | Linda Yerardi |
| Count 140 | 4/8/2003 | $1,000.00 | 5256529108 | Linda Yerardi |
| Count 141 | 4/14/2003 | $200.00 | 5013520277 | Alissa Yerardi |
| Count 142 | 4/14/2003 | $200.00 | 5013520255 | Elizabeth Yerardi |
| Count 143 | 4/16/2003 | $500.00 | 5666179342 | Alissa Yerardi |
| Count 144 | 5/6/2003 | $200.00 | 5559229528 | Elizabeth Yerardi |
| Count 145 | 5/6/2003 | $200.00 | 5559229517 | Elizabeth Yerardi |
| Count 146 | 5/8/2003 | $500.00 | 5666515312 | Alissa Yerardi |
| Count 147 | 5/23/2003 | $500.00 | 5666940562 | Linda Yerardi |
| Count 148 | 5/27/2003 | $500.00 | 5666515784 | Linda Yerardi |
| Count 149 | 6/2/2003 | $500.00 | 5559236853 | Alissa Yerardi |
| Count 150 | 6/7/2003 | $500.00 | 5667307132 | Linda Yerardi |
| Count 151 | 6/12/2003 | $500.00 | 5666179961 | Linda Yerardi |
| Count 152 | 6/20/2003 | $500.00 | 5666523906 | Linda Yerardi |
| Count 153 | 6/26/2003 | $500.00 | 5666185585 | Linda Yerardi |
| Count 154 | 7/3/2003 | $500.00 | 5666957436 | Linda Yerardi |
| Count 155 | 7/12/2003 | $500.00 | 5246754974 | Linda Yerardi |
| Count 156 | 7/16/2003 | $500.00 | 5559245583 | Linda Yerardi |
| Count 157 | 7/26/2003 | $500.00 | 5992269210 | Linda Yerardi |
| Count 158 | 8/2/2003 | $500.00 | 4630940335 | Alissa Yerardi |
| Count 159 | 8/2/2003 | $500.00 | 4630940324 | Linda Yerardi |
| Count 160 | 8/8/2003 | $500.00 | 5993553936 | Linda Yerardi |

| Count 161 | 8/14/2003 | $500.00 | 5559248992 | FCI McKean |
| Count 162 | 8/14/2003 | $500.00 | 5667314084 | Linda Yerardi |
| Count 163 | 8/22/2003 | $500.00 | 5666198905 | Linda Yerardi |
| Count 164 | 8/29/2003 | $500.00 | 5993558280 | Alissa Yerardi |
| Count 165 | 8/29/2003 | $300.00 | 5992617262 | FCI McKean |
| Count 166 | 8/29/2003 | $500.00 | 5993558278 | Linda Yerardi |
| Count 167 | 8/30/2003 | $300.00 | 5881179374 | FCI McKean |
| Count 168 | 9/15/2003 | $500.00 | 5993563500 | Linda Yerardi |
| Count 169 | 9/25/2003 | $500.00 | 5993561801 | Linda Yerardi |
| Count 170 | 10/1/2003 | $500.00 | 5992622458 | Alissa Yerardi |
| Count 171 | 10/1/2003 | $300.00 | 5992622460 | FCI McKean |
| Count 172 | 10/9/2003 | $300.00 | 5993560528 | FCI McKean |
| Count 173 | 10/11/2003 | $300.00 | 5881189612 | FCI McKean |
| Count 174 | 10/22/2003 | $300.00 | 6245769385 | FCI McKean |
| Count 175 | 11/5/2003 | $500.00 | 6245854031 | Alissa Yerardi |
| Count 176 | 11/5/2003 | $300.00 | 6245854042 | FCI McKean |
| Count 177 | 11/6/2003 | $300.00 | 6244177320 | FCI McKean |
| Count 178 | 11/12/2003 | $300.00 | 5881194246 | FCI McKean |
| Count 179 | 12/3/2003 | $700.00 | 6245780332 | Alissa Yerardi |
| Count 180 | 12/3/2003 | $300.00 | 6245780343 | FCI McKean |
| Count 181 | 12/10/2003 | $500.00 | 6245783032 | Alissa Yerardi |
| Count 182 | 12/10/2003 | $550.00 | 6245783043 | Alissa Yerardi |

| Count 183 | 12/10/2003 | $300.00 | 6245783021 | FCI McKean |
| Count 184 | 12/17/2003 | $300.00 | 6245863694 | FCI McKean |
| Count 185 | 7/03/2003 | $500.00 | 5666957425 | Alissa Yerardi |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

## COUNT ONE HUNDRED EIGHTY-SIX
(Money Laundering Conspiracy - Dennele Transportation)

From in or about May 2000 and continuing until in or about February 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

## **MARY ANN GIANELLI** and
## **GISELE ALBERTELLI**,

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts One Hundred Eighty-Seven through Two Hundred Thirty-Four which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

COUNTS ONE HUNDRED EIGHTY-SEVEN THROUGH TWO HUNDRED THIRTY-FOUR
(Money Laundering - Dennele Transportation)

From in or about May 2000 and continuing until in or about February 2004, in the District

of Massachusetts, the defendants

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI A/K/A "FISH,"**
**MARY ANN GIANELLI,** and
**GISELE ALBERTELLI,**

aided and abetted by others known and unknown to the Grand Jury, knowing that the property

involved in financial transactions represented the proceeds of some form of unlawful activity,

conducted and attempted to conduct financial transactions which in fact involved the proceeds of

illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the

exchange of cash for checks drawn on the account of Dennele Transportation and made payable to

**MARY ANN GIANELLI** in the approximate aggregate amount of $129,000 as specifically set forth

below with intent to promote the carrying on of said unlawful activity and knowing that the

transactions were designed in whole or in part to conceal and disguise the nature, the location, the

source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count No. | Date | Check No. | Amount |
|-----------|------|-----------|--------|
| Count 187 | 5/18/2000 | 1366 | $630.00 |
| Count 188 | 6/1/2000 | 1380 | $650.00 |
| Count 189 | 7/6/2000 | 1424 | $630.00 |
| Count 190 | 8/3/2000 | 1464 | $630.00 |
| Count 191 | 9/7/2000 | 1503 | $630.00 |
| Count 192 | 10/5/2000 | 1551 | $630.00 |

| Count 193 | 11/2/2000 | 1558 | $630.00 |
|---|---|---|---|
| Count 194 | 12/7/2000 | 1640 | $630.00 |
| Count 195 | 1/4/2001 | 1678 | $630.00 |
| Count 196 | 2/1/2001 | 1709 | $630.00 |
| Count 197 | 3/1/2001 | 1754 | $630.00 |
| Count 198 | 4/5/2001 | 1811 | $630.00 |
| Count 199 | 5/3/2001 | 1858 | $630.00 |
| Count 200 | 6/7/2001 | 1902 | $630.00 |
| Count 201 | 7/5/2001 | 1939 | $630.00 |
| Count 202 | 8/2/2001 | 1976 | $630.00 |
| Count 203 | 8/20/2001 | 2010 | $50,000.00 |
| Count 204 | 9/6/2001 | 2027 | $630.00 |
| Count 205 | 10/4/2001 | 2067 | $630.00 |
| Count 206 | 11/1/2001 | 2104 | $630.00 |
| Count 207 | 12/6/2001 | 2151 | $630.00 |
| Count 208 | 1/3/2002 | 2186 | $630.00 |
| Count 209 | 2/7/2002 | 2236 | $630.00 |
| Count 210 | 3/7/2002 | 2284 | $630.00 |
| Count 211 | 4/4/2002 | 2314 | $630.00 |
| Count 212 | 5/13/2002 | 2368 | $630.00 |
| Count 213 | 6/6/2002 | 2401 | $630.00 |
| Count 214 | 7/5/2002 | 2446 | $630.00 |

| Count 215 | 8/1/2002 | 2479 | $630.00 |
| Count 216 | 9/5/2002 | 2522 | $630.00 |
| Count 217 | 10/3/2002 | 2566 | $630.00 |
| Count 218 | 11/7/2002 | 2620 | $630.00 |
| Count 219 | 12/5/2002 | 2651 | $630.00 |
| Count 220 | 1/2/2003 | 2695 | $630.00 |
| Count 221 | 2/20/2003 | 2779 | $630.00 |
| Count 222 | 3/6/2003 | 2781 | $630.00 |
| Count 223 | 4/3/2003 | 2840 | $630.00 |
| Count 224 | 5/1/2003 | 2883 | $630.00 |
| Count 225 | 5/13/2003 | 2908 | $50,000.00 |
| Count 226 | 6/19/2003 | 2958 | $630.00 |
| Count 227 | 7/3/2003 | 2977 | $630.00 |
| Count 228 | 8/7/2003 | 3025 | $630.00 |
| Count 229 | 9/4/2003 | 3062 | $630.00 |
| Count 230 | 10/2/2003 | 3108 | $630.00 |
| Count 231 | 11/6/2003 | 3153 | $630.00 |
| Count 232 | 12/4/2003 | 3181 | $630.00 |
| Count 233 | 1/1/2004 | 3216 | $630.00 |
| Count 234 | 2/5/2004 | 3245 | $630.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

Page 85

## COUNT TWO HUNDRED THIRTY-FIVE
(Money Laundering Conspiracy - Tony Daniels)

From in or about October 2003 and continuing until in or about February 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

**MICHAEL PINIALIS A/K/A "MAX" and
ENEYDA GONZALEZ RODRIGUEZ,**

co-conspirators Tony Daniels, Todd Westerman, and Weshtod Consultants a/k/a Weshtod Consultores S.A., and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts Two Hundred Thirty-Six through Two Hundred Thirty-Eight which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

## COUNTS TWO HUNDRED THIRTY-SIX THROUGH TWO HUNDRED THIRTY-EIGHT
(Money Laundering - Tony Daniels)

From in or before 1999 and continuing until in or about April 2005, in the District of
Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,
DENNIS ALBERTELLI A/K/A "FISH,"
MICHAEL PINIALIS A/K/A "MAX," and
ENEYDA GONZALEZ RODRIGUEZ,**

aided and abetted by others known and unknown to the Grand Jury, including co-conspirators Tony

Daniels, Todd Westerman, and Weshtod Consultants a/k/a Weshtod Consultores S.A., knowing that

the property involved in financial transactions represented the proceeds of some form of unlawful

activity, conducted and attempted to conduct financial transactions which in fact involved the

proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to

wit, the conversion of cash to bank checks made payable to Cypress Escrow and subsequent

negotiation of said checks intended to pay for services provided to the Gianelli Group by the

defendants **MICHAEL PINIALIS A/K/A "MAX"** and **ENEYDA GONZALEZ RODRIGUEZ,**

and co-conspirators Todd Westerman and Weshtod Consultants a/k/a Weshtod Consultores S.A. in

the approximate aggregate amount of $37,419 as specifically set forth below with intent to promote

the carrying on of said unlawful activity and knowing that the transactions were designed in whole

or in part to conceal and disguise the nature, the location, the source, the ownership, and the control

of the proceeds of the said unlawful activity.

| Count No. | Date | Check No. | Amount |
|-----------|------|-----------|--------|
| Count 236 | 10/14/2003 | 637628 | $6,200.00 |
| Count 237 | 10/15/2003 | 3859 | $12,400.00 |

Count  238      2/19/2004       672480          $18,819.00

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

## COUNTS TWO HUNDRED THIRTY-NINE THROUGH TWO HUNDRED SEVENTY-TWO
(Money Laundering - The Big Dog)

From in or before June 1999 and continuing until in or about April 2003, in the District of

Massachusetts, the defendants

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI A/K/A "FISH," and**
**SALVATORE RAMASCI A/K/A "LEFTY,"**

aided and abetted by others known and unknown to the Grand Jury, knowing that the property

involved in financial transactions represented the proceeds of some form of unlawful activity,

conducted and attempted to conduct financial transactions which in fact involved the proceeds of

illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the

investment of said proceeds in The Canine Entertainment Corporation d/b/a The Big Dog Sports

Grille and The Big Dog Realty Trust in the approximate aggregate amount of $593,332 as

specifically set forth below knowing that the transactions were designed in whole or in part to

conceal and disguise the nature, the location, the source, the ownership, and the control of the

proceeds of the said unlawful activity.

| Count No. | Date | Transaction | Amount |
|---|---|---|---|
| Count 239 | 8/7/2000 | Cash Deposit | $27,000.00 |
| Count 240 | 9/21/2000 | Cash Deposit | $30,000.00 |
| Count 241 | 11/5/2000 | Cash Deposit | $25,000.00 |
| Count 242 | 12/4/2000 | Cash Deposit | $25,000.00 |
| Count 243 | 12/18/2000 | Cash Deposit | $20,000.00 |
| Count 244 | 7/11/2001 | Coach Lane Realty Trust | $5,204.00 |

| | | | |
|---|---|---|---|
| Count 245 | 7/16/2001 | Coach Lane Realty Trust | $75,000.00 |
| Count 246 | 8/9/2001 | Coach Lane Realty Trust | $5,250.00 |
| Count 247 | 10/13/2001 | Coach Lane Realty Trust | $7,956.00 |
| Count 248 | 11/14/2001 | Coach Lane Realty Trust | $5,250.00 |
| Count 249 | 12/28/2001 | Coach Lane Realty Trust | $5,250.00 |
| Count 250 | 2/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| Count 251 | 4/18/2002 | Coach Lane Realty Trust | $5,250.00 |
| Count 252 | 4/24/2002 | Regnante Sterio & Osborne | $2,925.00 |
| Count 253 | 5/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| Count 254 | 5/27/2002 | Regnante Sterio & Osborne | $2,500.00 |
| Count 255 | 6/6/2002 | Coach Lane Realty Trust | $5,250.00 |
| Count 256 | 6/13/2002 | Hayes Engineering | $3,000.00 |
| Count 257 | 7/10/2002 | Regnante Sterio & Osborne | $6,500.00 |
| Count 258 | 7/11/2002 | Coach Lane Realty Trust | $5,250.00 |
| Count 259 | 8/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| Count 260 | 9/13/2002 | Coach Lane Realty Trust | $5,250.00 |
| Count 261 | 10/17/2002 | Coach Lane Realty Trust | $5,250.00 |
| Count 262 | 4/18/2003 | N.E Coin Op | $100,000.00 |
| Count 263 | 5/2003 | Cash Deposit | $50,000.00 |
| Count 264 | 5/7/2003 | Roger Williams Mint | $3,600.00 |
| Count 265 | 5/16/2003 | Regnante Sterio & Osborne | $10,000.00 |
| Count 266 | 5/16/2003 | N.E Coin Op | $50,000.00 |

| Count 267 | 6/6/2003 | Roger Williams Mint | $3,625.00 |
| Count 268 | 6/24/2003 | Hayes Engineering | $5,000.00 |
| Count 269 | 6/30/2003 | N.E Coin Op | $25,000.00 |
| Count 270 | 7/3/2003 | Cash Deposit | $20,000.00 |
| Count 271 | 7/7/2003 | Acme Sign Corp | $8,272.00 |
| Count 272 | 8/2003 | Cash Deposit | $30,000.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT TWO HUNDRED SEVENTY-THREE

(Conspiracy To Commit Arson, To Use Fire And An Explosive To Commit A Felony Which May Be Prosecuted In A Court Of The United States, And To Travel In Interstate Commerce To Promote, Manage, Establish, Carry On, And Facilitate The Promotion, Management, Establishment, And Carrying On Of Unlawful Activity.)

1.    On or about and before November 13, 2003, in the District of Massachusetts and

elsewhere, the defendants

### ARTHUR GIANELLI,
### DENNIS ALBERTELLI A/K/A "FISH," and
### FRANK IACABONI,

and others known and unknown to the grand jury including Deeb Homsi, Michael McCormack, and

Sean Slater, did conspire, confederate, and agree to: (1) maliciously damage and destroy and attempt

to damage and destroy by means of fire and an explosive a building used in interstate commerce and

engaged in an activity affecting interstate commerce in violation of Title 18, United States Code,

Section 844(i); (2) use fire and an explosive to commit a felony which may be prosecuted in a court

of the United States in violation of Title 18, United States Code, Section 844(h)(1);and (3) travel in

interstate commerce to promote, manage, establish, carry on, and facilitate the promotion,

management, establishment, and carrying on of unlawful activity in violation of Title 18, United

States Code, Section 1952(a)(3); in that the defendants agreed to: damage and attempt to damage the

building located at 178 Main Street in North Reading, Massachusetts which housed two business

establishments by igniting a container of gasoline with a rag affixed; use that fire and that explosive

to commit the felony of affecting, attempting to affect, and conspiring to affect commerce by

extortion, that is, to obtain property, to wit, the majority shareholder interest in The Canine

Entertainment Corporation with its shareholders' consent, which consent was induced by the

wrongful use of actual and threatened force, violence, and fear of economic loss, which felony may

Page 92

be prosecuted in a court of the United States pursuant to Title 18, United States Code, Section 1951; and cause Sean Slater to travel from New York to Massachusetts to accomplish the goals of the conspiracy.

## MANNER AND MEANS

2.      It was a part of the conspiracy that the defendants **ARTHUR GIANELLI** and **DENNIS ALBERTELLI** operated an illegal gambling business. The defendant **ARTHUR GIANELLI** invested a substantial amount of money which included proceeds of this illegal gambling business in the development of a sports bar called the "The Big Dog Sports Grille" located on Route 1 in Lynnfield, Massachusetts. The defendant **ARTHUR GIANELLI** held his ownership interest in the Big Dog Sports Grille through third party nominees in order to conceal said ownership interest.

3.      It was further part of the conspiracy that the defendant **ARTHUR GIANELLI** sought to gain a controlling interest in The Canine Entertainment Corporation, the corporation that owned and operated The Big Dog Sports Grille, through threats and intimidation. In furtherance of this objective, the defendants **ARTHUR GIANELLI** and **DENNIS ALBERTELLI** caused a fire to be set at a building which housed a second The Big Dog Sports Grille location in North Reading, Massachusetts in an effort to intimidate certain recalcitrant shareholders of The Canine Entertainment Corporation and to injure those shareholders financially.

4.      It was also part of the conspiracy that the defendant **FRANK IACABONI** and the co-conspirator Deeb Homsi attempted to locate and hire individuals to set the fire. Eventually, the co-conspirator Deeb Homsi hired Slater and McCormack to set the fire to the building located at 178

Main Street in North Reading, Massachusetts which housed The Big Dog Sports Grille and another business establishment.

**OVERT ACTS**

In furtherance of the conspiracy and to achieve the objects thereof, the defendants

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI A/K/A "FISH," and**
**FRANK IACABONI,**

and their co-conspirators, including Deeb Homsi, committed and caused to be committed, in the District of Massachusetts and elsewhere, the following overt acts, among others:

       a.      On November 2, 2003, the defendants **ARTHUR GIANELLI** and **DENNIS ALBERTELLI** engaged in a conversation related to the arson; particularly, **GIANELLI** told **DENNIS ALBERTELLI,** "Gotta make sure nobody is in there, you know."

       b.      On November 10, 2003, the defendants **DENNIS ALBERTELLI** and **IACABONI** engaged in a conversation related to the arson; particularly they discussed the appearance of the building located at 178 Main Street in North Reading, Massachusetts.

       c.      On November 11, 2003, the defendants **GIANELLI** and **DENNIS ALBERTELLI** engaged in a conversation related to the arson; particularly they discussed the timing of the arson.

       d.      On November 11, 2003, the defendants **DENNIS ALBERTELLI** and **IACABONI** engaged in a conversation related to the arson; particularly they discussed the timing of the arson.

e.    On November 11, 2003, the defendant **DENNIS ALBERTELLI** and co-conspirator Deeb Homsi engaged in a conversation related to the arson; particularly they discussed the timing of the arson.

f.    On November 11, 2003, the defendant **IACABONI** attended a meeting related to the arson.

g.    On or before November 13, 2003, Sean Slater traveled from New York to Massachusetts.

h.    On or about November 13, 2003, Sean Slater and Michael McCormack traveled to the vicinity of 178 Main Street in North Reading, Massachusetts.

i.    On or about November 13, 2003, Sean Slater ignited a container of gasoline at the entry to Romeo's Pizza located at 178 Main Street in North Reading, Massachusetts.

j.    On or about November 22, 2003, Michael McCormack met with the defendant **DENNIS ALBERTELLI** and co-conspirator Deeb Homsi at 75 Green Street in Clinton, Massachusetts.

All in violation of Title 18, United States Code, Section 371.

Page 95

## COUNT TWO HUNDRED SEVENTY-FOUR
(Arson - The Big Dog)

On or about November 13, 2003, in the District of Massachusetts, the defendants,

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI A/K/A "FISH,** and
**FRANK IACABONI,**

aided and abetted by others known and unknown to the grand jury, including co-conspirator Deeb

Homsi, and being vicariously liable for the acts of each other and their co-conspirators, did

maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an

explosive, a building used in interstate commerce and engaged in an activity affecting interstate

commerce in that the defendants and their co-conspirators did damage and attempt to damage the

building located at 178 Main Street in North Reading, Massachusetts which housed two business

establishments by igniting a container of gasoline with a rag affixed.

In violation of Title 18, United States Code, Sections 844(i) and 2.

Page 96

## COUNT TWO HUNDRED SEVENTY-FIVE
(Using Fire And An Explosive To Commit A Felony Which May Be Prosecuted In A Court Of The United States)

On or about November 13, 2003, within the District of Massachusetts, the defendants

## ARTHUR GIANELLI,
## DENNIS ALBERTELLI A/K/A "FISH," and
## FRANK IACABONI,

aided and abetted by others known and unknown to the grand jury, including co-conspirator Deeb Homsi, and being vicariously liable for the acts of each other and their co-conspirators, did use fire and an explosive to commit a felony which may be prosecuted in a court of the United States, to wit, they used fire and an explosive to damage and attempt to damage the building located at 178 Main Street in North Reading, Massachusetts which housed two business establishments by igniting a container of gasoline with a rag affixed, and they used that fire and that explosive to commit the felony of affecting, attempting to affect, and conspiring to affect commerce by extortion, that is, to obtain property, to wit, the majority shareholder interest in The Canine Entertainment Corporation with its shareholders' consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss, which felony may be prosecuted in a court of the United States pursuant to Title 18, United States Code, Section 1951.

In violation of Title 18, United States Code, Section 844(h)(1) and 2.

## COUNT TWO HUNDRED SEVENTY-SIX
(Conspiracy To Commit Extortion - The Big Dog)

From in or about and between November 1, 2003 and November 30, 2003, both dates being

approximate and inclusive, within the District of Massachusetts, the defendants

## **ARTHUR GIANELLI,**
## **DENNIS ALBERTELLI A/K/A "FISH," and**
## **FRANK IACABONI,**

and others known and unknown to the grand jury, including co-conspirator Deeb Homsi, did

conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit,

the majority shareholder interest in The Canine Entertainment Corporation with its shareholders'

consent, which consent was induced by the wrongful use of actual and threatened force, violence,

and fear of economic loss.

In violation of Title 18, United States Code, Section 1951.

### COUNT TWO HUNDRED SEVENTY-SEVEN
(Attempted Extortion - The Big Dog)

From in or about and between November 1, 2003 and November 30, 2003, both dates being approximate and inclusive, within the District of Massachusetts, the defendants

### ARTHUR GIANELLI,
### DENNIS ALBERTELLI A/K/A "FISH," and
### FRANK IACABONI,

aided and abetted by others known and unknown to the grand jury, including co-conspirator Deeb Homsi, and being vicariously liable for the acts of each other and their co-conspirators, did attempt to affect commerce by extortion, that is, to obtain property, to wit, the majority shareholder interest in The Canine Entertainment Corporation with its shareholders' consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in that the defendants and their co-conspirators did attempt to damage and destroy a building located at 178 Main Street in North Reading, Massachusetts which housed a business establishment which was owned and operated by To The Dogs Restaurant Management, Corp.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT TWO HUNDRED SEVENTY-EIGHT
(Interstate Travel In Aid Of Racketeering Enterprises.)

On or about and before November 13, 2003, in the District of Massachusetts and elsewhere, the defendants,

### ARTHUR GIANELLI and
### DENNIS ALBERTELLI A/K/A "FISH,"

aided and abetted by others known and unknown to the grand jury, including co-conspirator Deeb Homsi, and being vicariously liable for the acts of each other and their co-conspirators, did unlawfully and knowingly cause Sean Slater to travel in interstate commerce from New York to Massachusetts, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, arson in violation of Title 18, United States Code, Section 844(i), and use of fire and an explosive to commit a felony which may be prosecuted in a court of the United States in violation of Title 18, United States Code, Section 844(h)(1), and did thereafter perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of said unlawful activity in that Sean Slater traveled from New York to Massachusetts to maliciously damage and destroy and attempt to damage and destroy, by means of fire and an explosive, a building used in interstate commerce and engaged in an activity affecting interstate commerce located at 178 Main Street in North Reading, Massachusetts which housed two business establishments, and to use that fire and that explosive to commit the felony of affecting, attempting to affect, and conspiring to affect commerce by extortion, that is, to obtain property, to wit, the majority shareholder interest in The Canine Entertainment Corporation with its shareholders' consent, which consent was induced by the wrongful use of actual and threatened force, violence,

and fear of economic loss, which felony may be prosecuted in a court of the United States pursuant to Title 18, United States Code, Section 1951.

In violation of Title 18, United States Code, Section 1952(a)(3) and 2.

Page 101

## COUNT TWO HUNDRED SEVENTY-NINE
### (Money Laundering - Slater Bail)

On or about and between November 22 and November 23, 2003, in the District of Massachusetts, the defendant

**DENNIS ALBERTELLI A/K/A "FISH,"**

aided and abetted by others known and unknown to the Grand Jury, including co-conspirator Deeb Homsi, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the posting of $5,000 cash bail at the detention facility at Cambridge District Court for Sean Slater knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

## COUNT TWO HUNDRED EIGHTY
(Conspiracy To Commit Extortion - McCarthy's)

From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant

### ARTHUR GIANELLI

and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in Ben-Cor Corporation d/b/a McCarthy's Bar and Grille held by Kelley Cordova and Anthony Bendetti, with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss.

In violation of Title 18, United States Code, Section 1951.

## COUNT TWO HUNDRED EIGHTY-ONE
(Attempt To Commit Extortion - McCarthy's)

From in or about and between 1998 and 2002, both dates being approximate and inclusive,

within the District of Massachusetts and elsewhere, the defendant

## ARTHUR GIANELLI,

aided and abetted by others known and unknown to the grand jury, did attempt to affect commerce

by extortion, that is, to obtain property, to wit, the shareholder interests in Ben-Cor Corporation d/b/a

McCarthy's Bar and Grille held by Kelley Cordova and Anthony Bendetti, with their consent, which

consent was induced by the wrongful use of actual and threatened force, violence, and fear of

economic loss.

In violation of Title 18, United States Code, Section 1951 and 2.

Page 104

## COUNT TWO HUNDRED EIGHTY-TWO
(Conspiracy To Commit Extortion - Clarke's)

From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant

## **ARTHUR GIANELLI**

and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in 21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss.

In violation of Title 18, United States Code, Section 1951.

## COUNT TWO HUNDRED EIGHTY-THREE
(Attempt To Commit Extortion - Clarke's)

From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant

### **ARTHUR GIANELLI,**

aided and abetted by others known and unknown to the grand jury, did attempt to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in 21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNTS TWO HUNDRED EIGHTY-FOUR THROUGH THREE HUNDRED SIX
(Money Laundering - Mazzei)

From in or about September 2002 and continuing at least until in or about November 2003,

in the District of Massachusetts, the defendants

### ARTHUR GIANELLI and
### DENNIS ALBERTELLI A/K/A "FISH,"

aided and abetted by others known and unknown to the Grand Jury, knowing that the property

involved in financial transactions represented the proceeds of some form of unlawful activity,

conducted and attempted to conduct financial transactions which in fact involved the proceeds of

illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the

purchase and negotiation of postal money orders made payable to Daniele Mazzei in the approximate

aggregate amount of $19,000 as specifically set forth below, with intent to promote the carrying on

of said unlawful activity and knowing that the transactions were designed in whole or in part to

conceal and disguise the nature, the location, the source, the ownership, and the control of the

proceeds of the said unlawful activity.

| Count No. | Date | Amount | Serial No. |
|-----------|------|--------|------------|
| Count 284 | 9/30/2002 | $600.00 | 4412670197 |
| Count 285 | 9/30/2002 | $700.00 | 4412670175 |
| Count 286 | 9/30/2002 | $700.00 | 4412670186 |
| Count 287 | 11/1/2002 | $600.00 | 4412674686 |
| Count 288 | 11/1/2002 | $700.00 | 4412674664 |
| Count 289 | 11/1/2002 | $700.00 | 4412674675 |
| Count 290 | 1/29/2003 | $700.00 | 4415762968 |

| Count 291 | 1/29/2003 | $700.00 | 4415762946 |
| Count 292 | 1/29/2003 | $1,000.00 | 5034010454 |
| Count 293 | 1/29/2003 | $1,000.00 | 5034010443 |
| Count 294 | 4/28/2003 | $1,000.00 | 5558954591 |
| Count 295 | 4/28/2003 | $1,000.00 | 5558954580 |
| Count 296 | 6/25/2003 | $1,000.00 | 5558965751 |
| Count 297 | 6/25/2003 | $1,000.00 | 5558965740 |
| Count 298 | 8/26/2003 | $800.00 | 5456564762 |
| Count 299 | 8/26/2003 | $800.00 | 5356564751 |
| Count 300 | 8/26/2003 | $800.00 | 5356564740 |
| Count 301 | 9/30/2003 | $600.00 | 5778038711 |
| Count 302 | 9/30/2003 | $1,000.00 | 5778038698 |
| Count 303 | 9/30/2003 | $1,000.00 | 5778038700 |
| Count 304 | 11/28/2003 | $600.00 | 6246618614 |
| Count 305 | 11/28/2003 | $1,000.00 | 6246618603 |
| Count 306 | 11/28/2003 | $1,000.00 | 6246618592 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

Page 108

## COUNTS THREE HUNDRED SEVEN THROUGH THREE HUNDRED NINE
### (Money Laundering - Sports Zone, Inc.)

From in or about and between July and August 2002, in the District of Massachusetts, the defendant

### ARTHUR GIANELLI,

aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the investment of said proceeds in Sports Zone, Inc. in the approximate aggregate amount of $200,000 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count No. | Date | Transaction | Amount |
|-----------|------|-------------|--------|
| Count 307 | 7/7/02 | Cash | $25,000.00 |
| Count 308 | 8/8/02 | Check | $100,000.00 |
| Count 309 | 8/26/02 | Cash | $75,000.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

## COUNTS THREE HUNDRED TEN THROUGH THREE HUNDRED TWENTY-NINE
(Money Laundering - C&L Management)

From in or about June 2004 and continuing until in or about December 2004, in the District of Massachusetts and elsewhere, the defendant

### **ARTHUR GIANELLI,**

aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the deposit of said proceeds in Sovereign Bank account number 41004947572 held in the name of Christine A. Leone d/b/a C&L Management in the approximate aggregate amount of $106,890 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count No. | Date | Transaction | Amount |
|-----------|------|-------------|--------|
| Count 310 | 6/23/2004 | Cash | $5,000.00 |
| Count 311 | 6/25/2004 | Cash | $5,000.00 |
| Count 312 | 6/29/2004 | Cash | $5,000.00 |
| Count 313 | 7/14/2004 | Cash | $1,000.00 |
| Count 314 | 7/20/2004 | Cash | $6,500.00 |
| Count 315 | 8/4/2004 | Cash | $5,000.00 |
| Count 316 | 8/9/2004 | Cash | $9,000.00 |

| Count 317 | 8/11/2004 | Cash | $8,950.00 |
| Count 318 | 8/12/2004 | Cash | $6,200.00 |
| Count 319 | 9/2/2004 | Cash | $9,000.00 |
| Count 320 | 9/14/2004 | Cash | $5,500.00 |
| Count 321 | 9/22/2004 | Cash | $5,400.00 |
| Count 322 | 9/29/2004 | Cash | $5,700.00 |
| Count 323 | 10/15/2004 | Cash | $5,000.00 |
| Count 324 | 10/25/2004 | Cash | $150.00 |
| Count 325 | 11/16/2004 | Cash | $2,940.00 |
| Count 326 | 11/18/2004 | Cash | $7,400.00 |
| Count 327 | 12/15/2004 | Cash | $7,500.00 |
| Count 328 | 12/17/2004 | Cash | $2,150.00 |
| Count 329 | 12/23/2004 | Cash | $4,500.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

## COUNTS THREE HUNDRED THIRTY THROUGH FOUR HUNDRED TWENTY-TWO
(Money Laundering - Dennis Jenks a/k/a "Butch")

From in or about September 2005 and continuing at least until in or about June 2006, in the District of Massachusetts, the defendant **MARY ANN GIANELLI**, aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the exchange of cash for postal money orders and Western Union money orders in the approximate aggregate amount of $84,343.00 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count No. | Date | Payee | Amount | Serial Number |
|-----------|------|-------|--------|---------------|
| Count 330 | 9/17/2005 | Country Wide | $1,000.00 | 8825665871 |
| Count 331 | 9/17/2005 | Country Wide | $1,000.00 | 8825665882 |
| Count 332 | 9/19/2005 | Country Wide | $1,000.00 | 8400432510 |
| Count 333 | 9/19/2005 | Country Wide | $1,000.00 | 8400432508 |
| Count 334 | 9/19/2005 | Country Wide | $1,000.00 | 8825669021 |
| Count 335 | 9/19/2005 | Country Wide | $1,000.00 | 8825046704 |
| Count 336 | 9/19/2005 | Country Wide | $1,000.00 | 8825669032 |
| Count 337 | 10/31/2005 | Country Wide | $1,000.00 | 8400440340 |
| Count 338 | 10/31/2005 | Country Wide | $1,000.00 | 6250596917 |

| Count 339 | 11/15/2005 | Country Wide | $953.88 | 8826874986 |
| Count 340 | 11/26/2005 | Country Wide | $1,000.00 | 7729984912 |
| Count 341 | 11/26/2005 | Country Wide | $1,000.00 | 7729984901 |
| Count 342 | 11/26/2005 | Country Wide | $1,000.00 | 8825695042 |
| Count 343 | 11/28/2005 | Country Wide | $1,000.00 | 9002521350 |
| Count 344 | 12/6/2005 | Boston University | $1,000.00 | 8824276304 |
| Count 345 | 12/6/2005 | Boston University | $1,000.00 | 8824276315 |
| Count 346 | 12/6/2005 | Boston University | $500.00 | 8824276326 |
| Count 347 | 12/6/2005 | Boston University | $1,000.00 | 8400488848 |
| Count 348 | 12/6/2005 | Boston University | $1,000.00 | 8400488850 |
| Count 349 | 12/6/2005 | Boston University | $1,000.00 | 7729985592 |
| Count 350 | 12/6/2005 | Boston University | $1,000.00 | 7729985603 |
| Count 351 | 12/6/2005 | Boston University | $500.00 | 7729985614 |
| Count 352 | 12/6/2005 | Boston University | $1,000.00 | 8825697843 |
| Count 353 | 12/6/2005 | Boston University | $1,000.00 | 8825697854 |
| Count 354 | 12/6/2005 | Boston University | $1,000.00 | 7729985597 |
| Count 355 | 12/6/2005 | Boston University | $1,000.00 | 8825847608 |
| Count 356 | 12/6/2005 | Boston University | $500.00 | 8825847610 |
| Count 357 | 12/6/2005 | Boston University | $1,000.00 | 9178522345 |
| Count 358 | 12/6/2005 | Boston University | $1,000.00 | 9178522356 |
| Count 359 | 12/6/2005 | Boston University | $500.00 | 9178522367 |
| Count 360 | 12/7/2005 | Bentley College | $1,000.00 | 8826018614 |

| Count 361 | 12/7/2005 | Bentley College | $1,000.00 | 8826018625 |
| Count 362 | 12/7/2005 | Bentley College | $500.00 | 8826018636 |
| Count 363 | 12/8/2005 | Bentley College | $500.00 | 9002524961 |
| Count 364 | 12/8/2005 | Bentley College | $1,000.00 | 9002524948 |
| Count 365 | 12/8/2005 | Bentley College | $1,000.00 | 9002524950 |
| Count 366 | 12/12/2005 | Bentley College | $1,000.00 | 8824278238 |
| Count 367 | 12/12/2005 | Bentley College | $1,000.00 | 8824278240 |
| Count 368 | 12/12/2005 | Bentley College | $1,000.00 | 8400494823 |
| Count 369 | 12/12/2005 | Bentley College | $1,000.00 | 8400494834 |
| Count 370 | 12/14/2005 | Bentley College | $1,000.00 | 8826018816 |
| Count 371 | 12/14/2005 | Bentley College | $1,000.00 | 8826018827 |
| Count 372 | 12/14/2005 | Bentley College | $1,000.00 | 8825847827 |
| Count 373 | 12/14/2005 | Bentley College | $1,000.00 | 8825847838 |
| Count 374 | 12/14/2005 | Bentley College | $500.00 | 8825847840 |
| Count 375 | 12/17/2005 | Country Wide | $923.11 | 08-169704876 |
| Count 376 | 12/19/2005 | Bentley College | $1,000.00 | 7729467546 |
| Count 377 | 12/19/2005 | Mercedes Benz | $500.00 | 7729467557 |
| Count 378 | 12/19/2005 | Bentley College | $1,000.00 | 7729467568 |
| Count 379 | 12/19/2005 | Bentley College | $1,000.00 | 9002525433 |
| Count 380 | 12/19/2005 | Bentley College | $1,000.00 | 9002525444 |
| Count 381 | 12/27/2005 | Country Wide | $500.00 | 08-376795968 |
| Count 382 | 12/27/2005 | Country Wide | $500.00 | 7729988668 |

| Count 383 | 12/28/2005 | Country Wide | $1,000.00 | 8400495532 |
| Count 384 | 12/28/2005 | Country Wide | $1,000.00 | 7728981366 |
| Count 385 | 12/28/2005 | Country Wide | $1,000.00 | 8400495543 |
| Count 386 | 1/5/2006 | Mercedes Benz | $1,000.00 | 8825844431 |
| Count 387 | 1/10/2006 | Country Wide | $1,000.00 | 8824277474 |
| Count 388 | 1/10/2006 | Country Wide | $1,000.00 | 8824277463 |
| Count 389 | 1/11/2006 | Country Wide | $500.00 | 08-376796156 |
| Count 390 | 1/13/2006 | Safety Insurance Co. | $1,000.00 | 9002528640 |
| Count 391 | 1/13/2006 | Safety Insurance Co. | $600.00 | 9002528651 |
| Count 392 | 1/17/2006 | Country Wide | $1,000.00 | 8818592231 |
| Count 393 | 1/17/2006 | Country Wide | $1,000.00 | 8818592220 |
| Count 394 | 1/22/2006 | Country Wide | $500.00 | 08-423961356 |
| Count 395 | 1/28/2006 | Mercedes Benz | $1,000.00 | 90002527020 |
| Count 396 | 2/10/2006 | Country Wide | $500.00 | 08-459563605 |
| Count 397 | 2/16/2006 | Country Wide | $1,000.00 | 8825864602 |
| Count 398 | 2/16/2006 | Country Wide | $1,000.00 | 8826030415 |
| Count 399 | 2/16/2006 | Country Wide | $1,000.00 | 7729996645 |
| Count 400 | 2/16/2006 | Country Wide | $1,000.00 | 8400498041 |
| Count 401 | 2/16/2006 | Michael Marino | $500.00 | 840049805 |
| Count 402 | 3/2/2006 | Mercedes Benz | $1,000.00 | 9237843002 |
| Count 403 | 3/20/2006 | Country Wide | $1,000.00 | 9514882978 |
| Count 404 | 3/24/2006 | Country Wide | $1,000.00 | 8826035016 |

| Count 405 | 3/24/2006 | Country Wide | $1,000.00 | 7728990423 |
| Count 406 | 3/25/2006 | Country Wide | $1,000.00 | 8825850360 |
| Count 407 | 4/20/2006 | Safety Insurance Co. | $866.00 | 9463968224 |
| Count 408 | 4/22/2006 | Country Wide | $1,000.00 | 8400436740 |
| Count 409 | 4/22/2006 | Country Wide | $1,000.00 | 7728989411 |
| Count 410 | 4/22/2006 | Country Wide | $1,000.00 | 9180886083 |
| Count 411 | 4/24/2006 | Country Wide | $1,000.00 | 9514888020 |
| Count 412 | 4/24/2006 | Town of Lynnfield | $1,000.00 | 951616789 |
| Count 413 | 4/24/2006 | Town of Lynnfield | $1,000.00 | 882603650 |
| Count 414 | 5/23/2006 | Country Wide | $500.00 | 08-474886215 |
| Count 415 | 5/23/2006 | Country Wide | $1,000.00 | 9179646827 |
| Count 416 | 5/23/2006 | Country Wide | $1,000.00 | 9514854630 |
| Count 417 | 5/23/2006 | Country Wide | $1,000.00 | 8825867144 |
| Count 418 | 5/23/2006 | Country Wide | $1,000.00 | 8400441982 |
| Count 419 | 6/21/2006 | Country Wide | $1,000.00 | 9823612825 |
| Count 420 | 6/21/2006 | Country Wide | $1,000.00 | 9463972915 |
| Count 421 | 6/23/2006 | Country Wide | $1,000.00 | 9514858386 |
| Count 422 | 6/24/2006 | Country Wide | $500.00 | 08-471108203 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

## COUNTS FOUR HUNDRED TWENTY-THREE THROUGH FOUR HUNDRED TWENTY-SIX
(Money Laundering - Mark O'Connor)

From in or about August 2001 and continuing until in or about September 2003, in the District of Massachusetts and elsewhere, the defendant

### DENNIS ALBERTELLI A/K/A "FISH,"

aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the exchange of cash for checks made payable to Dennele Transportation in the approximate aggregate amount of $97,049 as specifically set forth below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count No. | Date | Check No. | Amount |
|-----------|------|-----------|--------|
| Count 423 | 8/22/2001 | 762 | $50,000.00 |
| Count 424 | 5/5/2003 | 1013 | $17,385.00 |
| Count 425 | 5/5/2003 | 1014 | $21,280.00 |
| Count 426 | 5/6/2003 | 1015 | $8,384.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR HUNDRED TWENTY-SEVEN
(Money Laundering Conspiracy - American Home Builders)

From in or before 1999 and continuing until in or about March 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

### JOSEPH YERARDI, JR. and
### RAFIA FEGHI A/K/A RAFIA YERARDI

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts Four Hundred Twenty-Eight through Four Hundred Ninety-Two which in fact involved the proceeds of loansharking activity in violation of Title 18, United States Code, Section 891, *et seq.*, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal loansharking activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

## COUNTS FOUR HUNDRED TWENTY-EIGHT THROUGH FOUR HUNDRED NINETY-TWO
(Money Laundering - American Home Builders)

From in or about April 2000 continuing until in or about March 2004, in the District of Massachusetts and elsewhere, the defendants

### JOSEPH YERARDI, JR. and
### RAFIA FEGHI A/K/A RAFIA YERARDI,

aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of loansharking activity in violation of Title 18, United States Code, Section 891, *et seq.*, to wit, the negotiation of checks drawn on the account of American Home Builders in the approximate aggregate amount of $13,500 as specifically set forth below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count No. | Date | Check No. | Amount |
|-----------|------|-----------|--------|
| Count 428 | 4/19/2000 | 13492 | $200.00 |
| Count 429 | 5/10/2000 | 13688 | $200.00 |
| Count 430 | 5/17/2000 | 13725 | $200.00 |
| Count 431 | 6/7/2000 | 13795 | $200.00 |
| Count 432 | 6/14/2000 | 13822 | $200.00 |
| Count 433 | 6/21/2000 | 13839 | $200.00 |
| Count 434 | 7/12/2000 | 13943 | $200.00 |
| Count 435 | 8/2/2000 | 14005 | $200.00 |

| Count 436 | 8/16/2000 | 14080 | $200.00 |
| Count 437 | 8/22/2000 | 14233 | $400.00 |
| Count 438 | 9/27/2000 | 14244 | $200.00 |
| Count 439 | 10/4/2000 | 14270 | $200.00 |
| Count 440 | 11/30/2000 | 14445 | $200.00 |
| Count 441 | 1/10/2001 | 14573 | $200.00 |
| Count 442 | 1/25/2001 | 14609 | $200.00 |
| Count 443 | 1/31/2001 | 14636 | $200.00 |
| Count 444 | 2/11/2001 | 14674 | $200.00 |
| Count 445 | 4/4/2001 | 14816 | $200.00 |
| Count 446 | 4/12/2001 | 14853 | $200.00 |
| Count 447 | 5/2/2001 | 14932 | $200.00 |
| Count 448 | 6/14/2001 | 15064 | $200.00 |
| Count 449 | 6/20/2001 | 15084 | $200.00 |
| Count 450 | 6/23/2001 | 15005 | $200.00 |
| Count 451 | 7/3/2001 | 15117 | $200.00 |
| Count 452 | 7/25/2001 | 15186 | $200.00 |
| Count 453 | 8/29/2001 | 15291 | $200.00 |
| Count 454 | 9/6/2001 | 15319 | $200.00 |
| Count 455 | 10/24/2001 | 15478 | $200.00 |
| Count 456 | 1/23/2002 | 16345 | $200.00 |
| Count 457 | 2/20/2002 | 16438 | $200.00 |

| | | | |
|---|---|---|---|
| Count 458 | 2/27/2002 | 16455 | $200.00 |
| Count 459 | 4/2002 | 16653 | $200.00 |
| Count 460 | 4/17/2002 | 16614 | $200.00 |
| Count 461 | 5/8/2002 | 16663 | $200.00 |
| Count 462 | 5/15/2002 | 16692 | $200.00 |
| Count 463 | 5/23/2002 | 16726 | $200.00 |
| Count 464 | 5/29/2002 | 16742 | $200.00 |
| Count 465 | 6/19/2002 | 16796 | $200.00 |
| Count 466 | 7/3/2002 | 16850 | $200.00 |
| Count 467 | 7/31/2002 | 16916 | $200.00 |
| Count 468 | 9/6/2002 | 17016 | $200.00 |
| Count 469 | 9/21/2002 | 17081 | $200.00 |
| Count 470 | 10/11/2002 | 17135 | $200.00 |
| Count 471 | 10/18/2002 | 17150 | $200.00 |
| Count 472 | 10/28/2002 | 17170 | $200.00 |
| Count 473 | 11/8/2002 | 17243 | $200.00 |
| Count 474 | 3/21/2003 | 17581 | $200.00 |
| Count 475 | 3/28/2003 | 17602 | $200.00 |
| Count 476 | 4/18/2003 | 17662 | $200.00 |
| Count 477 | 4/25/2003 | 17684 | $200.00 |
| Count 478 | 5/23/2003 | 17792 | $300.00 |
| Count 479 | 6/6/2003 | 17848 | $200.00 |

| Count 480 | 6/13/2003 | 17868 | $200.00 |
| Count 481 | 6/28/2003 | 17915 | $200.00 |
| Count 482 | 8/8/2003 | 18072 | $200.00 |
| Count 483 | 8/14/2003 | 18099 | $200.00 |
| Count 484 | 9/19/2003 | 18205 | $200.00 |
| Count 485 | 10/10/2003 | 18287 | $400.00 |
| Count 486 | 10/24/2003 | 18333 | $200.00 |
| Count 487 | 11/7/2003 | 18380 | $200.00 |
| Count 488 | 12/19/2003 | 18491 | $200.00 |
| Count 489 | 1/9/2004 | 18565 | $200.00 |
| Count 490 | 1/23/2004 | 18604 | $200.00 |
| Count 491 | 3/5/2004 | 18740 | $200.00 |
| Count 492 | 3/12/2004 | 18788 | $200.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNTS FOUR HUNDRED NINETY-THREE THROUGH FOUR HUNDRED NINETY-FIVE
(Structuring Cash Transactions For Purpose Of Evading Reporting Requirements - Bank Checks)

On or about the dates and times, and at the locations of Sovereign Bank offices, set

forth below, such dates and times being approximate, within the District of Massachusetts, the

defendant

## MARY ANN GIANELLI,

aided and abetted by others known and unknown to the grand jury, for the purpose of evading the

reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed

thereunder with respect to domestic coin and currency transactions, caused and attempted to cause

domestic financial institutions to fail to file reports required under Title 31, United States Code,

Section 5313(a) and regulations prescribed thereunder, and structured, assisted in structuring, and

attempted to structure and assist in structuring such transactions with domestic financial institutions:

| Count No. | Dates | Check No. | Amount | Location | Time |
|-----------|-------|-----------|--------|----------|------|
| Count 493 | 4/14/2005 | 5221430 | $10,000.00 | Wakefield | 3:37 p.m. |
|           | 4/14/2005 | 5221429 | $10,000.00 | Melrose | 4:04 p.m. |
|           | 4/15/2005 | 5221428 | $10,000.00 | Middleton | 11:09 a.m. |
| Count 494 | 4/21/2005 | 5221423 | $10,000.00 | Reading | 1:06 p.m. |
|           | 4/21/2005 | 5221424 | $10,000.00 | Saugus | 2:43 p.m. |
| Count 495 | 4/27/2005 | 5221425 | $10,000.00 | Reading | 11:09 a.m. |
|           | 4/27/2005 | 5221426 | $10,000.00 | Wakefield | 11:43 a.m. |

All in violation of Title 31, United States Code, Section 5324(a) and Title 18, United States Code,
Section 2.

Page 123

## COUNTS FOUR HUNDRED NINETY-SIX THROUGH FIVE HUNDRED FIVE
(Structuring Cash Transactions For Purpose Of Evading Reporting Requirements - Postal Money Orders)

On or about the dates, and at the post office locations, set forth below, such dates and

times being approximate, within the District of Massachusetts and elsewhere, the defendant

## MARY ANN GIANELLI,

aided and abetted by others known and unknown to the grand jury, for the purpose of evading the

reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed

thereunder with respect to domestic coin and currency transactions, caused and attempted to cause

domestic financial institutions to fail to file reports required under Title 31, United States Code,

Section 5313(a) and regulations prescribed thereunder, and structured, assisted in structuring, and

attempted to structure and assist in structuring such transactions with domestic financial institutions:

| Count No. | Date | Total Amount | Location |
|-----------|------|--------------|----------|
| Count 496 | 9/19/2005 | $2,000.00 | Wakefield |
|           | 9/19/2005 | $2,000.00 | Woburn |
|           | 9/19/2005 | $1,000.00 | Reading |
| Count 497 | 11/26/2005 | $2,000.00 | Reading |
|           | 11/26/2005 | $1,000.00 | Woburn |
| Count 498 | 12/6/2005 | $2,500.00 | Reading |
|           | 12/6/2005 | $2,500.00 | Andover |
|           | 12/6/2005 | $2,500.00 | Middleton |
|           | 12/6/2005 | $2,500.00 | Wakefield |
|           | 12/6/2005 | $2,000.00 | North Reading |
|           | 12/6/2005 | $2,000.00 | Woburn |
| Count 499 | 12/12/2005 | $2,000.00 | North Reading |
|           | 12/12/2005 | $2,000.00 | North Andover |

| | | | |
|---|---|---|---|
| Count 500 | 12/14/2005 | $2,500.00 | Middleton |
| | 12/14/2005 | $2,000.00 | South Lynnfield |
| Count 501 | 12/19/2005 | $2,500.00 | Andover |
| | 12/19/2005 | $2,000.00 | Londonderry, New Hampshire |
| Count 502 | 2/16/2006 | $1,000.00 | Reading |
| | 2/16/2006 | $1,000.00 | North Reading |
| | 2/16/2006 | $1,000.00 | Middleton |
| | 2/16/2006 | $1,000.00 | South Lynnfield |
| Count 503 | 4/22/2006 | $1,000.00 | Greenwood Station, Wakefield |
| | 4/22/2006 | $1,000.00 | Wakefield |
| | 4/22/2006 | $1,000.00 | Andover |
| Count 504 | 4/24/2006 | $1,000.00 | South Lynnfield |
| | 4/24/2006 | $1,000.00 | Woburn |
| | 4/24/2006 | $1,000.00 | Reading |
| Count 505 | 5/23/2006 | $1,000.00 | North Reading |
| | 5/23/2006 | $1,000.00 | Wakefield |
| | 5/23/2006 | $1,000.00 | Peabody |
| | 5/23/2006 | $1,000.00 | Londonderry, New Hampshire |

All in violation of Title 31, United States Code, Section 5324(a) and Title 18, United States Code, Section 2.

## COUNT FIVE HUNDRED SIX
(Making And Subscribing False Tax Return - 2002)

On or about April 14, 2003, in the District of Massachusetts, the defendant

## **MARY ANN GIANELLI**

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, listing a

Lynnfield, Massachusetts address, for tax year 2002, which contained and was verified by a written

declaration that it was made under the penalties of perjury and was filed with the Internal Revenue

Service, which return **MARY ANN GIANELLI** did not believe to be true and correct as to every

material matter in that said return including Schedule C-EZ thereto falsely reported that **MARY**

**ANN GIANELLI** was the sole proprietor of a local freight trucking business and that this trucking

business had received gross receipts totaling $32,760.00 during 2002, whereas in truth and fact, as

**MARY ANN GIANELLI** then and there well knew and believed, **MARY ANN GIANELLI** had

not been the proprietor of a local freight trucking business during 2002, and the gross receipts that

**MARY ANN GIANELLI** reported on the Schedule C-EZ attached to her 2002 U.S. Individual

Income Tax return were in fact income that her husband, the defendant **ARTHUR GIANELLI**, had

earned from illegal activities.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE HUNDRED SEVEN
(Making And Subscribing False Tax Return - 2003)

On or about November 15, 2004, in the District of Massachusetts, the defendant

### MARY ANN GIANELLI

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, listing a

Lynnfield, Massachusetts address, for tax year 2003, which contained and was verified by a written

declaration that it was made under the penalties of perjury and was filed with the Internal Revenue

Service, which return **MARY ANN GIANELLI** did not believe to be true and correct as to every

material matter in that said return including Schedule C thereto falsely reported that **MARY ANN

GIANELLI** was the sole proprietor of a local freight trucking business and that this trucking

business had received gross receipts totaling $32,760.00 during 2003, whereas in truth and fact, as

**MARY ANN GIANELLI** then and there well knew and believed, **MARY ANN GIANELLI** had

not been the proprietor of a local freight trucking business during 2003, and the gross receipts that

**MARY ANN GIANELLI** reported on the Schedule C attached to her 2003 U.S. Individual Income

Tax return were in fact income that her husband, the defendant **ARTHUR GIANELLI**, had earned

from illegal activities.

All in violation of Title 26, United States Code, Section 7206(1).

Page 127

## COUNT FIVE HUNDRED EIGHT
(Making Extortionate Extension Of Credit - Meehan)

From in or before 2004 and continuing until in or about 2005, both dates being approximate

and inclusive, within the District of Massachusetts, the defendant

### **PHILIP PUOPOLO**

made extortionate extensions of credit to William Meehan.

In violation of Title 18, United States Code, Sections 892(a) and 2.

## COUNT FIVE HUNDRED NINE
(Extortionate Collection Of Credit Conspiracy - Meehan)

In or about 2005, that date being approximate and inclusive, within the District of Massachusetts, the defendant

### PHILIP PUOPOLO,

and others known and unknown to the grand jury, including co-conspirator Joseph Mercurio, knowingly conspired to participate in the use of extortionate means to collect and attempt to collect an extension of credit from William Meehan.

In violation of Title 18, United States Code, Section 894(a)(1).

Page 129

### COUNT FIVE HUNDRED TEN
(Extortionate Collection Of Credit - Meehan)

In or about 2005, that date being approximate and inclusive, within the District of Massachusetts, the defendant

**PHILIP PUOPOLO**,

and others known and unknown to the grand jury, including Joseph Mercurio, did knowingly participate in the use of extortionate means to collect and attempt to collect an extension of credit from William Meehan.

In violation of Title 18, United States Code, Sections 894(a)(1) and 2.

Page 130

## COUNT FIVE HUNDRED ELEVEN
(Witness Tampering - Meehan)

In or about 2005, that date being approximate and inclusive, within the District of Massachusetts, the defendant

## **PHILIP PUOPOLO**

knowingly attempted to corruptly persuade another person, to wit, William Meehan, and engaged in misleading conduct toward another person, to wit, William Meehan, with intent to influence the testimony of William Meehan in an official proceeding.

In violation of Title 18, United States Code, Section 1512(b)(1).

## COUNT FIVE HUNDRED TWELVE
(Extortionate Collection Of Credit Conspiracy - Barnes)

From in or before 2001 and continuing until in or about 2005, both dates being approximate

and inclusive, within the District of Massachusetts, the defendants

## ARTHUR GIANELLI and
## PHILIP PUOPOLO,

and others known and unknown to the grand jury, knowingly conspired to participate in the use of

extortionate means to collect and attempt to collect an extension of credit from Charles Christopher

Barnes.

In violation of Title 18, United States Code, Section 894(a)(1).

Page 132

## COUNT FIVE HUNDRED THIRTEEN
(Extortionate Collection Of Credit - Barnes)

From in or before 2001 and continuing until in or about 2005, both dates being approximate

and inclusive, within the District of Massachusetts, the defendants

## ARTHUR GIANELLI and
## PHILIP PUOPOLO,

and others known and unknown to the grand jury, did knowingly participate in the use of

extortionate means to collect and attempt to collect an extension of credit from Charles Christopher

Barnes.

In violation of Title 18, United States Code, Sections 894(a)(1) and 2.

Page 133

## COUNT FIVE HUNDRED FOURTEEN
(Extortionate Collection Of Credit Conspiracy - Bakanosky)

From in or before 2003 and continuing until in or about 2004, both dates being approximate

and inclusive, within the District of Massachusetts, the defendant

## **PHILIP PUOPOLO**

and others known and unknown to the grand jury, knowingly conspired to participate in the use of

extortionate means to collect and attempt to collect an extension of credit from Mike Bakanosky.

In violation of Title 18, United States Code, Sections 894(a)(1).

Page 134

## COUNT FIVE HUNDRED FIFTEEN
(Extortionate Collection Of Credit - Bakanosky)

From in or before 2003 and continuing until in or about 2004, both dates being approximate

and inclusive, within the District of Massachusetts, the defendant

## PHILIP PUOPOLO

and others known and unknown to the grand jury, did knowingly participate in the use of extortionate

means to collect and attempt to collect an extension of credit from Mike Bakanosky.

In violation of Title 18, United States Code, Sections 894(a)(1) and 2.

Page 135

## COUNT FIVE HUNDRED SIXTEEN
(Extortionate Collection Of Credit Conspiracy - Mousis)

From in or before August 2004 and continuing at least until in or about December 2005, both

dates being approximate and inclusive, within the District of Massachusetts, the defendants

**ARTHUR GIANELLI,
JOSEPH YERARDI, JR.**, and
**PHILIP PUOPOLO**,

and others known and unknown to the grand jury, including co-conspirator Joseph Mercurio,

knowingly conspired to participate in the use of extortionate means to collect and attempt to collect

an extension of credit from John Mousis.

In violation of Title 18, United States Code, Sections 894(a)(1).

Page 136

## COUNT FIVE HUNDRED SEVENTEEN
(Extortionate Collection Of Credit - Mousis)

From in or before August 2004 and continuing at least until in or about December 2005, both

dates being approximate and inclusive, within the District of Massachusetts, the defendants

**ARTHUR GIANELLI,
JOSEPH YERARDI, JR.**, and
**PHILIP PUOPOLO**,

and others known and unknown to the grand jury, including co-conspirator Joseph Mercurio, did

knowingly participate in the use of extortionate means to collect and attempt to collect an extension

of credit from John Mousis.

In violation of Title 18, United States Code, Sections 894(a)(1) and 2.

## COUNT FIVE HUNDRED EIGHTEEN
(Extortionate Collection Of Credit Conspiracy - Castinetti)

From in or before 2000 and continuing until in or about 2004, both dates being approximate

and inclusive, within the District of Massachusetts, the defendants

**ARTHUR GIANELLI,
SALVATORE RAMASCI A/K/A "LEFTY,"** and
**PHILIP PUOPOLO**,

and others known and unknown to the grand jury, knowingly conspired to participate in the use of

extortionate means to collect and attempt to collect an extension of credit from Philip Castinetti.

In violation of Title 18, United States Code, Sections 894(a)(1) and 2.

Page 138

## COUNT FIVE HUNDRED NINETEEN
(Extortionate Collection Of Credit - Castinetti)

From in or before 2000 and continuing until in or about 2004, both dates being approximate

and inclusive, within the District of Massachusetts, the defendants

## ARTHUR GIANELLI,
## SALVATORE RAMASCI A/K/A "LEFTY," and
## PHILIP PUOPOLO,

and others known and unknown to the grand jury, did knowingly participate in the use of

extortionate means to collect and attempt to collect an extension of credit from Philip Castinetti.

In violation of Title 18, United States Code, Sections 894(a)(1).

## COUNT FIVE HUNDRED TWENTY
(Witness Tampering - James Puopolo)

In or about 2006, that date being approximate and inclusive, within the District of Massachusetts, the defendant **PHILIP PUOPOLO** knowingly attempted to corruptly persuade another person, to wit, James Puopolo, and engaged in misleading conduct toward another person, to wit, James Puopolo, with intent to influence the testimony of James Puopolo in an official proceeding.

In violation of Title 18, United States Code, Section 1512(b)(1).

## RACKETEERING FORFEITURE ALLEGATIONS

1.      The allegations of Counts One and Two of this indictment are hereby realleged and

incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States

Code, Section 1963.

2.      As a result of the offenses in violation of Title 18, United States Code, Section 1962,

set forth in Counts One and Two of this indictment, the defendants

**ARTHUR GIANELLI,
JOSEPH YERARDI, JR.,
DENNIS ALBERTELLI A/K/A "FISH,"
PHILIP PUOPOLO,
SALVATORE RAMASCI A/K/A "LEFTY,"
FRANK IACABONI,
RANDY ALBERTELLI,
STEPHEN RUSSO A/K/A "MOON,"
MICHAEL PINIALIS A/K/A "MAX,"
ENEYDA GONZALEZ RODRIGUEZ,
MARY ANN GIANELLI,
GISELE ALBERTELLI, and
RAFIA FEGHI A/K/A RAFIA YERARDI,**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section

1963(a):

(i)      all interests the defendants have acquired and maintained in violation of Title 18,

United States Code, Section 1962, wherever located, and in whatever names held;

(ii)      all interests in, securities of, claims against, and properties and contractual rights of

any kind affording a source of influence over, any enterprise which the defendants have established,

operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United

States Code, Section 1962; and

(iii)    all property constituting, and derived from, any proceeds which the defendants obtained, directly and indirectly, from racketeering activity and unlawful debt collection in violation of Title 18, United States Code, Section 1962.

Pursuant to 18 U.S.C. § 1963 and subparagraph (ii) of this paragraph, the defendants shall forfeit any interests in, securities of, claims against, and properties and contractual rights of any kind affording a source of influence over The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille, a Massachusetts corporation, and The Big Dog Realty Trust.

The property to be forfeited by the defendants pursuant to 18 U.S.C. § 1963 and subparagraphs (i) and (iii) of this paragraph includes, but is not limited to, the following assets:

a.    the real property and buildings located at 420 Main Street, Lynnfield, Massachusetts, title to which appears in a deed recorded at the Essex County Registry of Deeds, Book 16986, Page 591;

b.    the real property, with all rights appertaining thereto, known as Unit 334-9, created by Master Deed dated June 30, 1980 and recorded with the Suffolk County Registry of Deeds, Book 9482, Page 186, and located at 334 Beacon Street, Unit 9, Boston, Massachusetts, title to which appears in a deed recorded at the Suffolk County Registry of Deeds, Book 22460, Page 248;

c.    the real property, with all rights appertaining thereto, known as Unit No. 405B, as described in the Master Condominium Certificate of Title and in the Master Deed Document No. 614053 as amended and indicated on Condominium Plan No. 17257 C-4, and located at The Gables, Unit 405-B, Dedham Street, Newton, Massachusetts, title to which appears in a deed recorded with the Middlesex Land Court, Document No. U2058, Book U11, Page 58;

d.      Eastern Bank Treasurer's Check number 00691883, in the amount of $24,039.15, representing all funds on deposit in Eastern Bank account number 0402231385, seized by the Massachusetts State Police on March 9, 2004;

e.      Family Federal Savings Treasurer's Check number 5701, in the amount of $9,226.89, representing all funds on deposit in Family Federal Savings account number 2012002144, seized by the Massachusetts State Police on March 9, 2004;

f.      Clinton Savings Bank Treasurer's Check number 14360, in the amount of $6,350.02, representing all funds on deposit in Clinton Savings Bank account number 117000980, seized by the Massachusetts State Police on March 9, 2004;

g.      Cambridge Trust Company Treasurer's Check number 110309, in the amount of $60,844.19, representing all funds on deposit in certificate of deposit account numbers 73503526, 73503527, 73503528, 73503529, 73503531, 73503532, 73503533, 73503534, and 73503535, seized by the Massachusetts State Police on March 9, 2004;

h.      $3,359.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from Arthur Gianelli in Lynnfield, Massachusetts;

i.      $1,705.00 in United States currency seized by the Massachusetts State Police on March 9, 2004 from Dennis Albertelli in Dracut, Massachusetts;

j.      $103,155.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from 151 Hudson Road, Stow, Massachusetts;

k.      $1,880 in United States currency seized by the Massachusetts State Police on March 5, 2004 from Dennis Albertelli in Hudson, Massachusetts;

l.      $641.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from 48 Pleasant Street, Stoneham, Massachusetts;

m.      one 2.01 carat diamond ring, seized by the Massachusetts State Police on March 5, 2004 from 151 Hudson Road, Stow, Massachusetts; and

n.      $39,000 in United States currency seized on January 6, 2005 from 420 Main Street, Lynnfield, Massachusetts.

3.      If any of the property described in paragraph 2 hereof as being forfeitable pursuant to Title 18, United States Code, Section 1963, as a result of any act and omission of the defendants --

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred to, sold to, or deposited with a third party;

c.      has been placed beyond the jurisdiction of this Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the property described in subparagraphs a through e hereof, including without limitation:

(a)      Eastern Bank Treasurer's Check number 00691882, in the amount of $204,594.62, representing all funds on deposit in account number 00200402089, seized by the Massachusetts State Police on March 9, 2004.

4.      The above named defendants and each of them are jointly and severally liable for the forfeiture obligations as alleged above.

All pursuant to Title 18, United States Code, Section 1963.

## GAMBLING FORFEITURE ALLEGATIONS

1.    The allegations of Counts Three through Seven of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c), Title 28 U.S.C., Section 2461(c) and 18 U.S.C. § 1955(d).

2.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 1955(d), each defendant who is convicted of one or more of the offenses set forth in Counts Three through Seven of this indictment shall forfeit to the United States the following property:

(a)    Any property, real or personal, which constitutes or is derived from proceeds traceable to each offenses in violation of Title 18, United States Code, Section 1955, and any property, including money, used in violation of the provisions of Title 18, United States Code, Section 1955.

(b)    A sum of money equal to the total amount of proceeds traceable to those offenses, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

The property to be forfeited by the defendants pursuant to Sections 981(a)(1)(C) and 1955(d) includes, but is not limited to, the following assets:

(a)    The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille, a Massachusetts corporation, and The Big Dog Realty Trust;

(b) the real property and buildings located at 420 Main Street, Lynnfield, Massachusetts, title to which appears in a deed recorded at the Essex County Registry of Deeds, Book 16986, Page 591;

(c) the real property, with all rights appertaining thereto, known as Unit 334-9, created by Master Deed dated June 30, 1980 and recorded with the Suffolk County Registry of Deeds, Book 9482, Page 186, and located at 334 Beacon Street, Unit 9, Boston, Massachusetts, title to which appears in a deed recorded at the Suffolk County Registry of Deeds, Book 22460, Page 248;

(d) the real property, with all rights appertaining thereto, known as Unit No. 405B, as described in the Master Condominium Certificate of Title and in the Master Deed Document No. 614053 as amended and indicated on Condominium Plan No. 17257 C-4, and located at The Gables, Unit 405-B, Dedham Street, Newton, Massachusetts, title to which appears in a deed recorded with the Middlesex Land Court, Document No. U2058, Book U11, Page 58;

(e) Eastern Bank Treasurer's Check number 00691883, in the amount of $24,039.15, representing all funds on deposit in Eastern Bank account number 0402231385, seized by the Massachusetts State Police on March 9, 2004;

(f) Family Federal Savings Treasurer's Check number 5701, in the amount of $9,226.89, representing all funds on deposit in Family Federal Savings account number 2012002144, seized by the Massachusetts State Police on March 9, 2004;

(g) Clinton Savings Bank Treasurer's Check number 14360, in the amount of $6,350.02, representing all funds on deposit in Clinton Savings Bank account number 117000980, seized by the Massachusetts State Police on March 9, 2004;

(h)     Cambridge Trust Company Treasurer's Check number 110309, in the amount of $60,844.19, representing all funds on deposit in certificate of deposit account numbers 73503526, 73503527, 73503528, 73503529, 73503531, 73503532, 73503533, 73503534, and 73503535, seized by the Massachusetts State Police on March 9, 2004;

(i)     $3,359.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from Arthur Gianelli in Lynnfield, Massachusetts;

(j)     $1,705.00 in United States currency seized by the Massachusetts State Police on March 9, 2004 from Dennis Albertelli in Dracut, Massachusetts;

(k)     $103,155.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from 151 Hudson Road, Stow, Massachusetts;

(l)     $1,880 in United States currency seized by the Massachusetts State Police on March 5, 2004 from Dennis Albertelli in Hudson, Massachusetts;

(m)     $641.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from 48 Pleasant Street, Stoneham, Massachusetts;

(n)     one 2.01 carat diamond ring, seized by the Massachusetts State Police on March 5, 2004 from 151 Hudson Road, Stow, Massachusetts; and

(o)     $39,000 in United States currency seized on January 6, 2005 from 420 Main Street, Lynnfield, Massachusetts.

3.     If any of the property described in paragraph 2 hereof as being forfeitable pursuant to Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 1955(d), as a result of any act and omission of the defendants --

a.     cannot be located upon the exercise of due diligence;

    b.      has been transferred to, sold to, or deposited with a third party;

    c.      has been placed beyond the jurisdiction of this Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without

difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(b)(1)(A) and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendants up to the value of the property listed in subparagraphs a through e hereof, including without limitation:

    a.      Eastern Bank Treasurer's Check number 00691882, in the amount of $204,594.62, representing all funds on deposit in account number 00200402089, seized by the Massachusetts State Police on March 9, 2004.

All pursuant to Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 1955(d).

## MONEY LAUNDERING FORFEITURE ALLEGATIONS

1.    The allegations of Counts Eight through Two Hundred Seventy-Two, Two Hundred Seventy-Nine, and Two Hundred Eighty-Four through Four Hundred Ninety-Two of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2.    Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of one or more of the offenses set forth in Counts Eight through Two Hundred Seventy-Two, Two Hundred Seventy-Nine, and Two Hundred Eighty-Four through Four Hundred Ninety-Two of this indictment shall forfeit to the United States the following property:

a.    Any property, real or personal, involved in each offense in violation of Title 18, United States Code, Section 1956, for which the defendant is convicted, and all property traceable to such property.

b.    A sum of money equal to the total amount of money involved in each offense in violation of Title 18, United States Code, Section 1956, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

The property to be forfeited by the defendants pursuant to Section 982(a)(1) includes, but is not limited to, the following assets:

(a)    The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille, a Massachusetts corporation, and The Big Dog Realty Trust;

(b) the real property and buildings located at 420 Main Street, Lynnfield, Massachusetts, title to which appears in a deed recorded at the Essex County Registry of Deeds, Book 16986, Page 591;

(c) the real property, with all rights appertaining thereto, known as Unit 334-9, created by Master Deed dated June 30, 1980 and recorded with the Suffolk County Registry of Deeds, Book 9482, Page 186, and located at 334 Beacon Street, Unit 9, Boston, Massachusetts, title to which appears in a deed recorded at the Suffolk County Registry of Deeds, Book 22460, Page 248;

(d) the real property, with all rights appertaining thereto, known as Unit No. 405B, as described in the Master Condominium Certificate of Title and in the Master Deed Document No. 614053 as amended and indicated on Condominium Plan No. 17257 C-4, and located at The Gables, Unit 405-B, Dedham Street, Newton, Massachusetts, title to which appears in a deed recorded with the Middlesex Land Court, Document No. U2058, Book U11, Page 58;

(e) Eastern Bank Treasurer's Check number 00691883, in the amount of $24,039.15, representing all funds on deposit in Eastern Bank account number 0402231385, seized by the Massachusetts State Police on March 9, 2004;

(f) Family Federal Savings Treasurer's Check number 5701, in the amount of $9,226.89, representing all funds on deposit in Family Federal Savings account number 2012002144, seized by the Massachusetts State Police on March 9, 2004;

(g) Clinton Savings Bank Treasurer's Check number 14360, in the amount of $6,350.02, representing all funds on deposit in Clinton Savings Bank account number 117000980, seized by the Massachusetts State Police on March 9, 2004;

(h)    Cambridge Trust Company Treasurer's Check number 110309, in the amount of $60,844.19, representing all funds on deposit in certificate of deposit account numbers 73503526, 73503527, 73503528, 73503529, 73503531, 73503532, 73503533, 73503534, and 73503535, seized by the Massachusetts State Police on March 9, 2004; and

(i)    one 2.01 carat diamond ring, seized by the Massachusetts State Police on March 5, 2004 from 151 Hudson Road, Stow, Massachusetts.

3.    If any of the property described in paragraph 2 hereof as being forfeitable pursuant to Title 18, United States Code, Section 982, as a result of any act and omission of the defendants --

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred to, sold to, or deposited with a third party;

c.    has been placed beyond the jurisdiction of this Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1)(A), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendants up to the value of the property listed in subparagraphs a through e hereof, including without limitation:

(a)    Eastern Bank Treasurer's Check number 00691882, in the amount of $204,594.62, representing all funds on deposit in account number 00200402089, seized by the Massachusetts State Police on March 9, 2004.

All pursuant to Title 18, United States Code, Section 982.

Page 152

## ARSON FORFEITURE ALLEGATIONS

1.     The allegations of Counts Two Hundred Seventy-Four and Two Hundred Seventy-Five of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(B).

2.     As a result of the offenses in violation of Title 18, United States Code, Section 844, set forth in Counts Two Hundred Seventy-Four and Two Hundred Seventy-Five of this indictment, the defendants

**ARTHUR GIANELLI,
DENNIS ALBERTELLI A/K/A "FISH," and
FRANK IACABONI**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses.

3.     If any of the property described in paragraph 2 hereof as being forfeitable pursuant to Title 18, United States Code, Section 982, as a result of any act or omission of the defendants --

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred to, sold to, or deposited with a third party;

c.     has been placed beyond the jurisdiction of this Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1)(A), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all

other property of the defendants up to the value of the property listed in subparagraphs a through e hereof.

All pursuant to Title 18, United States Code, Section 982.

## EXTORTION FORFEITURE ALLEGATIONS

1.     The allegations of Counts Two Hundred Seventy-Six, Two Hundred Seventy-Seven, and Two Hundred Eighty through Two Hundred Eighty-Three of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), each defendant who is convicted of one or more of the offenses set forth in Counts Two Hundred Seventy-Six, Two Hundred Seventy-Seven, and Two Hundred Eighty through Two Hundred Eighty-Three of this indictment, shall forfeit to the United States the following property:

(a)     Any property, real or personal, which constitutes or is derived from proceeds traceable to each offense in violation of Title 18, United States Code, Section 1951.

(b)     A sum of money equal to the total amount of proceeds traceable to those offenses, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

3.     If any of the property described in paragraph 2 hereof as being forfeitable pursuant to Title 18, United States Code, Section 981, as a result of any act or omission of the defendants --

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred to, sold to, or deposited with a third party;

c.     has been placed beyond the jurisdiction of this Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in subparagraphs a through e hereof.

All pursuant to Title 18, United States Code, Section 981 and 28 United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON OF THE GRAND JURY

ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; September 13, 2006.

Returned into the District Court by the Grand Jurors and filed.

4:45 pm

DEPUTY CLERK

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:** _____Boston_____   **Category No.** _1_____   **Investigating Agency** _MSP/IRS/ATF_____

**City** _Boston_____   **Related Case Information:**

**County** _Suffolk_____

Superseding Ind./ Inf. ____Indictment_____ Case No. ___05-10003-NMG___
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name _Eneyda Gonzalez Rodriguez_____   Juvenile   ☐ Yes   ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** _____   **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_____   **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☐ No   **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No   If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2) ☐ Yes ☐ No

**Matter to be SEALED:** ☒ Yes   ☐ No

☒ **Warrant Requested**   ☐ **Regular Process**   ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ in _____ .
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☐ **On Pretrial Release:** **Ordered by** _____ **on** _____

**Charging Document:**   ☐ Complaint   ☐ Information   ☒ Indictment

**Total # of Counts:**   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony _9_

**Continue on Page 2 for Entry of U.S.C. Citations**

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
accurately set forth above.

**Date:** _9/13/06_   **Signature of AUSA:** _Michael L. Tabak_

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant      Eneyda Gonzalez Rodriguez _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2  18 USC 1962(c) | Racketeering | 2 |
| Set 3  18 USC 1955 | Illegal Gambling Business | 3 |
| Set 4  18 USC 1084 | Use of Wire Communication Facility | 6, 7 |
| Set 5  18 USC 1956(h) | Money Laundering Conspiracy | 235 |
| Set 6  18 USC 1956(a)(1)(A)(i) & 1956 (a)(1)(B)(i) | Money Laundering | 236-238 |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

# Criminal Case Cover Sheet                    U.S. District Court - District of Massachusetts

**Place of Offense:** _____Boston_____    **Category No.** _1_____    **Investigating Agency** _MSP/IRS/ATF_____

**City** _Boston_____    **Related Case Information:**

**County** _Suffolk_____    Superseding Ind./ Inf. __Indictment____   Case No. __05-10003-NMG__
Same Defendant _____   New Defendant _____
Magistrate Judge Case Number      _____
Search Warrant Case Number        _____
R 20/R 40 from District of        _____

**Defendant Information:**

Defendant Name _Stephen Russo_____    Juvenile   ☐ Yes   ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** _____    **Address:** _____
_____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_____    **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☐ No    **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No    If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2) ☐ Yes ☐ No

**Matter to be SEALED:** ☒ Yes   ☐ No

☒ **Warrant Requested**    ☐ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ in _____ .
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☐ **On Pretrial Release:** **Ordered by** _____ on _____

**Charging Document:**   ☐ **Complaint**    ☐ **Information**    ☒ **Indictment**

**Total # of Counts:**   ☐ **Petty** _____   ☐ **Misdemeanor** _____   ☒ **Felony** _5_

**Continue on Page 2 for Entry of U.S.C. Citations**

☐      I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
accurately set forth above.

**Date:** _9/13/06_    **Signature of AUSA:** _Michael K Tabak_

JS 45 (5/97) - (Revised USAO MA 11/15/05) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**     **Stephen Russo** _____

## U.S.C. Citations

| **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|
| Set 1 __18 USC 1962(d)__ | Racketeering Conspiracy | __1__ |
| Set 2 __18 USC 1962(c)__ | Racketeering | __2__ |
| Set 3 __18 USC 1955__ | Illegal Gambling Business | __3__ |
| Set 4 __18 USC 1084__ | Use of Wire Communication Facility | __6, 7__ |
| Set 5 _____ | | |
| Set 6 _____ | | |
| Set 7 _____ | | |
| Set 8 _____ | | |
| Set 9 _____ | | |
| Set 10 _____ | | |
| Set 11 _____ | | |
| Set 12 _____ | | |
| Set 13 _____ | | |
| Set 14 _____ | | |
| Set 15 _____ | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 11/15/05)

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:** _____ Boston _____    **Category No.** _1_____    **Investigating Agency** _MSP/IRS/ATF_____

**City** _Boston_____    **Related Case Information:**

**County** _Suffolk_____    Superseding Ind./ Inf. _Indictment_____ Case No. _05-10003-NMG___
                                        Same Defendant _____ New Defendant _____
                                        Magistrate Judge Case Number _____
                                        Search Warrant Case Number _____
                                        R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name _Michael Pinialis_____    Juvenile   ☐ Yes   ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** _____    **Address:** _____
                                                                    _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_____    **Bar Number if applicable** _____

**Interpreter:**   ☐ Yes ☐ No    **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No    If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2)  ☐ Yes ☐ No

**Matter to be SEALED:**   ☒ Yes   ☐ No

        ☒ **Warrant Requested**        ☐ **Regular Process**        ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ in _____  .
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☐ **On Pretrial Release:**   Ordered by _____ on _____

**Charging Document:**   ☐ Complaint   ☐ Information   ☒ Indictment

**Total # of Counts:**   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony  _9_

**Continue on Page 2 for Entry of U.S.C. Citations**

☐   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
    accurately set forth above.

Date: _9/13/06_        Signature of AUSA: _Michael T. Tabak_

JS 45 (5/97) - (Revised USAO MA 11/15/05) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    **Michael Pinialis** _____

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1 **18 USC 1962(d)** | **Racketeering Conspiracy** | **1** |
| Set 2 **18 USC 1962(c)** | **Racketeering** | **2** |
| Set 3 **18 USC 1955** | **Illegal Gambling Business** | **3** |
| Set 4 **18 USC 1084** | **Use of Wire Communication Facility** | **6, 7** |
| Set 5 **18 USC 1956(h)** | **Money Laundering Conspiracy** | **235** |
| Set 6 **18 USC 1956(a)(1)(A)(i) & 1956 (a)(1)(B)(i)** | **Money Laundering** | **236-238** |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 11/15/05)

| **Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts** |
|---|---|

**Place of Offense:** _____ Boston _____ **Category No.** _1_____  **Investigating Agency** _MSP/IRS/ATF_____

**City** _Boston_____  **Related Case Information:**

**County** _Suffolk_____  Superseding Ind./ Inf. _Indictment____  Case No. _05-10003-NMG_
Same Defendant _____  New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name _Mary Ann Gianelli_____  Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** _____  Address: _____
_____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_____  **Bar Number if applicable** _____

**Interpreter:**  ☐ Yes ☐ No  **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No  If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2) ☐ Yes ☐ No

**Matter to be SEALED:**  ☒ Yes  ☐ No

☒ **Warrant Requested**  ☐ **Regular Process**  ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ in _____ .
☐ **Already in State Custody** _____  ☐ **Serving Sentence**  ☐ **Awaiting Trial**
☐ **On Pretrial Release:**  **Ordered by** _____ on _____

**Charging Document:**  ☐ Complaint  ☐ Information  ☒ Indictment

**Total # of Counts:**  ☐ Petty _____  ☐ Misdemeanor _____  ☒ Felony _160_

**Continue on Page 2 for Entry of U.S.C. Citations**

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: **9/13/06**  Signature of AUSA: _Michael L. Tabak_

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant     Mary Ann Gianelli _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2  18 USC 1962(c) | Racketeering | 2 |
| Set 3  18 USC 1955 | Illegal Gambling Business | 4 |
| Set 4  18 USC 1956(h) | Money Laundering Conspiracy | 186 |
| Set 5  18 USC 1956(a)(1)(A)(i) & 1956 (a)(1)(B)(i) | Money Laundering | 187-234, 330-422 |
| Set 6  31 USC 5324(a) | Structuring Cash Transactions | 493-495, 496-505 |
| Set 7  26 USC 7206(1) | Making & Subscribing False Tax Return | 506, 507 |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO-MA 1/17/05)

# Criminal Case Cover Sheet

# U.S. District Court - District of Massachusetts

**Place of Offense:** _____ Boston _____    **Category No.** _1_____    **Investigating Agency** _MSP/IRS/ATF_

**City** _Boston_____    **Related Case Information:**

**County** _Suffolk_____

Superseding Ind./ Inf. ___Indictment____  Case No. ___05-10003-NMG__

Same Defendant _____  New Defendant _____

Magistrate Judge Case Number _____

Search Warrant Case Number _____

R 20/R 40 from District of _____

## Defendant Information:

Defendant Name _Philip Puopolo_____    Juvenile ☐ Yes ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** _____    **Address:** _____

_____

**Bar Number:** _____

## U.S. Attorney Information:

**AUSA** _Michael L. Tabak_____    **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☐ No    **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No    **If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2)** ☐ Yes ☐ No

**Matter to be SEALED:** ☒ Yes ☐ No

☒ **Warrant Requested**    ☐ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ **in** _____ .

☐ **Already in State Custody** ☐ **Serving Sentence** ☐ **Awaiting Trial**

☐ **On Pretrial Release: Ordered by** _____ **on** _____

**Charging Document:** ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:** ☐ Petty _____ ☐ Misdemeanor _____ ☒ Felony _19_

### Continue on Page 2 for Entry of U.S.C. Citations

☐    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: _9/13/06_    Signature of AUSA: _Michael R. Tabak_

JS 45 (5/97) - (Revised USAO MA 11/15/05)  Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    __Philip Puopolo_____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2   18 USC 1962(c) | Racketeering | 2 |
| Set 3   18 USC 1955 | Illegal Gambling Business | 3, 4 |
| Set 4   18 USC 1084 | Use of Wire Communication Facility | 6, 7 |
| Set 5   18 USC 892(a) | Extortionate Extension of Credit | 508 |
| Set 6   18 USC 894(a)(1) | Extortionate Collection of Credit | 510,  513, 515, 517, 519 |
| Set 7   18 USC 1512(b)(1) | Witness Tampering | 511, 520 |
| Set 8   18 USC 894(a)(1) | Extortionate Collection of Credit Conspiracy | 509, 512, 514, 516, 518 |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

JS 45 (5/97) - (Revised USAO MA 11/15/05)

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:** ___Boston___    **Category No.** _1_    **Investigating Agency** _MSP/IRS/ATF_

**City** _Boston_                    **Related Case Information:**

**County** _Suffolk_

Superseding Ind./ Inf. ___Indictment___    Case No. ___05-10003-NMG___
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number    _____
Search Warrant Case Number    _____
R 20/R 40 from District of    _____

**Defendant Information:**

Defendant Name  _Arthur Gianelli_                    Juvenile   ☐ Yes   ☒ No

Alias Name _____

Address _____

Birth date (Year only): _1957_  SSN (last 4 #): _1509_ Sex _M_ Race: _C_    Nationality: _____

**Defense Counsel if known:**    **Richard M. Egbert**    Address: _99 Summer Street, Suite 1800_
                                                                _Boston, MA 02110_
**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_                    Bar Number if applicable _____

**Interpreter:**   ☐ Yes ☐ No        List language and/or dialect: _____

**Victims:** ☐ Yes ☐ No    If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2) ☐ Yes ☐ No

**Matter to be SEALED:**    ☒ Yes    ☐ No

        ☐ **Warrant Requested**        ☐ **Regular Process**        ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☒ **Already in Federal Custody as** _____ **in** _____ .
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☐ **On Pretrial Release:**   **Ordered by** _____ **on** _____

**Charging Document:**    ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony  _330_

**Continue on Page 2 for Entry of U.S.C. Citations**

☐    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
accurately set forth above.

Date: _9/13/06_        Signature of AUSA: _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 11/15/05) Page 2 of 2 or Reverse

**District Court Case Number  (To be filled in by deputy clerk):** _____

**Name of Defendant** _____Arthur Gianelli_____

## U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2 | 18 USC 1962(c) | Racketeering | 2 |
| Set 3 | 18 USC 1955 | Illegal Gambling Business | 3, 4 ,5 |
| Set 4 | 18 USC 1084 | Use of Wire Communication Facility | 6, 7 |
| Set 5 | 18 USC 1956(h) | Money Laundering Conspiracy | 8 |
| Set 6 | 18 USC 1956(a)(1)(A)(i) & 1956 (a)(1)(B)(i) | Money Laundering | 10-86, 88-185, 187-234, 236-238, 239-272, 284-306, 307-309, 310-329 |
| Set 7 | 18 USC 371 | Conspiracy | 273 |
| Set 8 | 18 USC 844(i) | Arson | 274 |
| Set 9 | 18 USC 844(h)(1) | Use of Fire to Commit a Federal Felony | 275 |
| Set 10 | 18 USC 1951 | Conspiracy to Commit Extortion | 276, 280, 281, 282, 283 |
| Set 11 | 18 USC 1951 | Attempted Extortion | 277 |
| Set 12 | 18 USC 1952(a)(3) | Interstate Travel in Aid of Racketeering | 278 |
| Set 13 | 18 USC 894(a)(1) | Extortionate Collection of Credit | 513, 517, 519 |
| Set 14 | 18 USC 894(a)(1) | Extortionate Collection of Credit Conspiracy | 512, 516, 518 |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

**Criminal Case Cover Sheet**                          **U.S. District Court - District of Massachusetts**

**Place of Offense:** _____Boston_____   **Category No.** _1_____   **Investigating Agency** _MSP/IRS/ATF_____

**City** _Boston_____         **Related Case Information:**

**County** _Suffolk_____   Superseding Ind./ Inf. __Indictment_____ Case No. __05-10003-NMG___
                                       Same Defendant _____ New Defendant _____
                                       Magistrate Judge Case Number   _____
                                       Search Warrant Case Number     _____
                                       R 20/R 40 from District of     _____

**Defendant Information:**

Defendant Name  _Dennis Albertelli_____         Juvenile      | | Yes    |x| No

Alias Name  _____

Address  _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** _Charles Rankin_____   **Address:** _151 Merrimac Street, 2nd Floor___
                                                                            _Boston, MA 02114_____
**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_____   **Bar Number if applicable** _____

**Interpreter:**   | | Yes | | No       **List language and/or dialect:** _____

**Victims:** | | Yes | | No   **If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2)** | | Yes | | No

**Matter to be SEALED:**   |X| Yes    | | No

    | | **Warrant Requested**        | | **Regular Process**              | | **In Custody**

**Location Status:**

**Arrest Date:** _____

| | **Already in Federal Custody as** _____ in _____ .
| | **Already in State Custody** _____ | | **Serving Sentence** | | **Awaiting Trial**
|X| **On Pretrial Release:**  Ordered by _Maj. Judge Swartwood_____ on _____

**Charging Document:**    | | Complaint      | | Information       |X| Indictment

**Total # of Counts:**    | | Petty _____  | | Misdemeanor _____  |X| Felony  _302_

**Continue on Page 2 for Entry of U.S.C. Citations**

| | I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
accurately set forth above.

Date:  _9/13/06_        **Signature of AUSA:** _Michael L. Tabak_

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant     Dennis Albertelli _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2  18 USC 1962(c) | Racketeering | 2 |
| Set 3  18 USC 1955 | Illegal Gambling Business | 3, 4 ,5 |
| Set 4  18 USC 1084 | Use of Wire Communication Facility | 6, 7 |
| Set 5  18 USC 1956(h) | Money Laundering Conspiracy | 8 |
| Set 6  18 USC 1956(a)(1)(A)(i) & 1956 (a)(1)(B)(i) | Money Laundering | 10-86, 88-185, 187-234, 236-238, 239-272, 279, 284-306, 423-426 |
| Set 7  18 USC 371 | Conspiracy | 273 |
| Set 8  18 USC 844(i) | Arson | 274 |
| Set 9  18 USC 844(h)(1) | Use of Fire to Commit a Federal Felony | 275 |
| Set 10 18 USC 1951 | Conspiracy to Commit Extortion | 276 |
| Set 11 18 USC 1951 | Attempted Extortion | 277 |
| Set 12 18 USC 1952(a)(3) | Interstate Travel in Aid of Racketeering | 278 |
| Set 13 _____ | | |
| Set 14 _____ | | |
| Set 15 _____ | | |

ADDITIONAL INFORMATION:

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:** _____Boston_____    **Category No.** _1_____    **Investigating Agency** _MSP/IRS/ATF_____

**City** _Boston_____    **Related Case Information:**

**County** _Suffolk_____    Superseding Ind./ Inf. __Indictment___    Case No. __05-10003-NMG__
                                      Same Defendant _____    New Defendant _____
                                      Magistrate Judge Case Number    _____
                                      Search Warrant Case Number    _____
                                      R 20/R 40 from District of    _____

**Defendant Information:**

Defendant Name _Frank Iacaboni_____    Juvenile    ☐ Yes    ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** **Thomas Butters**_____    **Address:** **One Exeter Plaza**_____
                                                                        **Boston, MA 02116**_____
**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_____    **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☐ No    **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No    **If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2)** ☐ Yes ☐ No

**Matter to be SEALED:** ☒ Yes    ☐ No

          ☐ **Warrant Requested**    ☐ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ **in** _____ .
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☒ **On Pretrial Release:** **Ordered by** _Maj. Judge Swartwood____ **on** _____

**Charging Document:**    ☐ **Complaint**    ☐ **Information**    ☒ **Indictment**

**Total # of Counts:**    ☐ **Petty** _____    ☐ **Misdemeanor** _____    ☒ **Felony** _9_____

**Continue on Page 2 for Entry of U.S.C. Citations**

☐    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
     accurately set forth above.

**Date:** _9/13/06_    **Signature of AUSA:** _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 11/15/05) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**     Frank Iacaboni _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2   18 USC 1962(c) | Racketeering | 2 |
| Set 3   18 USC 1955 | Illegal Gambling Business | 3, 5 |
| Set 4   18 USC 371 | Conspiracy | 273 |
| Set 5   18 USC 844(i) | Arson | 274 |
| Set 6   18 USC 844(h)(1) | Use of Fire to Commit a Federal Felony | 275 |
| Set 7   18 USC 1951 | Conspiracy to Commit Extortion | 276 |
| Set 8   18 USC 1951 | Attempted Extortion | 277 |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

**Criminal Case Cover Sheet**                     **U.S. District Court - District of Massachusetts**

**Place of Offense:** _____Boston_____    **Category No.** __1_____    **Investigating Agency** _MSP/IRS/ATF_____

**City** _Boston_____    **Related Case Information:**

**County** ___Suffolk_____    Superseding Ind./ Inf. ___Indictment_____    Case No. ___05-10003-NMG___
                                        Same Defendant _____    New Defendant _____
                                        Magistrate Judge Case Number _____
                                        Search Warrant Case Number _____
                                        R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name  _Gisele Albertelli_____    Juvenile    ☐ Yes    ☒ No

Alias Name  _____

Address  _____

Birth date (Year only): _____  SSN (last 4 #): _____  Sex ___ Race: _____  Nationality: _____

**Defense Counsel if known:**  **Page Kelley**_____    **Address:** **408 Atlantic Avenue**_____
                                                                  **Boston, MA 02210**_____
**Bar Number:**  _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_____    **Bar Number if applicable** _____

**Interpreter:**    ☐ Yes ☐ No    **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No    **If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2)** ☐ Yes ☐ No

**Matter to be SEALED:**    ☒ Yes    ☐ No

        ☐ **Warrant Requested**        ☐ **Regular Process**        ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ **in** _____ .
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☒ **On Pretrial Release:**  **Ordered by** _Maj. Judge Swartwood____ **on** _____

**Charging Document:**    ☐ **Complaint**    ☐ **Information**    ☒ **Indictment**

**Total # of Counts:**    ☐ **Petty**    ☐ **Misdemeanor** _____    ☒ **Felony**    _52_

**Continue on Page 2 for Entry of U.S.C. Citations**

☐    **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
      accurately set forth above.**

**Date:** _9/13/06_        **Signature of AUSA:** _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 11/15/05) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant** ___Gisele Albertelli_____

**U.S.C. Citations**

| **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|
| Set 1 | 18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2 | 18 USC 1962(c) | Racketeering | 2 |
| Set 3 | 18 USC 1955 | Illegal Gambling Business | 5 |
| Set 4 | 18 USC 1956(h) | Money Laundering Conspiracy | 186 |
| Set 5 | 18 USC 1956(a)(1)(A)(i) & 1956 (a)(1)(B)(i) | Money Laundering | 187-234 |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 11/15/05)

## Criminal Case Cover Sheet

### U.S. District Court - District of Massachusetts

**Place of Offense:** _____ Boston _____    **Category No.** _1_____    **Investigating Agency** _MSP/IRS/ATF_____

**City** _Boston_____

**County** _Suffolk_____

**Related Case Information:**

Superseding Ind./ Inf. ____Indictment_____    Case No. ___05-10003-NMG___
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

### Defendant Information:

Defendant Name _Joseph Yerardi_____    Juvenile  [ ] Yes  [x] No

Alias Name _____

Address _____

Birth date (Year only): _____  SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:**  **Francis DiMento, Sr.**_____    **Address:** _7 Faneuil Hall Marketplace___
                                                                                _Boston, MA 02109_____

**Bar Number:** _____

### U.S. Attorney Information:

**AUSA** _Michael L. Tabak_____    **Bar Number if applicable** _____

**Interpreter:**  [ ] Yes  [ ] No    **List language and/or dialect:** _____

**Victims:** [ ] Yes [ ] No    If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2)  [ ] Yes [ ] No

**Matter to be SEALED:**  [X] Yes  [ ] No

[ ] Warrant Requested    [ ] Regular Process    [ ] In Custody

**Location Status:**

**Arrest Date:** _____

[X] Already in Federal Custody as _____ in _____ .
[ ] Already in State Custody _____ [ ] Serving Sentence  [ ] Awaiting Trial
[ ] On Pretrial Release:  Ordered by _____ on _____

**Charging Document:**  [ ] Complaint    [ ] Information    [X] Indictment

**Total # of Counts:**  [ ] Petty _____  [ ] Misdemeanor _____  [X] Felony  _260_

### Continue on Page 2 for Entry of U.S.C. Citations

[ ]    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: **9/13/06**    Signature of AUSA: _Michael T. Tabak_

JS 45 (5/97) - (Revised USAO MA 11/15/05) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**   **Joseph Yerardi** _____

**U.S.C. Citations**

| | **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|---|
| Set 1 | 18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2 | 18 USC 1962(c) | Racketeering | 2 |
| Set 3 | 18 USC 1955 | Illegal Gambling Business | 3 |
| Set 4 | 18 USC 1084 | Use of Wire Communication Facility | 6, 7 |
| Set 5 | 18 USC 1956(h) | Money Laundering Conspiracy | 9, 87, 427 |
| Set 6 | 18 USC 1956(a)(1)(A)(i) & 1956 (a)(1)(B)(i) | Money Laundering | 10-86, 88-185, 428-492 |
| Set 7 | 18 USC 894(a)(1) | Extortionate Collection of Credit | 517 |
| Set 8 | 18 USC 894(a)(1) | Extortionate Collection of Credit Conspiracy | 516 |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 11/15/05)

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:** _____ Boston _____    **Category No.** _1_____    **Investigating Agency** _MSP/IRS/ATF_

**City** _Boston_____    **Related Case Information:**

**County** _Suffolk_____    Superseding Ind./ Inf. ___Indictment____    Case No. ___05-10003-NMG___
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name _Rafia Feghi_____    Juvenile ☐ Yes  ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** **Walter Prince, Paige Scott Reed**    **Address:** **585 Commercial Street**
                                                                                    **Boston, MA 02109**
**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** **Michael L. Tabak**_____    **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☐ No    **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No    **If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2)** ☐ Yes ☐ No

**Matter to be SEALED:** ☒ Yes  ☐ No

        ☐ **Warrant Requested**    ☐ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ **in** _____ .
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☒ **On Pretrial Release:**  Ordered by _Maj. Judge Swartwood_ **on** _____

**Charging Document:**    ☐ **Complaint**    ☐ **Information**    ☒ **Indictment**

**Total # of Counts:**    ☐ **Petty** _____    ☐ **Misdemeanor** _____    ☒ **Felony** _146_

**Continue on Page 2 for Entry of U.S.C. Citations**

☐    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** **9/13/06**    **Signature of AUSA:** _Michael L. Tabak_

**District Court Case Number  (To be filled in by deputy clerk):** _____

**Name of Defendant      Rafia Feghi** _____

**U.S.C. Citations**

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| **Set 1** 18 USC 1962(d) | Racketeering Conspiracy | 1 |
| **Set 2** 18 USC 1962(c) | Racketeering | 2 |
| **Set 3** 18 USC 1956(h) | Money Laundering Conspiracy | 9, 427 |
| **Set 4** 18 USC 1956(a)(1)(A)(i) & 1956 (a)(1)(B)(i) | Money Laundering | 10-86, 428-492 |
| **Set 5** | | |
| **Set 6** | | |
| **Set 7** | | |
| **Set 8** | | |
| **Set 9** | | |
| **Set 10** | | |
| **Set 11** | | |
| **Set 12** | | |
| **Set 13** | | |
| **Set 14** | | |
| **Set 15** | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 11/15/05)

| **Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts** |
|---|---|

**Place of Offense:** _____Boston_____    **Category No.** _1_____    **Investigating Agency** _MSP/IRS/ATF_____

**City** _Boston_____    **Related Case Information:**

**County** _Suffolk_____

Superseding Ind./ Inf. ___Indictment_____    Case No. ___05-10003-NMG___
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name _Randy Albertelli_____    Juvenile    ☐ Yes    ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** **Raymond O' Hara**_____    **Address: 1 Exchange Place**
**Worcester, MA 01608**

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_____    **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☐ No    **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No    If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2) ☐ Yes ☐ No

**Matter to be SEALED:** ☒ Yes    ☐ No

☐ **Warrant Requested**    ☐ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ in _____ .
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☒ **On Pretrial Release:** Ordered by _Maj. Judge Swartwood_____ on _____

**Charging Document:**    ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony   _6_

**Continue on Page 2 for Entry of U.S.C. Citations**

☐    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
accurately set forth above.

Date: _9/13/06_    **Signature of AUSA:** _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 11/15/05) Page 2 of 2 or Reverse

**District Court Case Number  (To be filled in by deputy clerk):** _____

**Name of Defendant      Randy Albertelli** _____

<b>U.S.C. Citations</b>

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2   18 USC 1962(c) | Racketeering | 2 |
| Set 3   18 USC 1955 | Illegal Gambling Business | 3, 5 |
| Set 4   18 USC 1084 | Use of Wire Communication Facility | 6, 7 |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 11/15/05)

## Criminal Case Cover Sheet
## U.S. District Court - District of Massachusetts

**Place of Offense:** _____ Boston _____    **Category No.** 1 _____    **Investigating Agency** MSP/IRS/ATF _____

**City** Boston _____

**Related Case Information:**

**County** Suffolk _____

Superseding Ind./ Inf. _Indictment_ _____    Case No. _05-10003-NMG_

Same Defendant _____    New Defendant _____

Magistrate Judge Case Number _____

Search Warrant Case Number _____

R 20/R 40 from District of _____

### Defendant Information:

Defendant Name _Salvatore Ramasci_ _____    Juvenile ☐ Yes ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex __ Race: _____ Nationality: _____

**Defense Counsel if known:** **Joseph Balliro, Sr.** _____    **Address:** **99 Summer Street**

**Boston, MA 02110**

**Bar Number:** _____

### U.S. Attorney Information:

**AUSA** **Michael L. Tabak** _____    **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☐ No    **List language and/or dialect:** _____

**Victims:** ☐ Yes ☐ No    If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2) ☐ Yes ☐ No

**Matter to be SEALED:** ☒ Yes ☐ No

☐ **Warrant Requested**    ☐ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ **in** _____ .

☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**

☒ **On Pretrial Release:** **Ordered by** _Maj. Judge Swartwood_ **on** _____

**Charging Document:** ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:** ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony 218

**Continue on Page 2 for Entry of U.S.C. Citations**

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** 9/13/06    **Signature of AUSA:** _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 11/15/05) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    Salvatore Ramasci _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962(d) | Racketeering Conspiracy | 1 |
| Set 2  18 USC 1962(c) | Racketeering | 2 |
| Set 3  18 USC 1955 | Illegal Gambling Business | 3, 4 |
| Set 4  18 USC 1084 | Use of Wire Communication Facility | 6, 7 |
| Set 5  18 USC 1956(h) | Money Laundering Conspiracy | 8 |
| Set 6  18 USC 1956(a)(1)(A)(i) & 1956 (a)(1)(B)(i) | Money Laundering | 10-86, 88-185, 239-272 |
| Set 7  18 USC 894(a)(1) | Extortionate Collection of Credit | 519 |
| Set 8  18 USC 894(a)(1) | Extortionate Collection of Credit Conspiracy | 518 |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION: