UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )   Crim. No. 05-10003-NMG |
| ARTHUR GIANELLI, et al., | ) |
| | ) |
| Defendants. | ) |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DISCOVERY MOTION

The government respectfully submits this memorandum in opposition to the motion for discovery that was filed by defendant Philip Puopolo and joined in by defendants Arthur Gianelli, Gisele Albertelli, and Rafia Feghi.

Introduction

The government has produced voluminous discovery in this case, including thousands of documents and thousands of recorded conversations.

The defendants' discovery motion should be denied in its entirety, because parts of it are beyond the jurisdiction of this Court, and because the defendants' requests lack merit.

The Jencks Act and This District's Local Rules Regarding Discovery in Criminal Cases

The Jencks Act, 18 U.S.C. § 3500, provides, in pertinent part:

> (a)  In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b)  After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the

> subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

*Similarly*, see Rule 26.2 of the Federal Rules of Criminal Procedure (which applies to defendants as well as the government, and applies to hearings as well as trials).

Thus, the Jencks Act explicitly states that witness statements are not discoverable until after the witness has testified on direct examination, and that the only witness statements that are discoverable are those that relate to the subject matter of the witness's direct testimony.

The First Circuit has reiterated that the Jencks Act means exactly what it says:

> The Jencks Act provides criminal defendants, for purposes of cross-examination, with a limited right to obtain certain witness statements that are in the government's possession. That right is subject to a temporal condition: it does *not vest until the witness takes the stand in the government's case and completes his direct testimony*. *Id*. § 3500(a). It is also subject to categorical, content-based restrictions delineated in the statute: *a statement is not open to production under the Jencks Act unless it ... relates to the same subject matter as the witness's direct testimony*, *id*. § 3500(b)....

*United States v. Houlihan*, 92 F.3d 1271, 1288 (1st Cir. 1996) (emphasis added).

The United States District Court for the District of Massachusetts has promulgated Local Rules that deal, in part, with discovery in criminal cases. Those rules prescribe specific times by which certain types of discovery are to be provided, *see* L.R. 116.1, 116.2, 117.1(A), but do *not* purport to override the Jencks Act.

Thus, witness statements are *not* part of "automatic discovery," *see* L.R. 116.1, and L.R. 117.1(A)(5) merely directs the district judge who will preside at trial to "[d]etermine whether the parties have furnished statements, as defined by 18 U.S.C. § 3500(e) and Fed. R. Crim. P.

26.2(f), of witnesses they intend to call in their cases-in-chief and, if not, when they propose to do so."

This was not an oversight. As the Report of the Judicial Members of the Committee Established to Review and Recommend Revisions of the Local Rules of the United States District Court for the District of Massachusetts Concerning Criminal Cases (October 28, 1998) explained, at Part V.B.:

> In adopting the Rules, the District Court deemed it to be inappropriate to attempt to determine by rule whether actual witness statements within the meaning of the Jencks Act, 18 U.S.C. § 3500, may ever be properly ordered produced prior to the completion of a witness' direct testimony. *Compare, United States v. Snell*, 899 F. Supp. 17, 21 (D. Mass. 1995) (Gertner, J.) (requiring such disclosure) *and United States v. Campagnuolo*, 592 F.2d 852, 957-60 (5th Cir. 1979) (Wisdom, J.) (holding that Standing Order requiring disclosure of transcripts of exculpatory grand jury testimony long before trial was invalid to the extent that it allowed discovery beyond the limitations of the Jencks Act in part because of pretrial letter government sent advising defendant of witness' exculpatory testimony).
>
> The Rules do not generally require the disclosure of actual witness statements prior to the time established by the Jencks Act. In particular cases, however, the Constitution and the Rules may require that certain information contained in such statements be disclosed prior to trial. *See*, *e.g.*, *United States v. Salemme*, 1997 WL 810057, at *4-6 (D. Mass. Dec. 29, 1997) (Wolf, J.). In such cases, the government may have the options of fairly describing the information or instead voluntarily producing the actual statement prior to the time required by the Jencks Act.
>
> In any event, the Rules leave the resolution of the possible tension between the government's duty to disclose exculpatory information early enough to permit its effective use by the defendant and the provisions of the Jencks Act to be decided, if the issue arises, in the litigation of particular cases.

In the present case, the government has already given written notice to the defendants that the government plans to provide, by 21 days before trial, witness statements that would be producible under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, of witnesses whom the government plans to call during its case-in-chief. A copy of the government's letter, dated February 16, 2007, is attached hereto as Exhibit 1 and incorporated herein by reference.

That time frame is presumptively reasonable because it is the same as prescribed for production of most exculpatory and impeachment information under L.R. 116.2(B)(2).[1]

### Specific Requests in the Motion

The particular requests in the discovery motion should all be denied:

1.  <u>Tape Recordings of Defendants Made By Detention Facilities</u>. The only defendants who have been detained in this case are Arthur Gianelli, Joseph Yerardi, Jr., and Philip Puopolo. By letter dated February 16, 2007, the government notified the defendants that "The United States Attorney's Office and the investigative agencies working on this case have not obtained any recordings of defendant Philip Puopolo from his detention facility. We previously produced the only recordings that we have obtained from detention or prison facilities, namely certain calls of defendant Arthur Gianelli and certain calls of defendant Joseph Yerardi, Jr." The defendants have cited no authority for the proposition that Rule 16 requires the government to produce inmate

---

[1] The government has already made production of information pursuant to L.R. 116.2(B)(1).

recordings that have never been obtained or reviewed by the prosecutors or the investigators working on a case. Therefore, this request should be denied.[2]

    2.    <u>Additional Statements by Trooper Nunzio Orlando</u>. Trooper Orlando testified at the September 27, 2006 detention hearing before this Court and at the December 19, 2006 hearing before Judge Gorton on Puopolo's motion to revoke the detention decision. Before the hearings, the government provided the defendant with material covered by Rule 26.2 of the Federal Rules of Criminal Procedure. The material included a 14-page affidavit that Trooper Orlando signed on September 21, 2006, a 9-page affidavit that Trooper Orlando signed on September 26, 2006, and more than 600 pages of affidavits (dated November 18, 2004, December 2, 2004, December 17, 2004, December 23, 2004, December 30, 2004, January 14, 2005, January 27, 2005, February 14, 2005, February 18, 2005, and February 28, 2005) that Trooper Orlando had submitted in support of state wiretap applications. At the hearings, Trooper Orlando's direct testimony essentially tracked his September 21, 2006 and September 26, 2006 affidavits. Since Puopolo was not and is not entitled to receive statements of Trooper Orlando that did not relate to Trooper Orlando's direct testimony at those hearings, this request should be denied.

    3.    <u>Identification of Recordings to be Offered at Trial</u>. The defendants ask that this Court override the timing directive of Local Rule 117.1(A)(8)(b) and establish a time frame that is *thirteen (13) times* more favorable for the defense than the local rule provides. The defendants fail

---

[2] During the December 19, 2006 hearing before Judge Gorton on Puopolo's motion to revoke the detention order, Puopolo's attorney asked Trooper Nunzio Orlando whether he was "aware that the government is monitoring" Puopolo's phone calls from the detention facility. Trooper Orlando said yes, simply reflecting the fact that he is aware that jails routinely record inmates' outgoing phone calls. Trooper Orlando went on to testify that he has not listened to any of Puopolo's calls from the detention facility.

to offer sufficient grounds for this extraordinary request, which should therefore be denied. Moreover, the defendants purport to base this request on Local Rule 117.1(B), but by its very terms that authority is vested in "[t]he judge who will preside at trial."

4. <u>Physical Surveillance Logs and Reports</u>. Trooper Orlando's direct testimony at the above-described hearings did not discuss any physical surveillances that he conducted, so this request does not relate to his direct testimony and should be denied. Moreover, the defendants have offered no evidence that they were under physical surveillance 24 hours a day, 7 days a week during the entire period covered by the indictment -- or anything remotely close to that. Therefore, there is no factual basis for the defendants' "belie[f] that surveillance reports and logs compiled in this case would be exculpatory in that they would demonstrate the lack of relationship between the parties in this alleged racketeering enterprise." To the contrary, the government months ago produced wiretap recordings and other evidence (such as the affidavits of Trooper Orlando) evidencing the criminal relationship between various defendants in this case.

5. <u>Reports and Information About Execution of Search Warrants</u>. The government has long since provided the search warrants, the underlying affidavits, the returns, copies of many pertinent seized items, and access to all other seized items from the search warrants pertinent to this case. The defendants have not provided an adequate basis for demanding disclosure at this time of the identities of officers who participated in the searches or reports about the searches.

6. <u>Photographs and Videotapes From Physical Surveillances and Searches</u>. This request should be rejected for the same reason as the previous request.

7. <u>Other Crimes Evidence</u>. There are uncharged crimes, wrongs, and acts that are *not* covered by Rule 404(b) of the Federal Rules of Evidence and that are admissible because they are

inextricably intertwined with the facts of charged offenses and/or intrinsic to the government's proof of charged offenses. The defendants are not entitled to discovery of this type of evidentiary detail. To the extent there are uncharged crimes, wrongs, and acts that *are* covered by Rule 404(b) of the Federal Rules of Evidence, the government will provide notice by 21 days before trial, in accordance with Local Rule 117.1(A)(4)(b). The government will also provide information required by Rule 608(b) of the Federal Rules of Evidence by 21 days before trial, as provided by Local Rule 116.2(B)(2)(f). The defendants have not provided sufficient reason to ignore or override the time frames set forth in the Local Rules.

8.  <u>Rule 801(d)(2)(E) Evidence</u>. Evidence that would be admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence (co-conspirator statements) will be included in the Jencks Act material that will be produced as described above, or has already been produced, such as within wiretap and consensual tape recordings. The defendants have not provided sufficient reason for earlier production.

9.  <u>Exculpatory Evidence</u>. The government believes it has complied with Local Rule 116.2(B)(1) and, as provided by Local Rule 116.2(B)(2), plans to produce exculpatory evidence covered by Rule 116.2(B)(2) by 21 days before trial. Once again, the defendants have failed to show adequate reason for earlier production.

## Conclusion

For the foregoing reasons, the defendants' discovery motion should be denied in all respects.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:   /s/ Michael L. Tabak
       Michael L. Tabak
       Assistant U.S. Attorney
       Telephone: 617-748-3203

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered parties.

                /s/ Michael L. Tabak
                Michael L. Tabak
                Assistant United States Attorney

Date: March 14, 2007



U.S. Department of Justice

**Michael J. Sullivan**
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

February 16, 2007

Richard M. Egbert, Esq.
Law Office of Richard M. Egbert
99 Summer Street, Suite 1800
Boston, MA  02110
*Counsel for Arthur Gianelli*

Raymond A. O'Hara, Esq.
1 Exchange Place
Worcester, MA 01608
*Counsel for Randy Albertelli*

Francis J. DiMento, Esq.
DiMento & Sullivan
7 Faneuil Hall Marketplace
Boston, MA  02109-1649
*Counsel for Joseph Yerardi, Jr.*

Page Kelley, Esq.
Federal Defenders
408 Atlantic Avenue
Boston, MA  02210
*Counsel for Gisele Albertelli*

Charles W. Rankin, Esq.
Rankin & Sultan
151 Merrimac Street, Second Floor
Boston, MA  02114-4717
*Counsel for Dennis Albertelli*

Walter B. Prince, Esq. and Paige A. Scott Reed, Esq.
Prince, Lobel Glovsky & Tye, LLP
585 Commercial Street
Boston, MA  02109
*Counsel for Rafia Feghi*

Joseph J. Balliro, Sr., Esq.
Balliro & Mondano
99 Summer Street, Suite 1800
Boston, MA 02110
*Counsel for Salvatore Ramasci*

Thomas J. Butters, Esq. and John H. Brazilian, Esq.
Butters Brazilian LLP
One Exeter Plaza
Boston, MA  02116
*Counsel for Frank Iacaboni*

Michael Bourbeau, Esq.
77 Central Street - 2nd Floor
Boston, MA  02109
*Counsel for Philip Puopolo*

Stephen J. Weymouth, Esq.
65a Atlantic Avenue
Boston, MA 02210
*Counsel for Stephen Russo*

E. Peter Parker, Esq.
151 Merrimac Street
Boston, MA 02114
*Counsel for Mary Ann Gianelli*

Re:  United States v. Arthur Gianelli, et al.
Crim. No. 05-10003-NMG

Dear Counsel:

This letter is sent in response to the January 23, 2007 discovery letter from Michael Bourbeau and Stephen Weymouth, counsel (respectively) to defendants Philip Puopolo and Stephen Russo;[1] and the January 29, 2007 discovery letter from Walter B. Prince, counsel for defendant Rafia Feghi.  In those letters, defendants have requested additional discovery pursuant to Local Rule 116.3.

I.  Responses to Requests in January 23, 2007 Letter from Messrs. Bourbeau and Weymouth

A.  Discovery Requests

1. Any telephone toll records not previously produced will be made available for inspection, upon request.

2. Any bank or credit card records not previously produced will be made available for inspection, upon request.

3. The government did not obtain records from Internet service providers, other than information relating to operation of the Duke Sports website.

4. The United States Attorney's Office and the investigative agencies working on this case have not obtained any recordings of defendant Philip Puopolo from his detention facility.  We previously produced the only recordings that we have obtained from detention or prison facilities, namely certain calls of defendant Arthur Gianelli and certain calls of defendant Joseph Yerardi, Jr.

5. The government plans to provide witness statements that would be producible under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, of witnesses whom the government plans to call during its case-in-chief, by 21 days before trial.  The government declines to produce statements of witnesses whom the government does not intend to call in its case-in-chief, except to the extent provided by Local Rule 116.2(B)(2)(c).

6. In accordance with Local Rule 117.1(A)(8)(b), the government plans to produce copies of any charts, summaries, or diagrams that it intends to offer in its case-in-chief by 7 days before trial.  The government declines to produce any other charts, summaries, or diagrams that may have been presented to the grand jury, because the defendants have no right to obtain that information.

---

[1] Several other defendants have joined in that letter.

Page 3 of 6

7.      The government previously produced copies of all wiretap and consensual recordings that it believes it might use during its case-in-chief.  The government plans, in accordance with Local Rule 117.1(A)(8)(b), to designate by 7 days before trial the particular recordings that it intends to offer in its case-in-chief.

8.      The government has already produced photographs and videotapes of certain physical surveillances (*e.g.*, items Bates numbered 1973, 3755, 4123, 4348, 4351, 4426 - 4431, 6665 - 6667). The government declines to produce physical surveillance logs and reports except as may be appropriate under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

9.      The government previously produced reports regarding execution of certain search warrants (*e.g.*, items Bates numbered 1938 - 1940, 3750 - 3752).  The government declines to produce other such reports except as may be appropriate under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

10.     As noted under # 8 above, the government previously produced certain photographs and videotapes, and declines to produce others except as may be appropriate under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

11.     There are uncharged crimes, wrongs, and acts that are *not* covered by Rule 404(b) of the Federal Rules of Evidence and that are admissible because they are inextricably intertwined with the facts of charged offenses and/or intrinsic to the government's proof of charged offenses. To the extent there are uncharged crimes, wrongs, and acts that *are* covered by Rule 404(b) of the Federal Rules of Evidence, the government will provide notice by 21 days before trial, in accordance with Local Rule 117.1(A)(4)(b).  The government will provide information required by Rule 608(b) of the Federal Rules of Evidence by 21 days before trial, as provided by Local Rule 116.2(B)(2)(f).

12.     In addition to information that the government previously provided concerning promises, rewards, and inducements, please be advised that the Massachusetts State Police furnished $1,000 to William Meehan that Mr. Meehan used to make a payment to Philip Puopolo on a loanshark debt, and the State Police has provided $40 on each of two occasions for Mr. Meehan's canteen fund during his current incarceration.  The Federal Bureau of Investigation provided $720, $480, and $500 (totaling $1,700) to Michael Bakanosky that Mr. Bakanosky used to make payments on gambling debts, and another $1,000 to reimburse Mr. Bakanosky for time and expenses.

13.     All wiretap minimization logs pertinent to this indictment were previously produced. The Massachusetts State Police utilized a direct-to-computer data entry system while monitoring the wiretaps in this case, so there is not a separate set of handwritten logs.

14.     Evidence that would be admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence will be included in the Jencks Act material that will be produced as described in item # 5 above, or has already been produced, such as within wiretap and consensual tape recordings.

15. The government believes it has complied with Local Rule 116.2(B)(1) and, as provided by Local Rule 116.2(B)(2), plans to produce exculpatory evidence covered by Rule 116.2(B)(2) by 21 days before trial.

16. Cooperating witness Michael McCormack is in the custody of the Bureau of Prisons, in a unit for cooperating witnesses. Mr. McCormack is represented by counsel, Evan Georgopoulos, Esq. There are no other government witnesses for this case in the Federal Witness Security Program or otherwise "within control of the government."

### B. Requests for a Bill of Particulars

The government declines to provide a bill of particulars. The indictment provides sufficient information, particularly when considered in conjunction with the extensive discovery that has been produced.

### II. Responses to Requests in June 8, 2006 Letter from Mr. Prince[2]

1. The government believes it has already complied with Rule 16 of the Federal Rules of Criminal Procedure and Rules 116.1 and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts.

2. Your June 8, 2006 letter states that "The government has produced some written and recorded statements of the defendants, but some of those written and recorded statements appear to have been redacted or abridged." As we informed you in our letter of June 20, 2006, when we first replied to your June 8, 2006 letter, the government is not aware of any statements of the defendants that have been produced in redacted or abridged form. If you specifically identify whatever statements you may have in mind, we will respond.

3. As you know, Ms. Feghi was permitted to surrender on the indictment. Therefore, there are no arrest reports, notes, or tapes.

4. You have asked, purportedly pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, for the government to provide "a complete, unredacted copy or photograph" of various tangible items. The government has already provided voluminous discovery in this case. Rule 16(a)(1)(E) merely requires the government to "*permit the defendant* to inspect and to copy or photograph" particular types of material (emphasis added). We reiterate our offer, which we have previously made in writing, to make materials available for you to inspect, upon request.

---

[2] On January 29, 2007, Mr. Prince filed a letter that (a) joined in the discovery requests contained in the January 23, 2007 letter from Messrs. Bourbeau and Weymouth (discussed above), and (b) resubmitted Mr. Prince's June 8, 2006 letter, which was premature when previously submitted.

5.     The only scientific and/or expert testimony that the government currently contemplates offering at trial relates to the arson involving a destructive device near the Big Dog sports bar in North Reading on November 13, 2003. Ms. Feghi is not charged with that crime.

6.     The government previously produced all wiretap evidence, consensual recordings, and existing transcripts relating to the charges in the indictment.[3]

7.     In accordance with Local Rule 117.1(A)(4)(b), the government plans to provide information required by Rule 404(b) of the Federal Rules of Evidence by 21 days before trial. Please note that there may be other uncharged crimes, wrongs, and acts that are *not* covered by Rule 404(b) because they are inextricably intertwined with the facts of charged offenses and/or intrinsic to the government's proof of charged offenses.

8.     The government believes it has complied with Local Rule 116.2(B)(1) and, as provided by Local Rule 116.2(B)(2), plans to produce exculpatory evidence covered by Rule 116.2(B)(2) by 21 days before trial.

9.     You have requested "Any and all statements that may be 'relevant to any possible defense or contention' that defendant Feghi might assert," and you have cited *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982) as the basis for this request. We note that the Ninth Circuit in *Bailleaux* was referring only to the Rule 16(a)(1)(A) requirement of a defendant's own oral statement. The government believes it has already complied with Rule 16(a)(1)(A).

10.     No polygraph examinations were given during the investigation that resulted in this indictment.

11.     The government plans to provide witness statements that would be producible under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, of witnesses whom the government plans to call during its case-in-chief, by 21 days before trial.

12.     The government will comply with its policy regarding determining whether there is any *Giglio* material in the pertinent law enforcement personnel and other files, and will make any required disclosures.

13.     The government has been preserving all evidence that it believes is pertinent to this indictment.

---

[3]     Among the recordings produced were all consensual recordings that the United States Attorney's Office and the investigative agencies that participated in this investigation obtained of calls that Joseph Yerardi, Jr. made while incarcerated. As you know (*see* our discovery letter dated May 17, 2005), the government does not plan to use in its case-in-chief, and therefore has not produced in the current case, electronic surveillance evidence and other documentary evidence obtained during the prior investigation that led to the 1993 indictment and 1995 conviction of Joseph A. Yerardi, Jr. The government reserves the right to use such evidence for rebuttal.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Michael L. Tabak
        MICHAEL L. TABAK
        Assistant U.S. Attorney
        Telephone: 617-748-3203

        FRED M. WYSHAK, JR.
        Assistant U.S. Attorney
        Telephone: 617-748-3201

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered parties.

        /s/ Michael L. Tabak
        Michael L. Tabak
        Assistant United States Attorney

Date: February 16, 2007