```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
           v.                  )   CRIMINAL NO. 05-10003-NMG
                               )
ARTHUR GIANELLI,               )
MARY ANN GIANELLI, et al.,     )
           Defendants.         )
```

**MOTION FOR INTERLOCUTORY SALE
OF 420 MAIN STREET, LYNNFIELD, MASSACHUSETTS**

The United States of America, by its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court enter an Order, in the form submitted, permitting the interlocutory sale of the real property and buildings located at 420 Main Street, Lynnfield, Massachusetts, title to which appears in a deed recorded at the Essex County Southern Registry of Deeds, Book 16986, Page 591 (the "Lynnfield Property").  As reasons therefor, the United States submits:

    1.   On April 7, 2005, a federal grand jury returned a Superseding Indictment charging Arthur Gianelli, and others, with, <u>inter</u> <u>alia</u>, Racketeering Conspiracy, in violation of 18 U.S.C. § 1962; Operating an Illegal Gambling Business, in violation of 18 U.S.C. § 1955; Illegal Use of a Wire Communication Facility, in violation of 18 U.S.C. § 1084; Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956; Money Laundering, in violation of 18 U.S.C. § 1956; Conspiracy to Commit Arson and to Travel in Interstate Commerce to Promote,

Manage, Establish, Carry on, and Facilitate the Promotion, Management, Establishment, and Carrying on of Unlawful Activity, in violation of 18 U.S.C. § 371; Arson, in violation of 18 U.S.C. § 844; Conspiracy to Commit Extortion and Attempted Extortion, in violation of 18 U.S.C. § 1951; and Interstate Travel in Aid of Racketeering Enterprise, in violation of 18 U.S.C. § 1952.

    2.   The Forfeiture Allegations of the Superseding Indictment sought the forfeiture of the Lynnfield Property, among other properties of the defendants, pursuant to 18 U.S.C. § 1963, 18 U.S.C. § 981, 28 U.S.C. § 2461, 18 U.S.C. § 1955, and 18 U.S.C. § 982.

    3.   On April 27, 2005, and based on the Superseding Indictment, this Court issued a <u>Lis</u> <u>Pendens</u>, giving notice to all parties involved that the Lynnfield Property was subject to forfeiture to the United States.  The <u>Lis</u> <u>Pendens</u> was recorded at the Essex County Southern Registry of Deeds, inhibiting, among other things, any transfer or further encumbrance of the Lynnfield Property during the pendency of this criminal case.

    4.   On February 28, 2006, this Court endorsed a Restraining Order, which provided in part that the defendants and all of their agents, servants, employees, attorneys, family members, all other persons in active concert or participation with them, were prohibited from dissipating, pledging, encumbering, or disposing of the Lynnfield Property without prior approval of this Court,

upon notice to the United States and an opportunity for the United States to be heard.

5. On September 13, 2006, a federal grand jury returned a Second Superseding Indictment, charging Arthur Gianelli with the same offenses charged in the Superseding Indictment, among others, and also charging his wife, Mary Ann Gianelli, with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962; Operating an Illegal Gambling Business, in violation of 18 U.S.C. § 1955; Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956; Money Laundering, in violation of 18 U.S.C. § 1956; and Structuring Cash Transactions for Purpose of Evading Reporting Requirements, in violation of 31 U.S.C. § 5324. The Second Superseding Indictment also included Forfeiture Allegations, which specifically named the Lynnfield Property as a forfeitable asset pursuant to 18 U.S.C. § 1963, 18 U.S.C. § 981, 28 U.S.C. § 2461, 18 U.S.C. § 1955, and 18 U.S.C. § 982.

6. The original Indictment in this case, charging Arthur Gianelli with arson and extortion, among other crimes, was returned on January 5, 2005. On January 11, 2005, defendant Arthur Gianelli was released on conditions and signed an appearance bond in the amount of $250,000.00 secured by the Lynnfield Property. The Lynnfield Property is allegedly owned by the Gianelli Lynnfield Trust (the "Trust"). Defendant Mary Ann Gianelli is identified as both a trustee and a beneficiary of the

Trust. The other two beneficiaries of the Trust are the defendants' son, Michael, and daughter, Marianne. Before she was indicted, Mary Ann Gianelli, as trustee and beneficiary of the Trust, and both of her children, as beneficiaries of the Trust, acknowledged and agreed that the Lynnfield Property would be held as security for the $250,000 bond signed by Arthur Gianelli.

7.  On January 30, 2006, this Court issued an Order declaring forfeiture of bail and entry of default against Arthur Gianelli, in the amount of $250,000, and against the sureties (Mary Ann Gianelli and both of her children), in the amount of $125,000. The Court further stayed execution of the Order against the sureties for six months, to allow them to satisfy the Order through some other means than the Lynnfield Property.

8.  As of July 24, 2007 – more than a year and a half since the Court's Order – neither Arthur Gianelli, Mary Ann Gianelli, nor their children, have satisfied the judgment against them.

9.  As set forth in the Affidavit of Special Agent Sandra J. Lemanski, submitted herewith, the Trust is a straw owner of the Lynnfield Property, and Arthur Gianelli is the true owner of the property.

10. To execute the Court's Order forfeiting Arthur Gianelli's bail, the government would have to move for a writ of execution pursuant to 28 U.S.C. § 3203(c)(1). A sale of the Lynnfield Property pursuant to 28 U.S.C. § 3203(c)(1) would then

proceed by public auction.

11. In addition, and according to records obtained from Countrywide Home Loans, Inc. ("Countrywide"), which is a secured lender on a mortgage and a home equity line of credit in connection with the Lynnfield Property, the payments on the mortgage and the home equity line of credit, taken out against the Lynnfield Property by Arthur Gianelli, have ceased, and the loans on the Lynnfield Property are currently in default.

12. The United States expects that upon the convictions of Arthur Gianelli and Mary Ann Gianelli, the Lynnfield Property will be forfeited to the United States. However, even if the Lynnfield Property were not forfeitable, Arthur Gianelli's rights, as mortgagor of the Lynnfield Property, would still be subject to the mortgage to Countrywide, which is now in default.

13. By defaulting on the mortgage, Arthur Gianelli has waived any right he might otherwise have had to claim damages for loss of the Lynnfield Property, which he has, in effect, abandoned to the mortgagee. At most, he is entitled to receive only the equity remaining after a foreclosure sale.

14. Under all of the above-described circumstances, an interlocutory sale of the Lynnfield Property by the United States provides the best means of maximizing and preserving the equity in the Lynnfield Property. If such a sale occurs in the near future, before the Lynnfield Property deteriorates and/or the

market for the real property declines, the sale should generate sufficient funds to satisfy the mortgage, plus additional proceeds which can be held by the United States pending a final judgment in the instant criminal case.

15. As a practical matter, an arms-length commercial sale by the United States will likely bring a higher price for the Lynnfield Property than a public auction, and would certainly bring a higher price than a foreclosure sale, where the mortgagee would have no incentive to demand any price higher than its mortgage balance.

16. Because a prompt commercial sale of the Lynnfield Property by the Internal Revenue Service ("IRS") affords the best protection to all concerned, the United States moves that the Court enter an order authorizing the IRS to conduct an interlocutory sale. The Court has the authority to enter such orders under 21 U.S.C. § 853(e)(1)(A), incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), which authorizes the Court, upon application of the United States, to "take any .. action to preserve the availability of property ... for forfeiture." See also 18 U.S.C. § 1963(d)(1).

17. The proposed interlocutory sale of the Lynnfield Property will not affect the criminal proceedings relating to the Second Superseding Indictment, nor will it cause prejudice to any party.

18.  An order allowing the proposed interlocutory sale of the Lynnfield Property and authorizing and directing the IRS to receive and hold the net proceeds in the U.S. Customs Suspense Account will aid in preserving the availability of the Lynnfield Property for forfeiture in the event of conviction in this criminal case.  The United States submits that the interlocutory sale of the Lynnfield Property will take place on the following terms:

    a.    Defendants Mary Ann Gianelli and Arthur Gianelli shall promptly execute all documents necessary to transfer possession of, and clear title to, the Lynnfield Property to the United States for the sole purpose of the interlocutory sale of the Lynnfield Property.  Such steps may include, without limitation, executing and surrendering deeds and any other documents deemed necessary by the government to complete the interlocutory sale of the Lynnfield Property;

    b.    The IRS routinely utilizes the services of a property management company, EG&G Technical Sevices, Inc. ("EG&G"), to manage seized assets, and to sell assets.  EG&G shall sell the Lynnfield Property, as an authorized agent of the IRS.  EG&G shall arrange for, and shall have sole control of, the sale of the Lynnfield Property, in accordance with the regulations prescribed by the Secretary of the Treasury and the policies regarding the disposition of forfeited property.  EG&G may, among other things, retain a real estate broker and other professionals in its reasonable best efforts to market and sell the Lynnfield Property at the highest possible price.  EG&G shall have sole discretion in negotiating, accepting, and rejecting offers for the Lynnfield Property.

    c.    At the closing, a check for the full sale price will be made out to the United States Department of the Treasury and delivered to the IRS.  The IRS shall distribute the sale proceeds in the following manner and order:

      (i)    all costs and expenses reasonably incurred by the United States and EG&G in marketing and selling the Lynnfield Property;

      (ii)   the cost of any comprehensive insurance on the Lynnfield Property;

      (iii) any outstanding real estate taxes due to Essex County, Massachusetts, with respect to the Lynnfield Property;

      (iv)  any valid and superior lien, attachment, or encumbrance of record held by Countrywide with respect to the Lynnfield Property;

      (v)    the IRS shall remit $250,000.00 of any remaining net balance of the sale proceeds to the Clerk's Office for the District of Massachusetts;[1] and

      (v)    the IRS shall deposit the remaining net balance of the sale proceeds in the U.S. Customs Suspense Account, pending the outcome of the criminal case.

  d.    By the time of the closing, the United States shall file a motion with this Court for a release of the <u>Lis Pendens</u> against the Lynnfield Property; and

  e.    At the conclusion of all forfeiture proceedings relating to the Lynnfield Property, the net proceeds held in the U.S. Customs Suspense Account will be disposed of according to law.

---

[1] As set forth above and in the Affidavit of Special Agent Sandra J. Lemanski, submitted herewith, Arthur Gianelli owns the Lynnfield Property. Accordingly, the Court should order $250,000.00 of any proceeds from the sale of the Lynnfield Property be deposited with the United States District Court pursuant to its January 30, 2006, Order declaring forfeiture of bail and entry of default against Arthur Gianelli.

WHEREFORE, the United States requests that the Court authorize an interlocutory sale of the Lynnfield Property and direct the IRS to receive and hold the net proceeds in the U.S. Customs Suspense Account. A proposed Order is submitted herewith for the consideration by the Court.

Respectfully submitted,

MICHAEL J. SULLIVAN,
UNITED STATES ATTORNEY

By: /s/ Kristina E. Barclay
    Kristina E. Barclay
    Assistant U.S. Attorney
    1 Courthouse Way
    Boston, MA  02210
    617-748-3100

Dated: July 24, 2007


## CERTIFICATE OF SERVICE

This is to certify that the foregoing United States' Motion for Interlocutory Sale of 420 Main Street, Lynnfield, Massachusetts, as well as the proposed Order for Interlocutory Sale, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: July 24, 2007

**AFFIDAVIT OF SPECIAL AGENT SANDRA J. LEMANSKI**

I, Sandra J. Lemanski, Special Agent, Internal Revenue Service, Criminal Investigation Division, state the following under oath:

1. I am a Special Agent of the Criminal Investigation Division of the Internal Revenue Service ("IRS"), a position I have held for approximately twelve years. My current duties and responsibilities with the IRS include investigation of persons and businesses for violations of the federal criminal laws, including ones found in Titles 18 (Crimes and Criminal Procedure), 26 (Internal Revenue Code) and 31 (Monetary Transactions) of the United States Code. I have led or participated in well over fifty investigations involving violations of these statutes that have relied to a significant extent on evidence in the form of bank, corporate, tax and other financial records. I have utilized a variety of methods of proof in these cases, including documentation of specific items involved in financial transactions, comprehensive analysis of patterns of bank deposits and withdrawals, and demonstration of the net worth and overall expenditures of individuals and corporations.

2. For approximately the past eleven years, I have specialized in the investigation of violations of the money laundering and Bank Secrecy Act statutes relating to the criminal activities of organized crime groups, primarily those involving

gambling, loansharking, and extortion. In that capacity, I have worked primarily in conjunction with attorneys assigned to the Organized Crime Strike Force Unit of the United States Attorney's Office in this district and with agents of other state and federal law enforcement agencies, including the Massachusetts State Police, the Drug Enforcement Administration, the Federal Bureau of Investigation, and the Boston Police Department. These investigations have resulted in numerous indictments and convictions of organized crime members and associates for violations of the above described types.

3. I am providing this Affidavit in support of a Motion for Interlocutory Sale of 420 Main Street, Lynnfield, Massachusetts.

4. Since approximately May 2004, I have been involved in an investigation into the racketeering activities of Arthur Gianelli, Mary Ann Gianelli, and others. On September 13, 2006, a Second Superseding Indictment was returned, charging the Gianellis and others with racketeering, gambling, money laundering and structuring, among other charges.

5. I have reviewed records relating to the real property located at 420 Main Street, Lynnfield, Massachusetts (the "Lynnfield Property"), including public records and documents provided by mortgage companies and other financial institutions.

6.   Arthur J. Gianelli purchased the Lynnfield Property on September 16, 1983 for $60,000.00.  On May 19, 1989 he deeded the Lynnfield Property to Arthur Gianelli and Mary Ann Gianelli, and shortly thereafter, on May 23, 1989, he granted the Lynnfield Property to Mary Ann Gianelli as trustee of the 420 Main Street Realty Trust.

7.   On December 5, 1990, a Declaration of Trust was filed with the Essex South Registry of Deeds, establishing the Gianelli Lynnfield Trust, of which Mary Ann Gianelli was listed as the trustee.  On that same date, Mary Ann Gianelli, as trustee of the 420 Main Street Realty Trust, deeded the Lynnfield Property to the Gianelli Lynnfield Trust.

8.   On May 24, 1995, Mary Ann Gianelli, as trustee of the Gianelli Lynnfield Trust, deeded the Lynnfield Property back to Mary Ann Gianelli and Arthur Gianelli, and on the same date Arthur and Mary Ann Gianelli secured a $300,000.00 mortgage on the Lynnfield Property from Express Funding, Inc.  One week later, on May 31, 1995, Mary Ann Gianelli and Arthur Gianelli again transferred the title of the Lynnfield Property to the Gianelli Lynnfield Trust.

9.   On March 13, 2001, Mary Ann Gianelli, as trustee of the Gianelli Lynnfield Trust, again deeded the Lynnfield Property back to Mary Ann Gianelli and Arthur Gianelli, and on the same date Arthur and Mary Ann Gianelli secured a $550,000.00 mortgage

on the Lynnfield Property from Countrywide Home Loans ("Countrywide"). Less than a week later, on March 19, 2001, Mary Ann Gianelli and Arthur Gianelli again transferred the title of the Lynnfield Property to the Gianelli Lynnfield Trust. On the recorded Countrywide mortgage, the words "and Mary Ann Gianelli" were handwritten next to Arthur Gianelli's typewritten name as the "borrower." Based on my review of documents containing Mary Ann Gianelli's known signature and apparent forgeries of Mary Ann Gianelli's signature by Arthur Gianelli, I believe that Mary Ann Gianelli's initials and signature on the Countrywide mortgage were forged by Arthur Gianelli. In addition, the loan application and closing documents relating to the Countrywide mortgage were all executed only by Arthur Gianelli.

10. On May 15, 2002, Arthur Gianelli obtained a $150,000.00 line of credit from Countrywide, secured by a mortgage on the Lynnfield Property. The loan application and closing documents relating to the line of credit were all executed by Arthur Gianelli.

11. It is my understanding that lenders generally do not grant mortgages to trusts, but rather lend money only to individuals. I believe that lenders typically require any property held in trust be deeded over to an individual prior to the loan closing date. After the closing, the property is usually deeded back to the trust to allow the property owner to

benefit from the common protections associated with holding property in trust.

12. As set forth above, title to the Lynnfield Property has been held in various names since Arthur Gianelli purchased it in 1983. Nevertheless, Arthur Gianelli purchased the Lynnfield Property and the outstanding commercial liens against the Lynnfield Property were obtained by Arthur Gianelli. Based on my training and experience, I know that individuals involved in criminal activity often hold title to assets, including real property, in the names of family members and associates, as "straws," in order to hide those assets from law enforcement and otherwise hinder the seizure and forfeiture of those assets.

Signed under the pains and penalties of perjury this 22nd day of May 2007.

                                          /s/ Sandra J. Lemanski
                                          Sandra J. Lemanski
                                          Special Agent
                                          United States Internal
                                          Revenue Service

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-10003-NMG |
| ) | |
| ARTHUR GIANELLI, ) | |
| MARY ANN GIANELLI, et al., ) | |
| Defendants. ) | |

**ORDER FOR INTERLOCUTORY SALE**

It is hereby ORDERED, ADJUDGED, and DECREED that:

The Motion For Interlocutory Sale of 420 Main Street, Lynnfield, Massachusetts, is allowed.

The Internal Revenue Service ("IRS") shall market and sell the real property and buildings located at 420 Main Street, Lynnfield, Massachusetts, title to which appears in a deed recorded at the Essex County Southern Registry of Deeds, Book 16986, Page 591 (the "Lynnfield Property"), as provided by law.

Defendants Mary Ann Gianelli and Arthur Gianelli shall promptly execute all documents necessary to transfer possession of, and clear title to, the Lynnfield Property to the United States for the purpose of disposing of the Lynnfield Property pursuant to this Order. Such steps may include, without limitation, executing and surrendering deeds and any other documents deemed necessary by the government to complete the interlocutory sale of the Lynnfield Property pursuant to this Order.

The interlocutory sale of the Lynnfield Property will take place on the following terms:

    a.    The IRS routinely utilizes the services of a property management company, EG&G Technical Sevices, Inc. ("EG&G"), to manage seized assets, and to sell assets. EG&G shall sell the Lynnfield Property, as an authorized agent of the IRS. EG&G shall arrange for, and shall have sole control of, the sale of the Lynnfield Property, in accordance with the regulations prescribed by the Secretary of the Treasury and the policies regarding the disposition of forfeited property. EG&G may, among other things, retain a real estate broker and other professionals in its reasonable best efforts to market and sell the Lynnfield Property at the highest possible price. EG&G shall have sole discretion in negotiating, accepting, and rejecting offers for the Lynnfield Property.

    b.    At the closing, a check for the full sale price will be made out to the United States Department of the Treasury and delivered to the IRS. The IRS shall distribute the sale proceeds in the following manner and order:

        (i)    all costs and expenses reasonably incurred by the United States and EG&G in marketing and selling the Lynnfield Property;

        (ii)    the cost of any comprehensive insurance on the Lynnfield Property;

        (iii)    any outstanding real estate taxes due to Essex County, Massachusetts, with respect to the Lynnfield Property;

        (iv)    any valid and superior liens, attachments, or encumbrances of record held by Countrywide Home Loans, Inc. with respect to the Lynnfield Property;

        (v)    the IRS shall remit $250,000.00 of any remaining net balance of the sale proceeds to the Clerk's Office for the District of Massachusetts; and

        (v)    the IRS shall deposit the remaining net balance of the sale proceeds in the U.S. Customs Suspense

>           Account, pending the outcome of the criminal case.
>
> c.  By the time of the closing, the United States shall file a motion with this Court for a release of the <u>Lis Pendens</u> against the Lynnfield Property; and
>
> d.  At the conclusion of all forfeiture proceedings relating to the Lynnfield Property, the net proceeds held in the U.S. Customs Suspense Account will be disposed of according to law.

SO ORDERED AND ENDORSED:

_____
NATHANIEL M. GORTON
United States District Judge

Date: