UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 05-10003-NMG |
| | ) | |
| ARTHUR GIANELLI, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANTS' MOTIONS TO DISMISS THE INDICTMENT

The United States of America, by it undersigned attorneys, submits this consolidated

response to various motions made by some of the defendants to dismiss portions of the

Indictment.  For the reasons set forth below, these motions should be denied.

I.      The collection of unlawful debt allegations in Counts One and Two are properly pled and
        should not be dismissed.

        Some of the defendants allege that the collection of unlawful debt allegations in Counts

One and Two of the Indictment should be dismissed because the allegations contain the language

"collection and attempted collection" of unlawful debts.[1]  (See Defendant Puopolo's Motion to

Dismiss Portions of Indictment Charging Collections of Unlawful Debts and Incorporated

Memorandum of Law.)[2]

        "On a motion to dismiss, an [indictment] must be tested by its sufficiency to charge an

offense."United States v.  Del Monte, 470 F. Supp 248, 249 (D.Mass. 1979), citing United States

v. Sampson, 371 U.S. 75, 76 (1962).  "An indictment returned by a legally constituted and

_____

[1]      These allegations are found at pages 52 through 57 of the Indictment.

[2]      The defendants Arthur Gianelli and Joseph Yerardi have moved to join this
motion.

unbiased grand jury, . . . if valid on its face is enough to call for trial of the charge on the merits."

Costello v. United States, 350 U.S. 359, 363 (1956); United States v. Valencia-Lucena, 925 F.2d 506 (1st Cir. 1991).

> The Eleventh Circuit has summarized the rule:
>
>> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.

United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992).

In the case at bar, the language of the statute is clearly and unambiguously tracked and places defendant on notice as to time and the identity of the individual from whom the unlawful debt was collected. The defendants complain that the Indictment charges an attempt as well as a completed collection of the unlawful debt. Even assuming arguendo that it is not a crime to attempt to collect an unlawful debt, the remedy is not dismissal, but simply an instruction to the jury that they can only convict the defendants if there is proof beyond a reasonable doubt that the unlawful debt was, in fact, collected.[3]

In their memorandum of law, the defendants fail to cite relevant case law. In United States v. Pepe, 747 F.2d 632, 673-674 (11th Cir. 1984), the Eleventh Circuit Court of Appeals addressed this very issue. The Court rejected the claim that the unlawful debt collection provision of the RICO statute did not include an attempt to collect. The Court analogized the language in 18 USC §1962(c) with: (1) the language in 18 USC §894 regarding extortionate

---

[3] The United States believes that the evidence at trial will demonstrate that all or part of the unlawful debts at issue were collected, and, therefore, this issue will be moot.

collections of credit which includes attempts to collect; as well as (2) the statutory definition of collection (18 USC §891(5)) which only requires a defendant "to induce in any way a person to make repayment."  Further, the Court reviewed the legislative history of the RICO statute which provides for the liberal construction of its provisions, and determined that the Court's interpretation was consistent with the legislative intent of the statute.  Accord, United States v. Eufrasio, 935 F.2d 553, 576 (3rd Cir. 1991);  United States v. Vastola, 899 F.2d 211, 226 (3rd Cir. 1990); United States v. Salemme, 1997 WL 37530 (D.Mass.) at pp. 2-3.

These decisions are also consistent with the fact that a defendant may be convicted for conspiracy to collect an unlawful debt.  See 18 USC §1962(d).  It is difficult to argue that Congress did not intend for a defendant to be liable for an attempted collection of an unlawful debt if that same defendant was liable for a conspiracy to collect that debt.

Additionally, the First Circuit recently rejected a similar claim regarding a Hobbs Act extortion charge which alleged an attempt and a completed extortion in the same count.  See United States v. D'Amico, 496 F.3d 95, 99-100 (1st Cir. 2007).  In D'Amico, the First Circuit noted that "attempt is a lesser included offense of the completed crime and need not be charged at all."  Id.  See Fed.R.Crim.P. 31(c).  The Court also stated "If a defendant can be found guilty of attempt even if attempt is not charged, it cannot be duplicitous to charge [attempt and the completed offense] in one count."  Id.  (citation omitted)  The Court concluded that if all the elements of the attempted crime are elements of the completed crime, there is no duplicity.  Id.

In the case at bar, there are no additional or different elements required to prove an attempt to collect an unlawful debt than there is to prove a completed collection.

II.    Counts 510, 513, 515, 517, 519 and Racketeering Acts 28, 29, 30, and 31 are not
duplicitous and should not be dismissed.

Some of the defendants allege that Counts 510, 513, 515, 517 and Racketeering Acts 28,

29, 30, and 31are duplicitous and should be dismissed.  (See Defendant Puopolo's Motion to

Dismiss Duplicitous Counts and Incorporated Memorandum of Law.)[4]  The defendants allege

that these allegations are duplicitous because they allege attempts and completed violations of

(and in some instances conspiracies to violate) 18 USC §894(a)(1).  This argument is essentially

the same argument addressed above regarding unlawful debt collection.  However, unlike the

statutory language in 18 USC §1962(c), the statutory language in 18 USC §894(a)(1) specifically

includes an "attempt to collect."  In deciding D'Amico, 496 F.3d 95, the First Circuit stated,

> We have observed a lack of clarity in the law about the
> requirement for juror unanimity when, as here, there are alternate
> paths to a verdict, and we have acknowledged that a count may
> contain alternative theories, factual scenarios and lines of
> evidentiary inference, "making generalizations about unanimity
> hazardous."  (citation omitted)

Id. at 100.  Regarding Counts 510, 513, 515, and 517, the appropriate remedy is a proper jury

instruction regarding unanimity, not dismissal of the charges.  Id.

The defendants essentially concede that the First Circuit's decision in D'Amico controls,

but they engage in a slight of hand by suggesting that an attempt to collect is a lesser included

offense of the substantive crime.  This proposition is, of course, not applicable where the

statutory language itself makes an attempt the statutory equivalent of the substantive offense as is

the case in 18 USC §894(a)(1).

---

[4]    The defendants Arthur Gianelli and Joseph Yerardi have moved to join this
motion.

The pleadings at issue simply track the language of the statute and, therefore, call for a trial on the merits. <u>Costello</u>, 350 US 359, 362-363 (1956). An appropriate charge to the jury will clarify that the jury may return a verdict of guilty on any of the above charges if the evidence demonstrates beyond a reasonable doubt that the defendants either attempted to collect or did, in fact, collect an extension of credit through extortionate means. The Court may utilize a special verdict form if it wishes to know which theory the jury relied upon to convict. See, <u>i.e.</u>, <u>United States v. Pungitore</u>, 910 F.2d 1084, 1136 (3rd Cir. 1990).

Regarding Racketeering Acts 28, 29, 30, 31, which charge conspiracy as well as the substantive offense, the government concedes that at the time of trial the government must make an election whether to proceed on the conspiracy theory or the substantive theory of prosecution. See <u>United States v. Starks</u>, 515 F.2d 112, 118 (3rd Cir. 1975).

III.    <u>Defendants' Motion To Dismiss Unconstitutionally Vague and Indefinite Predicate Acts and Counts should be denied.</u>

Defendants argue that the allegations regarding the collection of unlawful debt in Counts One and Two are unconstitutionally vague and indefinite and should be dismissed. (See Defendant Puopolo's <u>Motion to Dismiss Unconstitutionally Vague and Indefinite Predicate Acts and Counts and Incorporated Memorandum of Law</u>.)[5] They make similar arguments regarding the allegations in Counts 508, 510, 513, 515, and 517 which relate to the use of extortionate means to collect extensions of credit. Finally, they also argue that the racketeering acts and counts alleging violations of 18 USC §1512(b)(1) should also be dismissed as unconstitutionally

_____

[5]    The defendants Arthur Gianelli and Joseph Yerardi have moved to join this motion.

vague and indefinite.  (See RAs 27 and 32 and Counts 511 and 520.)

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation ...."  This right is implemented by Fed. R. Crim. P. 7(c)(1), which provides that an indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. Fed. R. Crim. P. 7(c)(1).

The "essential facts" required by Rule 7(c)(1) have been interpreted to mean the elements of the offense.  See United States v. Debrow, 346 U.S. 374, 376 (1953);  United States v. Barbato, 471 F.2d 918 (1st Cir. 1973).  A "bare bones" indictment which uses only the statutory language is "entirely permissible so long as the statute sets forth fully, directly, and expressly all essential elements of the crime intended to be punished."  C. Wright, Federal Practice and Procedure, Criminal 2d, § 125.

The government is not required to set forth evidentiary matter in an indictment. United States v. Carr, 582 F.2d 242, (2d Cir. 1978).  The requirement that the indictment set forth the essential facts of the charge does not mean that the indictment must set forth facts and evidentiary details necessary to establish each of the elements of the charged offense. United States v. Nabors, 45 F.3d 238, 240 (8th Cir. 1994)(rejecting argument similar to present defendants' in a RICO case); United States v. Williams, 679 F.2d 504 (5th Cir.), cert. denied, 459 U.S. 1111 (1982).

A statute is unconstitutionally vague only if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." United States v. Angiulo, 897 F.2d 1169, 1178 (1st Cir.), cert. denied, 498 U.S. 845 (1990), quoting United

States v. Harriss, 347 U.S. 612, 617 (1954).  "The underlying principle is that no man shall be

held criminally responsible for conduct which he could not reasonably understand to be

proscribed."  Harriss, 347 U.S. at 618.  See also Colten v. Commonwealth of Kentucky, 407 U.S.

104, 110 (1972).  As the Supreme court stated in United States v. National Dairy Corp., 372 U.S.

29, 32 (1963) (citations omitted):

> The strong presumptive validity that attaches to an Act of Congress
> has led this Court to hold many times that statutes are not
> automatically invalidated as vague simply because difficulty is
> found in determining whether certain marginal offenses fall within
> their language ....  Indeed, we have consistently sought an
> interpretation which supports the constitutionality of legislation.

Accord, Chapman v. United States, 500 U.S. 453, 464 (1991)("every reasonable construction

must be resorted to, in order to save a statute from unconstitutionality"); United States v. Seuss,

474 F.2d 385, 387 (1st Cir.), cert. denied, 412 U.S. 928 (1973).  The First Circuit has offered

guidance to courts seeking such an interpretation.  "A statute whose terms have a commonly

understood meaning or have been clarified by judicial explanation or by application to particular

conduct is not unconstitutionally vague."  Robinson v. Berman, 594 F.2d 1, 2 (1st Cir. 1979),

citing Rose v. Locke, 423 U.S. 48, 50-52 (1975).  See also United States v. Bohai Trading Co.,

45 F.3d 577, 580 (1st Cir. 1995)("As we have observed in the past, statutes are not enacted on a

piecemeal basis and, accordingly, should not be read that way").

    In the case at bar, the defendants may only challenge the relevant statutes as applied to the

particular conduct at issue in this case.  "[V]agueness challenges to statutes which do not involve

First Amendment freedoms must be examined in the light of the facts of the case at hand."

Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 n.7 (1982),

reh'g denied, 456 U.S. 950, quoting United States v. Mazurie, 419 U.S. 544, 550 (1975). Since

this case does not implicate First Amendment rights, defendants have the onerous burden of

proving that the collection of unlawful debt elements of RICO as well as the statutory language

in 18 USC 894(a)(1) and 18 USC 1512(b)(1) did not clearly apply to their specific conduct. "One

to whose conduct a statute clearly applies may not challenge it for vagueness." Parker v. Levy,

417 U.S. 733, 756 (1974). Accord United States v. Nadi, 996 F.2d 548 (2d Cir.), cert. denied,

510 U.S. 993 (1993).

But the defendants must do more than argue that the challenged statutory language sets an

imprecise standard. As the Supreme Court explained in Village of Hoffman Estates:

> to sustain such a challenge, the complainant must prove that the
> enactment is vague "'not in the sense that it requires a person to
> conform his conduct to an imprecise but comprehensible normative
> standard, but rather in the sense that no standard of conduct is
> specified at all.' Coates v. City of Cincinnati, 402 U.S. 611, 91
> S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971). Such a provision simply
> has no core." Smith v. Goguen, 415 U.S. 566, 578, 94 S.Ct. 1242,
> 1249, 39 L.Ed.2d 605 (1974).

455 U.S. at 495. Put differently, a statute is not void for vagueness "if the general class of

offenses to which the statute is directed is plainly within its terms ...." United States v. Harriss,

347 U.S. 612, 618 (1954).

Furthermore, a requirement that conduct be committed "knowingly," "willfully" or with

specific criminal intent usually precludes a finding of vagueness because to prove the offense the

government must prove beyond a reasonable doubt that the defendant knew that his conduct was

unlawful. See, e.g., Grayned v. City of Rockford, 408 U.S. 104, 113-14 (1972); United States v.

National Dairy Corp., 372 U.S. 29, 35 (1963); Boyce Motor Lines, 342 U.S. at 342; Screws v.

United States, 325 U.S. 91, 102-04 (1945); Hygrade Provision Co. v. Sherman, 266 U.S. 497, 502-03 (1925); United States v. Lampley, 573 F.2d 783, 787 (3d Cir. 1978); United States v. Gigante, 737 F. Supp. 292, 295 (D.N.J. 1990). As the First Circuit has reasoned, "[t]he essence of the fair warning requirement of the due process clause is that a person should not be punished for an act he could not know was criminal." Robinson v. Berman, 594 F.2d 1, 3 (1st Cir. 1979). There is no such risk when criminal intent is an element of proof. "A mind intent upon willful evasion is inconsistent with surprised innocence." United States v. Ragen, 314 U.S. 513, 524, reh'g denied, 315 U.S. 826 (1942). See also Village of Hoffman Estates, 455 U.S. at 499; cf. Colten v. Commonwealth of Kentucky, 407 U.S. 104, 110 (1972) ("[w]e believe that citizens who desire to obey the statute will have no difficulty in understanding it ...."). In the case at bar, all the challenged allegations require knowing conduct or specific intent.

Clearly, the Counts and Racketeering Acts challenged by defendants satisfy the pleading requirements of Fed.R.Crim.P. 7 and the Fifth and Sixth Amendments of the United States Constitution. Rule 7(c) of the Federal Rules of Criminal Procedure provides in pertinent part: "The indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . It need not contain . . . any other matter not necessary to such statement." As discussed above, an indictment is sufficiently particular if it sets forth the elements of the crime, fairly informs a defendant as to the nature of the charge against which he must defend, and enables him to plead double jeopardy in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974)(collecting cases); United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir 1993), cert. denied, 512 U.S. 1223 (1994); see also, United States v. Allard, 864 F.2d 248, 250 (1st Cir. 1989)(test for sufficiency is not whether the

9

indictment could be more complete, but rather whether it "fairly identifies and describes the offense.")  Moreover, it is well settled that the sufficiency of an indictment is not a question of "whether it could have been made more definite and certain."United States v. Debrow, 346 U.S. 374, 378 (1953); Cochran and Sayre v. United States, 157 U.S. 286, 290 (1895); Dario Sanchez v. United States, 341 F.2d 379, 380 (1st Cir.), cert. denied, 381 U.S. 940 (1965).

The defendants base much of their arguments on the First Circuit's decision in United States v. Tomasetta, 429 F.2d 978, 980 (1st Cir. 1970); However, in the case at bar and unlike Tomasetta, all of the challenged extortion counts and corresponding racketeering acts specifically identify the victim.  Of course, identification of the victim is considered a "major distinction" from the Tomasetta line of cases.  United States v. Sedlak, 720 F.2d 715, 719 (1st Cir. 1983), cert. denied, 465 U.S. 1037 (1984).

In Tomasetta, there were several deficiencies to the alleged violation of 18 U.S.C. § 894 which, collectively, led to the First Circuit's dismissal of the indictment.[6]  Although the Tomasetta court indicated that the failure to name the victim would not in itself necessarily require dismissal, failing to identify the victim was clearly the major defect which led to the dismissal.  Id. at 979-80.  The First Circuit commenced its opinion by stating:

> Defendant contends that the indictment is defective because it fails to name the victim of the alleged extortionate collection, to locate the offense with specificity, to describe in sufficient detail the extortionate means charged, and to allege federal jurisdiction. Since we hold that the failure to name the victim, under the circumstances, was fatal, we do not reach defendant's other contentions.

---

[6] The defendant in Tomasetta was accused of making threats by an unstated means to an unnamed person at an undisclosed location in the city of Worcester, MA.  Tomasetta, 429 F.2d at 979.

Id. at 979.

Furthermore, the First Circuit in Tomasetta indicated that the failure to name a victim does not in itself necessarily require dismissal of an indictment. Tomasetta, 429 F.2d at 980. Likewise, the First Circuit in Sedlak referred to the Tomasetta decision and stated: "[T]he [Tomasetta] Court noted that it is not always fatal to omit information concerning location, type of threat, or even the name of the victim." Sedlak, 720 F.2d at 719. More importantly, these Counts and the corresponding Racketeering Acts clearly advise the defendants of the names of the extortion victims. As discussed earlier, identifying the victim is considered a "major distinction" from the Tomasetta line of cases. United States v. Sedlak, 720 F.2d 715, 719 (1st Cir. 1983), cert. denied, 465 U.S. 1037 (1984). In fact, the Sedlak opinion clearly demonstrates that defendants' motion should be denied. In Sedlak, the defendants objected to the sufficiency of an indictment under 18 U.S.C. § 894 which failed to mention the date, place or circumstances of the alleged extension of credit or the time or place that the defendants became involved in the conspiracy. Id. However, as in the charges in dispute here, the identity of the victim was specified, the persons alleged to have been involved in the extortion were named, and the general time frame of the occurrence of the extortion was identified. Id. Accordingly, the First Circuit in Sedlak rejected defendants' challenge to the sufficiency of the indictment. Id.

Since the defendants cannot argue that the government has failed to identify the victims they argue a lack of specificity as to the dates and places of the offense. The evidence at trial will demonstrate that the defendants engaged in the collection of unlawful gambling debts and usurious loans over an extended period of time as part of their racketeering activity. The law is clear that great generality in allegations of time is allowed especially where the exact time of the

11

commission of the crime is unimportant. See United States v. Nunez, 668 F.2d 10, 11-12 (1st Cir. 1981). Although the defendant argues that Nunez and similar cases apply to "wide ranging conspiracies," the defendant ignores the fact that the collection of unlawful debt charges and substantive extortion charges did, in fact, occur in the context of a very broad RICO conspiracy which existed from at least 1999 through 2005.

The defendant Puopolo complains that Counts 511 and 520 as well as Racketeering Acts 27 and 32 which charge violations of 18 USC §1512 (witness tampering) should be dismissed because they fail to describe the official proceeding with specificity as required by United States v. Murphy, 762 F.2d 1151 (1st Cir. 1985). Although it is true that the official proceeding is not specified in the respective pleadings, this case is easily distinguishable from the facts in Murphy.

In Murphy, the defendant was charged in a single count indictment which simply tracked the language of the statute. In the case at bar, the defendant Puopolo is charged in a 520 Count RICO indictment which provides the defendant with extensive information about the criminal charges that were the subject of investigation. The defendant can hardly claim that he lacks notice of the investigation which is the subject of the witness tampering counts. See United States v. Boyd, 309 F.Supp 2d 908, 916 (S.D. Texas 2004) ("Where the witness tampering counts are read within the context of the entire indictment , it is clear that the indictment provides [defendant] with sufficient factual detail about the core of criminality specifically at issue in the witness tampering counts, thereby satisfying pleading requirements and giving [defendant] adequate notice.") See also United States v. Potts, 207 WL 2219392 at p.6, n.1 (D.Minn. 2007) (Where count charging 18 USC §1512(c) charge failed to identify official proceeding, count not insufficient where "...the context of the indictment ...makes clear that the 'official proceeding' is

limited to the grand jury proceeding or the criminal case against defendant, both of which are based on the same facts.")

The government acknowledges that an insufficient indictment cannot be cured by a bill of particulars, but it does not follow that every indictment that needs particularization is insufficient.  See United States v. Cloutier, 1990 WL 150060 (D.Mass.) at p.7.  The First Circuit has stated,

> The function of a bill of particulars is to protect against jeopardy, provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense and to avoid prejudicial surprise at trial.

United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970); cert denied, 400 U.S. 829 (1970).

The government submits that any insufficiencies in the witness tampering counts can be cured by a bill of particulars.


IV.    Conclusion

For the reasons set forth above, the defendants' various motion to dismiss should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Fred M. Wyshak, Jr.
Fred M. Wyshak, Jr.
Michael L. Tabak
Assistant U.S. Attorneys

13

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered parties.

/s/ Michael L. Tabak
Michael L. Tabak
Assistant United States Attorney

Date: May 1, 2008

14