UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10003-NMG |
| | ) | |
| ARTHUR GIANELLI, | ) | |
| MARY ANN GIANELLI, et al., | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION TO COMPEL COMPLIANCE
WITH ORDER FOR INTERLOCUTORY SALE (Document No. 451) AND
OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE (Document No. 516)**

It has been over two and a half years since this Court ordered the forfeiture of defendant Arthur Gianelli's bail after he committed crimes on release and had prohibited contact with a co-defendant. It has been over two years since that Order was enforceable against the real property located at 420 Main Street, Lynnfield, Massachusetts (the "Lynnfield Property"). It has been over a year since any payments were made on the mortgage on the Lynnfield Property. And it has been over five months since the Court ordered the sale of the Lynnfield Property over defendant Mary Ann Gianelli's objection. Still the Lynnfield Property has not been sold, still there has been no payment on the bail forfeiture order, and still defendant Mary Ann Gianelli and her grown children live at the Lynnfield Property rent-free.

In yet another attempt to delay the sale of 420 Main Street, Lynnfield, Massachusetts and continue living free of charge in a forfeitable asset that diminishes in value every day, defendant Mary Ann Gianelli (the "Defendant") now asks this Court to order an appraiser to enter the home of two individuals indicted for RICO violations without any law enforcement officer. See Document No. 516 ("Motion to Preclude"). Requiring an appraiser to enter the expansive home of a couple under indictment for racketeering without trained and armed law enforcement officers creates an entirely unnecessary risk to an innocent third party. The government has

offered to send IRS agents who have had no involvement in this prosecution with the appraiser. Accordingly, the Motion to Preclude should be denied, and the Court should order the Defendant to provide access to the Lynnfield Property to an appraiser and IRS agents on August 20 or 21, 2008.

Over five months ago, on March 7, 2008, this Court ordered the sale of the Lynnfield Property after the Defendant's husband and co-defendant, Arthur Gianelli, violated the terms of his release (secured by the Lynnfield Property) by committing additional crimes and having contact with a co-defendant, and after the Gianellis stopped making mortgage payments on the property. See Document No. 451. The Order for Interlocutory Sale required the Defendant and her husband to "**promptly execute all documents necessary to transfer possession of, and clear title to, the Lynnfield Property to the United States for the purpose of disposing of the Lynnfield Property pursuant to this Order**." Id., at 1 (emphasis added).[1]

Instead of immediately obtaining a deed for the Lynnfield Property and setting a date by

---

[1] In her Motion to Preclude, the Defendant states that the Order "does not require the transfer of the property to the government before it is marketed and sold" and suggests that the government's request that she comply with the Order for Interlocutory Sale was "callous," "barbaric," and violates "due process." See Document No. 516, at 3. Obviously this is wrong, given the clear language of the Order. The government requested this language in its proposed interlocutory sale order because it cannot market and sell properties unless and until they are vacant and titled to the government. Aside from liability and insurance issues, having realtors and potential purchasers enter the homes owned and occupied by criminal defendants without law enforcement agents would pose an unnecessary safety risk. Moreover, defendants have no incentive to make their homes presentable and available for showings – indeed, the Defendant's repeated delay tactics with regard to the appraisal and sale suggest that selling the Lynnfield Property with her living in it would be impossible. Accordingly, the Court should deny any request by the Defendant to modify the Order to allow her to live there pending a sale.

which it must be vacated, the government endeavored to ensure that the Defendant's failure to make mortgage payments on the property had not rendered the property worthless. On July 10, 2008, IRS Special Agent Sandra J. Lemanski ("SA Lemanski") contacted the Defendant's attorney and requested access to the Lynnfield Property for the purpose of conducting an appraisal. Defense counsel never called back. On July 17, 2008, SA Lemanski approached the Defendant's attorney at the hearing on the defendants' motion to suppress, and again requested access to the property. The Defendant's counsel indicated that he had not yet spoken to his client about the appraisal. On July 23, 2008, the Defendant's counsel called SA Lemanski and left a message stating that the appraiser should contact his client directly to schedule the appraisal, as opposed to going through SA Lemanski. On July 24, 2008, SA Lemanski left a message for the Defendant's attorney explaining that IRS regulations prohibit direct contact between appraisers contracted by IRS and defendants, and also explaining that IRS agents would need to be present during the appraisal per IRS regulations. Counsel never returned that message. At the beginning of this week, SA Lemanski again contacted the Defendant's attorney and provided two possible dates for the appraisal: August 20 and 21, 2008. The Defendant's counsel objected to having IRS agents accompany the appraiser. On August 7, 2008, counsel for the government spoke to the Defendant's attorney and offered to have IRS agents who were not involved with this prosecution present for the appraisal, but the Defendant's counsel declined the offer and refused access to any IRS agents.

     The government has been more than indulgent with respect to the Lynnfield Property. It waited *over a year and a half* from the bail forfeiture order to move for the sale, and it has worked for five months to ensure it does not take over the Lynnfield Property unnecessarily. On

the other hand, the Defendant and her children made no efforts to comply with the January 30, 2006 Order to satisfy the bail forfeiture with other assets, and no one has made any mortgage payments on the Lynnfield Property since April 2007.  See Attached 8/8/08 letter from Elizabeth Garner, Esq.  The longer a sale is delayed, the less value anyone can hope to recover from the property.  Accordingly, the Court should deny the Motion to Preclude forthwith.

Alternatively, the United States requests that the Court compel the Defendant to deed the Lynnfield Property to the United States and vacate the property on or before August 15, 2008, pursuant to the Order for Interlocutory Sale.  As the government stated in prior briefings regarding the sale, the Defendant's children are college graduates, and the Defendant's sister lives next door to the Lynnfield Property in a 3,264 square foot, four-bedroom, three and one-half bathroom home.  See Document No. 416, Ex. 3 (Affidavit of IRS Special Agent Sandra J. Lemanski).  Surely requiring compliance with a Court order five months after its entry would cause no undue hardship to the Defendant.  Indeed, the fact that she has not planned for such an eventuality and continues living in the lavish Lynnfield Property – without paying the mortgage bills – suggests that the delay tactics will not stop at the Motion to Preclude.

WHEREFORE, the government requests that the Court deny the Motion to Preclude and order the Defendant to provide an IRS agent and an appraiser access to the Lynnfield Property for the purpose of conducting an appraisal on August 20 or 21, 2008.  In the alternative, the government requests that the Court order the Defendant to deed the Lynnfield Property to the United States and vacate the property on or before August 15, 2008, pursuant to the Order for Interlocutory Sale.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN,
                                              UNITED STATES ATTORNEY

                            By:    /s/ Kristina E. Barclay
                                              Kristina E. Barclay
                                              Assistant U.S. Attorney
                                              1 Courthouse Way
                                              Boston, MA  02210
Dated: August 8, 2008                      617-748-3100


## CERTIFICATE OF SERVICE

     This is to certify that the foregoing document filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


                                                /s/ Kristina E. Barclay
                                                Kristina E. Barclay
Dated: August 8, 2008                      Assistant U.S. Attorney

**BRENNAN ▪ DAIN**
**LE RAY ▪ WIEST**
**TORPY ▪ GARNER** PC

Elizabeth A. Garner
617.227-6618
lgarner@bdlwtg.com

August 8, 2008

**By Hand**

Kristina E. Barclay, Esq.
United States Attorney's Office
John J. Moakley United States Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

Re:  Forfeiture Proceedings
     **United States of America v. Arthur Gianelli, et al.**
     Criminal No. 05-10003-NMG

Dear Ms. Barclay:

As you know, this firm represents Countrywide Home Loans, Inc. ("Countrywide") at the property located at 420 Main Street, Lynnfield, MA 01940 ("the Property"). The mortgagors, Arthur and Mary Ann Gianelli, are in default on two loans secured by the Property (loan number 5387114 and loan number 1809519). The last payments were received on April 1, 2007 for loan number 5387114 and on March 20, 2007 for loan number 1809519. The payoff as of August 8, 2008 on loan number 5387114 is $591,801.55; and the principal balance due as of August 8, 2008 on loan number 1809519 is $149,749.27. The balances owed as of August 8, 2008 are exclusive of collection fees and costs as provided in the note. But for the injunction in United States of America v. Arthur Gianelli, et al., Criminal No. 05-10003-NMG, Countrywide would have started foreclosure proceeds.

Very truly yours,

*Elizabeth Garner* (signature)
Elizabeth A. Garner

EAG/clm