```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
UNITED STATES OF AMERICA       )
                               )
                               )
        v.                     )   CRIMINAL NO. 05-CR-10003-NMG
                               )
                               )
JOSEPH YERARDI, JR.,           )
        Defendant              )
                               )
_____)
```

DEFENDANT YERARDI'S SENTENCING MEMORANDUM

SUMMARY OF SENTENCING REQUESTS

Defendant Joseph Yerardi, Jr. respectfully requests that this Court adopt the parties' joint sentencing recommendation that he receive a 94-month prison sentence, with credit for time served.  The particulars of the advisory guideline calculations supporting this recommendation are set forth in the Government's February 21, 2009 letter, April 21, 2009 email, and May 6, 2009 letter to Probation Officer Martha Victoria, copies of which are attached hereto as  "Exhibit A," "Exhibit B," and "Exhibit C," respectively.

As reasons therefore, the defendant states, first, that based upon the circumstances of this case, the parties are in agreement that he should receive a two-point reduction under the federal sentencing guidelines for his acceptance of responsibility as a result of his guilty plea pursuant to U.S.S.G. Sec. 3E1.1 (b).

Second, Mr. Yerardi respectfully requests that the Court adopt the parties' joint recommendation of a mid-range advisory

1

guideline sentence of 94 months in prison because it is the result of an appropriate, arms length negotiation between them that balances their respective legitimate interests in a compromised but sure result in this case without resort to trial. In imposing this 94-month sentence, the defendant asks the Court to adopt the parties' assessment that the defendant is not a "career offender" based upon the legal analysis set forth in the Government's April 21, 2009 email and May 6, 2009 letter to Probation, Exhibit B and Exhibit C, respectively.

The defendant further submits that the proposed 94-month committed sentence is appropriate because it takes into account the sentencing factors set forth in 18 U.S.C. Section 3553 (a). He suggests that when all of these factors are considered, the parties' joint recommended disposition would ensure that the defendant's sentence is "sufficient but not greater than necessary to comply with the purposes set forth in Paragraph (2) of [18 U.S.C. Section 3553 (a)]."

In the event that the Court rejects the parties' sentencing calculations in favor of the Probation Officer's opinion that the defendant is a "career offender," Mr. Yerardi respectfully requests that the Court grant him a downward departure from any "career offender" status because that designation overstates the seriousness of his criminal history.  18 U.S.C. Sec. 3553(b); U.S.S.G. Sec. 4A1.3; United States v. Lindia, 82 F.3d 1154 (1st Cir. 1996); United States v. Bowser, 941 F.2d 1019 (10th Cir. 1991).

Third, in addition to any committed term imposed, the defendant requests the Court impose the following additional

2

sentencing provisions: (1) a 3-year term of supervised release, the maximum period applicable to the defendant's convictions; (2) no assessment of monetary fines based upon the defendant's inability to pay; [1] and (3) a waiver of the mandatory special assessment of $1,000 for the same reason.

Fourth, the defendant also requests that the Court credit him for the full number of days that he has been held in custody since his arrest on April 11, 2005. *See*, Presentence Report ("PSR,") Paragraph 2. Upon information and belief, none of the days during the defendant's federal detention was or will be credited toward any other state or federal sentence.

Finally, Mr. Yerardi respectfully requests that the Court recommend to the Bureau of Prisons that he be allowed to serve his sentence, including his term of supervised release, as close to southern Florida as possible. Although the defendant has lived in Massachusetts most of his life, he wants to sever ties with his former associates and make a fresh start. Since he considers Florida his "second home," he would like the Bureau of Prisons to use that locale in determining where he will serve his sentence.

---

[1] Since the defendant has no present ability to pay any fines, fees, or interest, he (and the Government) respectfully request that such monetary assessments be waived.

II. <u>DOWNWARD DEPARTURE REQUESTS</u>

   A. <u>Acceptance of Responsibility</u>

The parties and the Probation Officer agree that the defendant is entitled to 2-point reduction under U.S.S.G. Section 3E1.1 for acceptance of responsibility.  (*See*, <u>PSR</u>, Paragraph 45, p. 13.)

   B. <u>Factors Under 18 U.S.C. Section 3553(a)</u>

Under <u>United States</u> v. <u>Booker,</u> 125 S. Ct. 738 (2005), the district court has the obligation of determining a "reasonable" sentence based upon the factors set forth in 18 U.S.C. Section 3553 (a) and using the federal sentencing guidelines in an advisory fashion.  Section 3553(a) specifically requires the Court "to impose a sentence sufficient, <u>but not greater than necessary</u>" to promote the purposes of punishment, deterrence, public protection, and providing the defendant with education or treatment in the most efficient manner.  (Emphasis supplied.)

When the Section 3553 (a) factors, including the nature and circumstances of the offenses as well as the defendant's personal history and characteristics are considered in this case, it is clear that the Court's imposition of a mid-range guideline sentence of 94-months of incarceration Mr. Yerardi would be appropriate and just.  These considerations include the fact that the parties' are in agreement that this sentence satisfies the needs of punishment, deterrence, and recidivism considerations.

C. <u>OVERSTATEMENT OF CRIMINAL HISTORY</u>

In the event that the Court does not adopt the parties' legal conclusion that he is not a "career offender," the defendant respectfully requests that this Court depart downward from the applicable career offender guideline sentencing range in this case. As reasons therefore, the defendant states the 1991 conviction that the probation officer uses to support her characterization of him as a "career offender" was resolved by agreement in state district court for fines <u>only</u>. Had the judge concluded that the events of the 1991 case, in fact, were dangerous, the defendant ultimately would have received a much more serious sentence.

Second, since only fines were imposed, the defendant could not appreciate the effect that his guilty plea in his state case might have under the federal sentencing guidelines at some later date. This lack of foreseeability is underscored by the fact that the Government strenuously disputes the probation officer's conclusion that it is a proper predicate for a career offender designation.

Third, it is important to note that the events resulting in the defendant's state conviction occurred in 1990, roughly fifteen years prior to the crime of violence for which the defendant plead guilty in the case at bar: the extortionate collection of a debt relating to John Mousis in March of 2004. As the government strenuously asserts in its objections to the PSR, "Yerardi did <u>not</u> begin to commit the Mousis extortionate collection (crime of violence) until 2004— which is not within 10 years of being sentenced in 1991 on a crime of violence.

Therefore, Yerardi should not receive career offender status."
Exhibit C, p. 3. (Emphasis in the original.)

In view of all of the factors identified in jointly recommending a non-career offender sentence, the parties are in agreement that assigning Mr. Yerardi a Criminal History point for his state case would be a "hypertechnical" and unjust application of the Sentencing Guidelines.  This is true particularly since this single point jumps the defendant's Criminal History Category up two levels from "IV" to "VI."  It would have the effect of doubling this defendant's "advisory" final sentencing range from 84 to 105 months at Level 25, to 168 to 210 months at Level 30, a result the government has made clear it adamantly opposes as unfair.  *See*, Exhibit C, p. 4.

Under these circumstances, whether the result is achieved by means of a guidelines calculation or a downward departure, the parties agree that the Court should not sentence the defendant as a "career offender."  *See*, United States v. Patrick, 41 F.Supp.73 (D. Mass. 1999).  Although not acknowledged in the PSR, this downward departure is available to the Court pursuant to U.S.S.G. Section 4A1.3 (b)(1).  *See*, United States v. Shoupe, 35 F.3d 835 (3rd Cir. 1994)(Where a defendant's offense level has been augmented by a career offender provision, the sentencing court may depart downward in both the criminal history and offense level categories under U.S.S.G. Sec. 4A1.3.)  See also, Estevez v. United States, 601 F.Supp.2d 348, 350, 353 (D.Mass. 2009) (Gorton, J.)(Acknowledging sentencing judge's ability to depart downward from advisory career offender guideline for overstated criminal history.)

6

III. <u>Bureau of Prisons FCI Designation</u>

  Mr. Yerardi is concerned that if he is serves his term of incarceration or supervised release in Massachusetts or the surrounding area, he will run the risk of reconnecting with his former associates.  Consequently, he respectfully requests that the Court recommend to the Bureau of Prisons that he serve both his prison and supervised release terms as close to southern Florida as possible.  He still has many law abiding family friends in that region who could visit him in prison and assist him in transitioning to a lawful and productive life.

  Mr. Yerardi understands that the Government considers one of his friends William Lilly an inappropriate contact by virtue of Mr. Lilly's prior criminal record.  Consequently, the defendant will refrain from associating with Mr. Lilly as well as anyone else the Court or probation determines he should avoid.

CONCLUSION

  For all of these reasons stated above, Joseph Yerardi, Jr. asks the Court accept the parties' joint recommendation and sentence him to 94 months in prison.  This proposed sentence is appropriate and takes into consideration all of sentencing factors set forth in 18 U.S.C Section 3553 (a).

            Respectfully submitted,
            Joseph Yerardi, Jr.,
            By his attorney,

Dated:  May 19, 2009     _/s/ Debra A. DelVecchio_
            Debra A. DelVecchio
            B.B.O. No. 542139
            15 Front Street
            Salem, MA  01970
            (978) 740-5999

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of May, 2009, I served upon the United States Attorney's Office and all parties of record a copy of the foregoing document by electronic filing.

>   /s/ Debra A. DelVecchio
>   Debra A. DelVecchio