**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| ──────────────────────── ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
|      v.       ) | |
| ) | **Criminal Action No.** |
| ARTHUR GIANELLI,       ) | 05-10003-NMG-1 |
| ) | |
|     Defendant.   ) | |
| ──────────────────────── ) | |

<u>**MEMORANDUM & ORDER**</u>

**GORTON, J.**

In October, 2009, Arthur Gianelli ("Gianelli" or "petitioner") was sentenced to 271 months in prison and 36 months of supervised release after being convicted of RICO, gambling offenses, money laundering, extortion, attempted arson and related conspiracy offenses.  Gianelli contends that his lawyers rendered ineffective assistance prior to and during trial and moves 1) to vacate his sentence pursuant to 28 U.S.C. § 2255 and 2) for discovery in connection with his habeas petition.  For the reasons that follow, both motions will be denied.

**I.    Background**

**A.    Criminal investigation**

Gianelli's prosecution resulted from an investigation of an extensive illegal gambling operation by the Massachusetts State Police ("the MSP") in 2003.  The MSP obtained orders to

intercept telephone conversations of Gianelli, the head of the group, and co-defendant Dennis Albertelli ("Albertelli"), the second-in-command, between late October, 2003 and mid-January, 2004.

The intercepted calls revealed that Gianelli and Albertelli were involved in a dispute with Mark Colangelo ("Colangelo") over ownership of the Big Dog Sports Bar in Lynnfield, Massachusetts.  Gianelli and Albertelli intended to pressure Colangelo to settle on terms favorable to themselves by burning down Romeo's Pizza, the pizza shop in North Reading, Massachusetts owned by Colangelo.

On November 13, 2003, officers set up surveillance at Romeo's Pizza and arrested two men attempting to set fire to the building.  The men had been recruited by co-defendant Deeb Homsi.

**B.   Indictments, arrest and jury trial**

In January, 2005, Gianelli and four co-defendants were arrested and indicted on five counts of illegal gambling, extortion, arson and related conspiracy offenses.  The first superseding indictment returned in April, 2005 charged Gianelli on 311 counts.  A second superseding indictment returned in September, 2006 charged Gianelli on 330 counts.  That indictment also charged Gianelli's wife, Mary Ann Gianelli, with 160 felony counts including RICO, gambling, money laundering and tax

offenses.  Generally, the prosecution advanced the theory that Gianelli served as the leader of a criminal organization that ran illegal gambling operations, collected debts through extortionate means and conspired to commit arson.

A seven-week jury trial was held in March and April, 2009. Gianelli was convicted on 328 counts of RICO, gambling offenses, money laundering, extortion, attempted arson and related conspiracy offenses.  He was acquitted on one gambling count and one count of interstate travel in aid of racketeering.  The government subsequently dismissed four money laundering counts, leaving Gianelli with 324 felony convictions.

### C. Procedural History

In October, 2009, the Court sentenced Gianelli to 271 months in prison and 36 months of supervised release.  Gianelli timely appealed his conviction on grounds that the Court erred in denying his motion to suppress wiretap evidence and in permitting a case agent to interpret ordinary words and phrases in an intercepted call based on his knowledge of a far-reaching investigation.  In June, 2012, the First Circuit Court of Appeals affirmed Gianelli's conviction and the United States Supreme Court denied his petition for writ of certiorari in May, 2013.

In May, 2014, Gianelli timely moved for habeas relief under 28 U.S.C. § 2255.  He claims that he was the victim of

-3-

ineffective assistance of counsel from two of his trial lawyers,
the late Richard Egbert ("Attorney Egbert") and Robert L.
Sheketoff ("Attorney Sheketoff").  Gianelli claims that Attorney
Egbert was ineffective in: 1) failing to conduct a prompt
examination of the case, 2) proceeding based on a
misunderstanding of the law, 3) not providing Gianelli with
sufficient advice relating to a "swift plea," 4) rendering
incompetent representation during plea negotiations, 5) failing
to investigate Gianelli's defenses, 6) failing to abide by
Gianelli's wishes to accept a plea offer of 12 years
incarceration and 7) not adhering to ABA standards.

Moreover, Gianelli claims Attorney Sheketoff was
ineffective after the death of Attorney Egbert in: 1)
instructing Gianelli to turn down a 14-year plea offer, 2)
proceeding based on a misunderstanding of the law, 3) failing to
investigate the government's case adequately, 4) failing to
advise Gianelli on how the government could change its
prosecution theory at trial, 5) misunderstanding the strength of
the government's case and 6) not adhering to ABA standards.

Gianelli contends that but for the errors of Attorney
Egbert he would have been sentenced to 12 years in prison, and
in the alternative, that but for the errors of Attorney
Sheketoff he would have been sentenced to 14 years in prison.
He now moves to correct his sentence.

-4-

## II. __Motion to Vacate__

### A. __Legal Standard__

Section 2255 enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  The petitioner bears the burden of establishing the need for relief in each of those circumstances. David, 134 F.3d at 474.  To be entitled to relief under § 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident." Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

A § 2255 petition is procedurally defaulted and unreviewable on collateral attack when the petitioner has not presented the claim on direct appeal, lacks cause for failing to do so and suffered no "actual prejudice resulting from the error." Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Pleading constitutionally ineffective assistance of counsel is sufficient to excuse a procedural default. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999).

-5-

To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, the petitioner must show that his representation by counsel 1) "fell below an objective standard of reasonableness" and 2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). That test is formidable.

> [J]udicial scrutiny of counsel's performance must be highly deferential [and] counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 689-90; see also Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (noting that petitioner must show that his "counsel's choice was so patently unreasonable that no competent attorney would have made it") (internal citation omitted).

A petitioner who files a § 2255 motion "is not entitled to an evidentiary hearing as a matter of right." David v. United States, 134 F.3d 470, 477 (1st Cir. 1998). There is a "fairly heavy burden" of proving that an evidentiary hearing is merited. See United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993). In order to satisfy that burden, a habeas petitioner generally must provide evidence admissible under the Federal Rules of Evidence. Garuti v. Roden, 733 F.3d 18, 25 (1st Cir. 2013). The Court may dismiss a petition without a hearing if it is contradicted by the record, inherently incredible or if the

-6-

petitioner has failed to provide "specific and detailed

supporting facts." United States v. Butt, 731 F.2d 75, 77 (1st

Cir. 1984). Furthermore,

> no [evidentiary] hearing is required where the district
> judge is thoroughly familiar with the case as, for
> example, when he presides at both a change of plea hearing
> and sentencing.

Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988).

**B.   Application**

**1.   Attorney Egbert and the purported 12-year
plea offer**

Gianelli asserts that sometime between the filing of the

second superseding indictment in September, 2006 and Attorney

Egbert's death in July, 2008, Attorney Egbert informed

petitioner that AUSA Fred M. Wyshak, Jr. ("AUSA Wyshak") had

offered a plea agreement that would have resulted in a 12-year

sentence.  Petitioner claims to have instructed Attorney Egbert

to accept the offer in no uncertain terms and that Attorney

Egbert allegedly promised to do so.  No plea agreement was

consummated before Attorney Egbert's death.

Petitioner contends that but for Attorney Egbert's

ineffective assistance of counsel he would have been sentenced

to 12 years in prison.  Had the government indeed made that

offer, his contention would merit further evaluation.  The Court

has no reason to infer, however, that the government ever made

such an offer to petitioner or to any of his representatives.

-7-

Gianelli has proffered no admissible evidence in support of his claim that the government offered him a 12-year plea bargain.  The only "evidence" petitioner refers to is an account of what Attorney Egbert allegedly told him about a conversation Attorney Egbert had with AUSA Wyshak.  Such classic hearsay cannot be considered by the Court. <u>Garuti</u>, 733 F.3d at 25.  Nor has Gianelli pled any specific facts about the nature of that alleged plea deal.  He has offered no details as to:

1)  which of the 330 felony counts he would have pled guilty to,

2)  whether the plea would have been binding on the Court upon acceptance under Fed. R. Crim. P. 11(c)(1)(C) or non-binding under Fed. R. Crim. P. 11(c)(1)(B), or

3)  whether the alleged plea agreement was offered to him individually or as part of a global resolution with his co-defendants.

Moreover, Gianelli has failed to submit affidavits with respect to the alleged plea agreement from either of his surviving counsel, one of whom worked as an associate of Attorney Egbert during the time Attorney Egbert represented Gianelli.  If there was such an agreement, it is highly probable that petitioner would have discussed it with his attorneys.

The existence of the alleged plea offer is all the more suspect because Gianelli fails to explain whether it was a stand-alone offer or part of a universal plea agreement.  An offer to Gianelli alone of such relatively lenient terms would

-8-

have made little sense because prosecutors would still have had
to try his co-defendants on hundreds of overlapping felony
counts and thus would not have saved time or expense by
disposing of just Gianelli's case.

Furthermore, Gianelli has failed to prove that he was
actually prejudiced by his counsel's alleged failure to accept
the proffered plea agreement because he has not demonstrated a
reasonable probability that the Court would have accepted it.
See Missouri v. Frye, 132 S.Ct. 1399, 1411 (2012) (noting that
"there is no Strickland prejudice" if defendant cannot show a
reasonable probability that the trial court would have accepted
the plea agreement).  In sentencing Gianelli to 271 months in
prison, which was at the high end of the Sentencing Guidelines
and nearly twice what the alleged plea agreement called for, the
Court noted its intention to impress upon Gianelli and others
the seriousness of organized crime and the immense harm it
causes.  Petitioner has not shown a reasonable probability that
the Court would have accepted a plea recommendation of 12 years
given that he provided no assistance to the government in its
investigation and a stand-alone plea would not have
substantially reduced the length or complexity of trial against
petitioner's co-defendants.

Accordingly, Gianelli has not demonstrated that Attorney
Egbert's failure to accept an alleged 12-year plea offer

satisfies either prong of the <u>Strickland</u> test for ineffective assistance of counsel.

### 2. Other claims of ineffective assistance with respect to Attorney Egbert

Petitioner also claims that Attorney Egbert failed to provide him with constitutionally sufficient advice on the need to make a "swift plea" to the initial indictment.  Gianelli reasons that but for Attorney Egbert's failure to advise him to take the government's alleged offer, he would not have faced the additional charges listed in the two superseding indictments.  Again, Gianelli has provided no admissible evidence or other supporting facts to meet his burden of proving that the outcome of the proceedings would have been different.  He instead proceeds under the misunderstanding that pleading guilty to certain crimes would have precluded the government from charging him with additional crimes of which he was later found guilty by a jury.  Petitioner's argument therefore fails to satisfy the standard set by <u>Strickland</u>.

Gianelli's other claims of ineffective assistance with respect to Attorney Egbert are insufficiently addressed in his § 2255 motion and are also unsupported by any alleged facts.  Accordingly, claims (1), (2), (4), (5) and (7) will be summarily dismissed.

### 3.   Attorney Sheketoff and the purported 14-year plea offer

In September, 2008, Attorney Sheketoff filed his appearance on behalf of Gianelli.  Sometime between September, 2008 and the commencement of Gianelli's jury trial in March, 2009, Gianelli claims that the government offered a plea agreement that would have resulted in a 14-year sentence.  Gianelli alleges that Attorney Sheketoff counseled him against taking the offer by asserting that a conviction at trial would, at most, result in a 15-year prison sentence.  Gianelli went to trial and, upon conviction, was sentenced to more than 22 years in prison.

Similar to his allegation of Attorney Egbert's indiscretion, Gianelli has presented no credible evidence of the existence or the terms of an alleged 14-year plea bargain.  He claims to have discussed its terms with Attorney Sheketoff but has submitted no affidavit from Attorney Sheketoff on the matter.  Gianelli has therefore failed to support his claim with any specific facts.

Nor does Gianelli establish ineffective asssitance of counsel by alleging that Attorney Sheketoff predicted a maximum prison sentence of 15 years.  Gianelli proffers nothing in support of his contention that Attorney Sheketoff ever made such a prediction.  Moreover, an "erroneous strategic decision about the outcome of a trial is not necessarily deficient

performance." <u>Lafler</u>, 132 S.Ct. at 1391, <u>see also</u> <u>Colotti</u> v.
<u>United States</u>, 2012 WL 1122972 at *14 (S.D.N.Y. Apr. 4, 2012)
("an inaccurate prediction as to the sentence a defendant is
likely to receive after trial should only rarely be susceptible
to an ineffective assistance claim").

Petitioner likewise has failed to meet his burden of
proving actual prejudice.  As previously discussed, Gianelli has
not shown a reasonable probability that the Court would have
accepted a 14-year sentence as part of a plea agreement.

Finally, none of Gianelli's residual claims against
Attorney Sheketoff is supported by specific, supporting facts
and will therefore be summarily dismissed.

### 4.   Evidentiary hearing

The Court concludes that an evidentiary hearing with
respect to Gianelli's petition is unnecessary because 1)
petitioner has failed to provide specific facts to support his
allegations that he was offered plea bargains of either a 12-
year sentence or a 14-year sentence and 2) the Court presided
over the petitioner's jury trial and his sentencing and is
therefore thoroughly familiar with the case.  The record
provides a sufficient basis for resolving the matter without an
additional hearing.

## III. **Motion Requesting Leave to Take Discovery**

### A.   **Legal standard**

A petitioner under § 2255 is not entitled to discovery as a matter of course. <u>Bracy</u> v. <u>Gramley</u>, 520 U.S. 899, 904 (1997). He instead must show "good cause," which may be established

> where specific allegations before the court show reasons to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief.

<u>Harris</u> v. <u>Nelson</u>, 394 U.S. 286, 300 (1969).  A habeas proceeding is not a "fishing expedition," rather, the petitioner must provide the Court with a reason to believe that the discovery he requests will allow him to demonstrate that he is entitled to relief. <u>Donald</u> v. <u>Spencer</u>, 656 F.3d 14, 16 (1st Cir. 2011).

### B.   **Application**

Gianelli requests that the United States Attorney's Office turn over all documents evidencing communication with Attorney Egbert regarding this case up until the first superseding indictment, all documents related to plea negotiations in this case and all plea agreements submitted to this session of this Court from 1995-2005.  He also requests that the Court identify all of its arson and bookmaking cases during that time frame, along with information pertaining to the criminal history categories and sentences imposed against all defendants. Petitioner cites <u>Jackson</u> v. <u>Marshall</u>, 500 F. Supp. 2d 1 (D.

Mass. 2007) as precedent for this Court allowing discovery of a prosecutor's documents during habeas proceedings.

Gianelli's discovery request is not only improvidently overbroad, the case he cites to support his motion is inapposite because it involved a claim of alleged prosecutorial misconduct. In that case, petitioner demonstrated good cause through specific allegations that may have entitled him to relief if fully developed.

Here, Gianelli has failed to show good cause for discovery with respect to the existence of plea offers of either a 12-year sentence or a 14-year sentence. Moreover, discovery of this Court's history of dealing with plea agreements has absolutely no bearing on this case. Accordingly, the motion for leave to take discovery will be denied.

## ORDER

Based upon the foregoing, Gianelli's motion for leave to take discovery (Docket No. 1001) is **DENIED**; and Gianelli's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Docket No. 982) is **DENIED** and the petition is **DISMISSED**.  The Court furthermore **DENIES** a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2).

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated July 15, 2015