United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America, | ) ) ) | |
| v. | ) ) ) | Criminal Action No. |
| Arthur Gianelli, | ) ) ) | 05-10003-NMG-1 |
| Defendant. | ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Arthur Gianelli ("Gianelli" or "defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

In light of the COVID-19 pandemic, Gianelli seeks to have this Court modify the remainder of his sentence of imprisonment to home confinement. He is currently incarcerated at FCI Fort Dix in New Jersey ("Fort Dix") having been convicted of and sentenced for operating an extensive racketeering enterprise involved in illegal gambling, loansharking, money laundering, extortion and arson. His projected date of release is October 16, 2024.

I. **Background**

In Spring, 2020, at the height of the coronavirus pandemic, the counseling unit team at Fort Dix apparently made a recommendation that Gianelli be released to home confinement.

Despite that recommendation, Gianelli was later told that he would not be released. In response, he submitted a request to the prison warden that he be released to home confinement pursuant to the CARES Act. Gianelli did not seek compassionate release pursuant to § 3582(c) at that time. In May, 2020, Gianelli's request and subsequent appeal were denied based upon the seriousness of his offense which involved violence.

On December 1, 2020, Gianelli filed the pending motion for compassionate release seeking to replace the remainder of his lengthy sentence with home confinement. He did not deliver a request for compassionate release to the warden of Fort Dix, however, until December 18, 2020, and no response has been received.

In support of the subject motion, Gianelli contends that

> COVID-19 infections due to the coronavirus pandemic are raging out of control at Fort Dix

and that the facility has the highest number of COVID-19 infections in the entire federal prison system, but that contention is apparently inaccurate.[1] Gianelli also submits that he is especially vulnerable to contracting a severe case of COVID-19 due to his age (63) and his family history of diabetes,

---

[1] As of December 23, 2020, only 20 of the approximately 2,700 inmates at Fort Dix are positive for COVID-19. See COVID-19 Cases, Federal Bureau of Prisons (last visited Dec. 23, 2020, 9:00 A.M.), https://www.bop.gov/coronavirus/

although he has not been diagnosed with the disease. Finally, Gianelli asserts that the balance of the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.

The government disagrees and urges this Court to deny defendant's motion for several reasons, including that 1) defendant has not exhausted his administrative remedies, 2) he is neither sick nor suffering from an underlying health condition that places him at a higher risk for complications due to COVID-19 and 3) there are no cases of COVID-19 in the unit in which defendant resides.

## II.  Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Such a modification may be made only upon either a motion of the Director of the Bureau of Prisons or a motion of the defendant after defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Gianelli is not entitled to a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because he has not exhausted his administrative remedies with the Bureau of Prisons.  Less than 30 days have elapsed since Gianelli filed his request for compassionate release with the warden of Fort Dix.

Furthermore, defendant has demonstrated no "extraordinary and compelling" reason warranting his release.  He has not shown that he suffers from any condition which would place him at an increased risk of severe illness due to COVID-19, nor, indeed, from any relevant medical condition.  Although the COVID-19 pandemic is an unprecedented cause of concern and the Court is cognizant of the particular risk of transmission in penitentiary facilities, the fear of COVID-19 alone, without more, is insufficient to warrant release pursuant to § 3582(c).  See United States v. Ramirez, 459 F. Supp. 3d 333, 337–38 (D. Mass. 2020) ("[T]he threat of COVID-19 alone is not sufficient to allow release" pursuant to § 3582(c)); United States v. Curtis, No. 14-cr-00140, 2020 U.S. Dist. LEXIS 102045, at *13 (D. Me.

-5-

June 11, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

### ORDER

For the foregoing reasons, defendant's motion for compassionate release (Docket No. 1048) is **DENIED without prejudice.**

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 23, 2020