UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                        )   Crim. No. 05-10003-NMG<br>)<br>ARTHUR GIANELLI,                 )<br>)<br>Defendant.                             ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE AND MODIFICATION OF SENTENCE

In this opposition to Defendant's still untimely motion, the government hereby incorporates and attaches hereto its prior responses to Defendant's motions for compassionate release. See *Government's Opposition To Defendant's Motion For Compassionate Release And Modification Of Sentence* (Dkt. #1050) and *Government's Update On Conditions At FCI Fort Dix* (Dkt. #1052) attached as Exhibits A and B.

Although it is true that Defendant tested positive for COVID-19 on December 29, 2020, Defendant reported no symptoms and has had no symptoms since that time. Consistent with the protocols at FCI Fort Dix, Defendant has been quarantined in an isolation unit with other inmates who have tested positive. In accordance with BOP and CDC guidelines, any inmate needing medical treatment is moved to a local hospital. Defendant has not been hospitalized. This is an indication that he is asymptomatic or suffering from mild symptoms. Filed separately under seal are medical records received from Fort Dix. (See Exhibits C and D.) They are current as of last Thursday and were provided to Defendant's attorney on Friday. Of note is the fact that Defendant's temperature has been normal.

Ironically, Defendant's contraction of the virus without significant symptoms essentially moots his argument for compassionate release. As set forth in its prior submissions, Defendant

has no underlying health conditions that place him at higher risk. His previous argument that he was entitled to release because he was at high risk due to "a family history of diabetes" is now irrelevant since he has become infected. Contrary to his prior contention, infection has not resulted in any significant medical issues.

Finally, given the timing of his December 29 diagnosis, Defendant may still be contagious and releasing him at this stage would recklessly endanger the community.[1] Courts, including in this District, faced with motions from COVID-positive inmates have denied release because of the obvious risks to both detainees and the public. For example, in *United States v. Minyetty*, the Honorable Judge Casper denied a defendant's motion to review a detention order after the defendant tested positive for COVID-19. No. 20-cr-10004-DJC, Dkt. 86 (D. Mass. June 29, 2020). In ordering the defendant detained, the court held: "There is no basis in this record to indicate that [the defendant] is not receiving appropriate medical care, and there would be a public health concern about his proposed release plan even if the other factors under Section 3142(g) did not weigh against release as this Court finds that they do here." *Id*. (internal citations omitted); *see also United States v. Basilici*, No. 19-cr-10245-ADB, Dkt. 277 (denying renewed motion for release for COVID-positive inmate who posed danger to the community because his well-controlled COVID-19 case did not warrant release). Similarly, in *United States v. West*, No. ELH-19-364, 2020 WL 1820095 (D. Md. Apr. 10, 2020), the district court denied a COVID-19-positive inmate's appeal of his detention order:

> Removing West from isolation and placing him in home confinement may actually facilitate the spread of the virus. If West were released, this would risk transmittal of the virus to the [detention facility] staff involved in his transfer, his third-party custodian, and anyone who visits him while he convalesces…. And, were West to

---

[1] Releasing inmates simply because of their COVID-positive status (without regard to actual experience of health issues or complications) would create a dangerous incentive for inmates to become deliberately infected in order to facilitate their release.

disregard the Court's order of home confinement, he could unwittingly spread the virus to complete strangers. Because of West's present condition, his release might actually pose a distinct and significant risk to the community.

The Government appreciates the gravity of the COVID-19 pandemic and acknowledges that it presents a serious national and state public health emergency.  However, even in the midst of this pandemic, the factors set forth in 18 U.S.C. § 3582 still guide the Court in determining, on a case-by-case basis, whether extraordinary and compelling reasons exist warranting a reduction of sentence. For the reasons stated above, Defendant has failed to demonstrate that any extraordinary and compelling reasons exist that warrant a reduction of sentence.  Therefore, the government respectfully submits that Defendant's motion should be denied.

                ANDREW E. LELLING
                United States Attorney

By:   */s/ Fred M. Wyshak, Jr.*
       FRED M. WYSHAK, JR.
       Assistant United States Attorney

### Certificate of Service

I hereby certify that copy of this document has been served on counsel of record via electronic mail.

                */s/ Fred M. Wyshak, Jr.*
                FRED M. WYSHAK, JR.
Dated: January 11, 2021       Assistant U.S. Attorney