# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 05-10003-NMG |
| | ) | |
| ARTHUR GIANELLI | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE AND MODIFICATION OF SENTENCE

Defendant was convicted in 2009 of operating a sprawling racketeering enterprise involved in illegal gambling, loansharking, money laundering, extortion and arson. He was sentenced to serve 271 months' incarceration. He now seeks to modify that sentence and seeks compassionate release based upon the fact that he is now 65 years of age and incarcerated at FCI Fort Dix where "the coronavirus pandemic [is] raging out of control." Defendant also alleges that Fort Dix "has failed to adequately implement the safety measures outlined by the Center for Disease Control." Both claims are false. For the reasons set forth below, Defendant's motion should be denied.

I. **ARGUMENT**

A. Defendant has not complied with the provisions of 18 USC § 3582(c).

The exhibits attached to Defendant's motion demonstrate that Defendant has simply requested home confinement under the CARES Act, not compassionate release under 18 USC 3582. The two are completely separate and the sentencing court does not have jurisdiction to order home confinement under the CARES Act. *See United States v. Cruz, 2020 WL 1904476, *4 (M.D. Pa. April 17, 2020); United States v. Sawicz, 2020 WL 1815851 *1 (E.D.N.Y. April 10, 2020).* Essentially, Defendant is attempting to convert the denial of his request for home

confinement to a denial for compassionate release pursuant to 18 USC § 3582(c). Obviously, he has engaged in this strategy because he cannot meet the standard required by section 3582(c)(1)(A) which requires that he show "extraordinary and compelling reasons." This is so because Defendant is neither sick nor suffers from any underlying health issue that place him at high risk for infection. Furthermore, there are no cases of COVID-19 in the unit to which Defendant is assigned at FCI Fort Dix.[1]

Under 18 U.S.C. §3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" if it finds "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

A motion under § 3582(c) may be made either by BOP or a defendant, but in the latter case only "after the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Defendant has failed to exhaust his administrative remedy.

---

[1] The undersigned has confirmed with BOP counsel at FCI Fort Dix that Defendant has not petitioned the Warden for compassionate release as well as the current COVID-19 conditions at the facility.

2

Moreover, a statutorily created exhaustion requirement, such as the one in § 3582(c)(1)(A), cannot be waived. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions," while "statutory exhaustion provision[s] stand[] on a different footing" because "Congress sets the rules," and thus, "mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account"); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

B. The Defendant Cannot Demonstrate Extraordinary Circumstances

A defendant is only eligible for compassionate release if the court finds, (a) "***extraordinary and compelling reasons*** warrant such a reduction," after "considering the factors set forth in section 3553(a) to the extent they are applicable," 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added); or (b) that the defendant is at least 70 years old and has served at least 30 years in prison, among other things. 18 U.S.C. § 3582(c)(1)(A)(ii); *See also* U.S.S.G. § 1B1.13. In either case, the proposed reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" and the defendant "cannot be a danger to the safety to any other person or the community." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Application Notes to Section 1B1.13 describe the circumstances under which "extraordinary and compelling reasons exist." U.S.S.G. § 1B1.13 Application Note 1. These include an assessment of the defendant's medical condition, age, family circumstances, and other reasons:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life

3

> expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 Application Note 1.

The policy statement is not the only source of criteria a court may apply in determining whether "extraordinary and compelling reasons" exist to justify a reduction. Application Note 1(D) permits the court to reduce a sentence where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*., n. 1(D). Accordingly, a court may grant compassionate release not only on grounds specified by the Sentencing Commission, but also those set forth in the relevant BOP regulation governing compassionate release.

That regulation appears at BOP Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. This program statement contains standards that are both more extensive than and slightly different from those stated in the § 1B1.13 policy statement. As is relevant here, the program statement defines a "debilitated medical condition" as follows:

Debilitated Medical Condition. RIS[2] consideration may also be given to inmates who have an incurable, progressive illness or who have suffered a debilitating injury from which they will not recover. The BOP should consider a RIS if the inmate is:

- Completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair; or

- Capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours.

The BOP's review should also include any cognitive deficits of the inmate (e.g., Alzheimer's disease or traumatic brain injury that has affected the inmate's mental capacity or function). A cognitive deficit is not required in cases of severe physical impairment, but may be a factor when considering the inmate's ability or inability to reoffend.

Program Statement 5050.50 at 5.

In the case at bar, Defendant has offered no compelling or extraordinary reasons to support his release. He is essentially a healthy 65 year old who is residing in a COVID-19 free unit at FCI Fort Dix. As discussed below, the actual conditions at FCI Fort Dix bear no resemblance to those described in Defendant's motion.

C. The conditions at Fort Dix.

As of December 7 there were only 13 inmates who had tested positive for COVID-19. None of those inmates are housed in Defendant's unit. Furthermore, the facility is not overcrowded. There are currently only 2,600 inmates housed in the facility which has a capacity to house 4,700 inmates. In late October, BOP instituted a moratorium on movement into the facility from other BOP facilities. The moratorium has only recently been lifted. All visits to the facility from members of the public have been cancelled and work by outside contractors has been severely limited. Staff testing for asymptomatic staff commenced on November 6. Any

---

[2] RIS refers to a "reduction in sentence." Program Statement 5050.50 at 4.

symptomatic staff are sent home and treated by their primary care physicians until medically cleared. All COVID sanitation guidelines have been followed and implemented on a daily basis.[3]

FCI Fort Dix has implemented the BOP national action plan to protect staff and inmates from exposure to the virus. In general that plan involves, *inter alia*, enhanced screening for inmates and staff; suspension of social and legal visitors and contractor access, inmate transfers, and official travel; quarantine and isolation procedures; instituting a "modified operations" plan that adjusted daily operations so as to maximize physical distancing while in common areas.[4]

The cases cited by Defendant are inapposite. They all involve situations where the defendant had exhausted his/her administrative remedies and also suffered from serious health issues. Neither is the case here. Defendant asks the Court to be guided and persuaded by the compassionate release to home confinement of Daniel Mongelli, a prisoner at Fort Dix. *See United States v. Mongelli*, No. 02-CR-307, 2020 WL 6449237, at *1 (E.D.N.Y. Nov. 3, 2020.) (Def.'s Mot. For Release, at 14). In *Mongelli*, the court granted the fifty-four-year-old defendant's second motion for compassionate release after noting changed circumstances in his health condition and the prevalence of COVID-19 at Fort Dix because the defendant had served eighteen years in prison, tested positive for COVID-19, was suffering from prostate cancer, and was not receiving medical treatment. The court noted that the combination of defendant Mongelli's "serious underlying health condition, his recent COVID-19 infection, and the failure

---

[3] The undersigned obtained this updated information from BOP counsel at FCI Fort Dix.

[4] A description of BOP's COVID-19 response can be found at https://www.bop.gov/coronavirus/covid19_status.jsp

6

of the Bureau of Prisons to prevent and control a COVID-10 outbreak at FCI Fort Dix" led to its finding that Mongelli's substantially diminished ability to provide self-care constituted extraordinary and compelling reasons in support of his request for compassionate release. See id. at 3. As set forth above, the conditions at Fort Dix have significantly improved since the litigation in the *Mongelli* case.

Finally, it bears noting that Defendant claims that a family history of diabetes places him at increased risk of infection. However, several courts have denied motions for compassionate release where defendants argued that a family history of a medical condition put them at risk of severe illness if they were to contract COVID-19. See, e.g., United States v. Gayle, No. CR 391-19, 2020 WL 4671718, at *3 (S.D.N.Y. Aug. 12, 2020) ("The CDC says nothing about people with family histories of diabetes or high blood pressure, or, for that matter, people who are at risk of diabetes or high blood pressure; to the contrary, the CDC only explains that people who *actually have* specific subsets of diabetes and high blood pressure—namely, Type 2 diabetes mellitus and pulmonary hypertension—as being at 'increased risk for severe illness from COVID-19.'"); United States v. Elem, No. CR 17-124, 2020 WL 4262271, at *3 (D. Md. July 24, 2020) (denying motion for compassionate release where defendant argued that his family history of diabetes constituted "extraordinary and compelling reasons" because he had not received a diagnosis of diabetes). [5]

---

[5] Defendant has not been diagnosed with diabetes despite a family history of the condition. (See Def.'s Mot. For Release, at ¶ 17).

7

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the Defendant's motion.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Fred M. Wyshak, Jr.*
      FRED M. WYSHAK, JR.
      Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I, Fred M. Wyshak, Jr., Assistant United States Attorney, do hereby certify that this document was filed on the above date through the ECF system, which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ Fred M. Wyshak, Jr.*
FRED M. WYSHAK, JR.
Assistant U.S. Attorney
