**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| **United States of America,** | ) |
| | ) |
| v. | ) |
| | )   **Criminal Action No.** |
| **Arthur Gianelli,** | )   **05-10003-NMG-1** |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the renewed motion of defendant
Arthur Gianelli ("Gianelli" or "defendant") for compassionate
release based on the COVID-19 pandemic pursuant to 18 U.S.C. §
3582(c)(1)(A).  On December 23, 2020, this Court entered an
Order denying without prejudice defendant's initial motion for
compassionate release for failure to exhaust his administrative
remedies.  Thereafter, the number of positive COVID-19 cases at
the FCI Fort Dix complex, in a unit of which Gianelli is housed,
increased significantly and Gianelli, himself, tested positive
for the virus, prompting the renewed motion.  Gianelli is
reported to have limited COVID-19 symptoms and is currently in a
recovery unit.

## I.  **Background**

In 2009, Gianelli was convicted of and sentenced for
operating an extensive racketeering enterprise involved in
illegal gambling, loansharking, money laundering, extortion and
arson.  He was sentenced to 271 months incarceration and his
projected date of release is October 16, 2024.

On December 1, 2020, Gianelli filed with this Court a
motion for compassionate release seeking to replace the
remainder of his lengthy sentence with home confinement.  He
asserted, inter alia, that he is especially vulnerable to
contracting a severe case of COVID-19 due to his age (63) and
his family history of diabetes, although he has not been
diagnosed with the disease.  This Court denied the motion
without prejudice because Gianelli had failed to exhaust his
administrative remedies.  It also noted that the defendant had
not shown that he suffers from any condition which would place
him at an increased risk of severe illness due to COVID-19, nor,
indeed, from any relevant medical condition.

In late December, 2020, Gianelli tested positive for COVID-
19 and was subsequently quarantined in an isolation unit
pursuant to Fort Dix protocol.  As a result, defense counsel
filed the pending renewed motion for compassionate release on
January 6, 2021.  The government opposes the motion because
1) defendant has reported no serious COVID-19-related symptoms

-2-

and is in recovery, 2) defendant suffers from no relevant
underlying health condition and 3) releasing defendant, who is
currently infected with the virus and may still be contagious,
would pose a serious risk to the community.

On January 14, 2021, this Court held a hearing on
defendant's motion after which it invited counsel to submit
within 24 hours supplemental information on 1) defendant's
current physical state of health, 2) the number of COVID-19
infections in the specific unit in which defendant is housed and
3) the assessment of risk to the defendant and to the community
if defendant is released under the current conditions.  The
Court has now received and considered the supplemental written
submissions of the parties.

## II.   __Motion for Compassionate Release__

### A. Legal Standard

A court may reduce a defendant's term of imprisonment
pursuant to 18 U.S.C. § 3582(c) only if, after considering the
factors set forth in § 3553(a), the Court finds that there are
"extraordinary and compelling reasons" warranting such a
reduction. § 3582(c)(1)(A)(i).  Such a modification may be made
upon a defendant's motion only after defendant has fully
exhausted his administrative remedies. § 3582(c)(1)(A).  Even if
all other requirements are satisfied, a court should grant a

motion for release only if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Gianelli is not entitled to a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because he has not demonstrated an "extraordinary and compelling" reason warranting his release.  Although Gianelli has tested positive for COVID-19, he has not established that such an occurrence alone demonstrates an "extraordinary and compelling" reason for his release.

First, there is no basis in the record to indicate that Gianelli is not receiving adequate medical care at FCI Fort Dix. Second, to date, he has apparently experienced no severe symptoms and suffers from no underlying health condition that would put him at an increased risk sufficient to warrant his early release.  He is, instead, reportedly near recovery which, as the government contends, essentially moots his argument for compassionate release.  See United States v. Minyetty et al., No. 20-cr-10004, Dkt. 86 (D. Mass. June 29, 2020) (testing positive for COVID-19 was insufficient to warrant pretrial release); United States v. Pierre, No. 19-cr-00082, 2020 WL 6785328, at *5-6 (E.D. Cal. Nov. 18, 2020 (denying a motion for compassionate release for a defendant with mild asthma and who

-4-

had seemingly recovered from asymptomatic COVID-19 at a facility
with an outbreak); see also United States v. Hartley, 2020 WL
4926146, at *3-4 (W.D.N.C. Aug. 21, 2020) ("Recovery from a
positive COVID-19 diagnosis, particularly where the inmate
suffered only minor symptoms, is not enough to show that
extraordinary and compelling circumstances warrant Defendant's
release"); United States v. Zahn, No. 18-cr-00150, 2020 WL
3035795, at *2 (N.D. Cal. June 6, 2020) ("[T]he immediate threat
to [defendant] has passed, fortunately with no serious
complications of any kind.  That is enough to find that he has
not proffered an extraordinary and compelling reason for release
under 18 U.S.C. § 3582(c)(1)(A)(i)").

In any event, transferring Gianelli from the recovery unit
within FCI Fort Dix to home confinement could pose a serious
risk to the community by facilitating the spread of the virus.
Such a transfer might well expose to unnecessary risk not only
his third-party custodian but also any FCI Fort Dix staff member
involved in the release process.

Although the Court remains concerned about the rate of
COVID-19 infections in FCI Fort Dix and is cognizant of the
dangers associated with COVID-19, defendant, fortunately,
appears to be recovering without serious repercussions.
Accordingly, this Court will deny defendant's renewed motion for

compassionate release but will do so without prejudice.  The
Court will, upon receipt of further information from the
parties, continue to monitor the situation.

**ORDER**

For the foregoing reasons, defendant's renewed motion for
compassionate release (Docket No. 1054) is **DENIED without
prejudice.**

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 15, 2021