United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) <br> ) <br> v. ) <br> ) <br> Arthur Gianelli, ) <br> ) <br> Defendant. ) <br> ) | Criminal Action No. <br> 05-10003-NMG-1 |

MEMORANDUM & ORDER

GORTON, J.

In light of the COVID-19 pandemic, defendant Arthur Gianelli ("Gianelli" or "defendant") moves for reconsideration of this Court's prior denials of his motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (See Docket Nos. 1053 & 1065). He is currently incarcerated at FCI Fort Dix in New Jersey ("Fort Dix") having been convicted of and sentenced for operating an extensive racketeering enterprise involved in illegal gambling, loansharking, money laundering, extortion and arson. His projected date of release is October 16, 2024.

I. **Background**

In early December, 2020, Gianelli filed with this Court a motion for compassionate release seeking to replace the remainder of his lengthy sentence with home confinement. He asserted, inter alia, that he is especially vulnerable to contracting a severe case of COVID-19 due to his age (63) and

-1-

his family history of diabetes, although he has never been diagnosed with the disease. This Court denied the motion without prejudice because Gianelli had failed to exhaust his administrative remedies. It also noted that the defendant had not shown that he suffers from any condition which would place him at an increased risk of severe illness due to COVID-19, nor, indeed, from any relevant medical condition.

Later that month, Gianelli tested positive for COVID-19 and was subsequently quarantined in an isolation unit pursuant to Fort Dix protocol. For those reasons, defense counsel filed a renewed motion for compassionate release in January, 2021. After holding a hearing on the matter to learn more about the physical condition of defendant and the situation at Fort Dix, this Court denied the renewed motion because Gianelli appeared to be receiving adequate medical care and was recovering without any serious complication.

In March, 2021, defense counsel filed the pending motion for reconsideration of those previous denials, alleging that defendant now experiences collateral consequences of COVID-19 and suffers from hypertension which places him at a higher risk for reinfection. Defendant also contends that the prior outbreaks of COVID-19 at Fort Dix and the balance of the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.

The government opposes the motion for several reasons, including that 1) defendant was offered but refused to accept the COVID-19 vaccine, 2) the conditions at Fort Dix have improved substantially and 3) defendant has failed to demonstrate that the medical treatment he is receiving is, in any way, inadequate.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Such a modification may be made upon a defendant's motion only after defendant has fully exhausted his administrative remedies. § 3582(c)(1)(A). Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

### B. Application

In his third attempt, Gianelli has, yet again, failed to demonstrate an "extraordinary and compelling" reason warranting his release. He has already contracted and recovered from COVID-19 without any serious complication and apparently continues to receive adequate medical care at Fort Dix relating

to the purported "collateral consequences" of that infection. See United States v. Pierre, No. 19-cr-00082, 2020 WL 6785328, at *6 (E.D. Cal. Nov. 18, 2020) (denying the defendant's motion for compassionate release because he recovered from COVID-19 without any complication and failed to show that the prison was unable to monitor or treat his medical condition).

Defendant insists that the conditions at Fort Dix with respect to COVID-19 continue to be out of control but there is no discernable indication that the facility currently poses a serious threat to prisoner safety. In fact, the Bureau of Prisons website reports currently that there is only one COVID-19 positive inmate at Fort Dix.[1] Moreover,

> [t]hat [Fort Dix] has dealt with significant outbreaks in the past . . . suggests to the Court that its mitigation efforts have improved over time and that the facility is safer now than it was before.

United States v. Young, No. 15-cr-10144, 2021 WL 847998, at *3 (D. Mass. Mar. 5, 2021).

Furthermore, the sincerity of defendant's expressed concern for his health and risk of reinfection is dubious given that he rejected the opportunity to receive the COVID-19 vaccine in March, 2021. See United States v. Greenlaw, No. 18-cr-00098, 2021 WL 1277958, at *6 (D. Me. Apr. 6, 2021) (collecting cases

---

[1] See COVID-19 Cases, Federal Bureau of Prisons (last visited April 8, 2021 at 3:20 P.M.), https://www.bop.gov/coronavirus/ (reporting one COVID-19 positive inmate at FCI Fort Dix).

of courts holding a defendant's vaccine refusal against his or her motion for compassionate release). Although defendant has the right to refuse medical treatment, this Court will not reward such refusal to protect himself with a get-out-of-jail card. See United States v. Zambrano, No. 18-cr-2002, 2021 U.S. Dist. LEXIS 12798, at *5 (N.D. Iowa Jan. 25, 2021) ("It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them.").

## ORDER

For the foregoing reasons, defendant's motion for reconsideration (Docket No. 1068) is **DENIED without prejudice**. **So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated April 9, 2021